UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN LENNARTSON, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>PAPA MURPHY'S HOLDINGS, INC.; and PAPA MURPHY'S INTERNATIONAL, L.L.C.,<br><br>                      Defendants. | No.<br><br>CLASS ACTION COMPLAINT<br><br>(JURY TRIAL DEMANDED) |

Plaintiff John Lennartson ("Plaintiff"), individually and on behalf of all other individuals and entities similarly situated, brings this class action complaint against Defendants Papa Murphy's Holdings, Inc. and Papa Murphy's International, LLC. (collectively referred to herein as "Defendants") for damages, injunctive relief, and any other available legal or equitable remedies, resulting from Defendants' contacting Plaintiff and Class members through SMS or "text" messages on Plaintiff's and Class members' cellular telephones, in violation of the Telephone Consumer Protection Act[1] ("TCPA"), thereby invading Plaintiff's and Class members' privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

---
[1] 47 U.S.C. §227 *et* seq.

CLASS ACTION COMPLAINT - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# I. INTRODUCTION

1. According to a recent study by the Pew Research Center, 69% of cellular users who use text messaging receive unwanted text message spam, and "[o]f those texters, 25% face problems with spam/unwanted texts at least weekly."[2] Plaintiff is one such person who regularly receives unwanted text messages.

2. To advertisers, text message advertising is a powerful and irresistible method of mass communication. At very minimal cost, a business can achieve targeted, immediate, and vast promotion of its brand and products. At the same time, text messages are uniquely intrusive. Each text message advertisement directs special importance to itself by causing a telephone to buzz or ring, and the advertisement is placed quite literally into the hands of a consumer. As Defendants have noted, "We find when we can get on their handsets, we can get their attention and really use it to drive traffic."[3]

3. As part of their effort to promote business, the Defendants market and promote their products and services through text message advertisements sent to cellular telephones of consumers throughout the nation. Defendants "have instructed [their] market to be as aggressive as possible with text [messaging]," stating, "we want people to act now with it."[4]

4. Defendants' practice caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies text message advertisements, but also because consumers frequently have to pay their cell phone service providers for the receipt of such spam, and such messages diminish battery life, waste data storage capacity, and are an intrusion upon privacy and seclusion.

5. In order to redress these injuries, Plaintiff, on behalf of himself and the proposed

---

[2] *See* http://www.pewinternet.org/2012/08/02/mobile-phone-problems/ (last visited May 4, 2015).

[3] Chantal Tode, *Papa Murphy's heats up revenue-driving SMS program with personalized messages*, Mobile Commerce Daily (Apr. 2, 2015), *available at* http://www.mobilecommercedaily.com/papa-murphys-heats-up-revenue-driving-sms-program-with-personalized-messages.

[4] Lauren Johnson, *Papa Murphy's expands SMS effort to 26 states*, Mobile Commerce Daily (Aug. 3, 2012), *available at* http://www.mobilecommercedaily .com/papa-murphy%E2%80%99s-furthers-sms-push-with-rollout-program-to-26-states

CLASS ACTION COMPLAINT- 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Class of similarly situated individuals described below, brings this suit under the TCPA, which specifically prohibits unpermitted voice and text calls to cell phones.

6. As will be discussed, Defendants have sent text messages to consumers without their prior express written consent to receive such text messages, and in a manner that violates the privacy rights of Plaintiff and members of the putative Class.

7. The TCPA was designed to prevent calls and messages like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff.

8. On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all unlawful text messages and an award of statutory damages to Class members, together with costs and reasonable attorney's fees.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 U.S.C. §1331 and 47 U.S.C. §227.

10. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in Washington, Defendants are registered to do business in Washington, and the acts alleged herein originated in this District.

11. Venue is proper in this District under 28. U.S.C §1391(b) because Defendants reside in this district and a substantial part of the events giving rise to the claim occurred and originated in this District.

## III. PARTIES

12. Plaintiff is an individual who resides in Plymouth, Minnesota.

13. Defendant Papa Murphy's Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware.

14. Defendant Papa Murphy's International, LLC is a Limited Liability Company organized and existing under the laws of the State of Delaware with its principle place of business at 8000 NE Parkway Dr. #350 Vancouver, WA.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

15. Defendants are the franchisors and operators of the largest Take 'N' Bake pizza chain in the United States. In all, as of December 2014, Defendants operate a total of 1,461 stores under their Papa Murphy's brand.

## IV. COMMON FACTUAL ALLEGATIONS

16. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to cheaply send bulk solicitations. One of the newest types of such bulk marketing is to advertise through Short Message Services.

17. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120 – 500 characters.

18. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

19. Unlike more conventional advertisements, unwanted SMS calls can actually cost their recipients money, because cell phone users more frequently pay their respective wireless service providers either for each text message call they receive or incur as usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

20. Text messages, or "SMS" calls, are "calls" within the context of the TCPA.

## V. PLAINTIFF'S FACTUAL ALLEGATIONS

21. On or about April 6, 2015, Plaintiff's cell phone rang, indicating that a text call was being received.

22. The "from" field of the transmission was identified as "90421," which is an abbreviated telephone number known as a SMS short code operated by Defendants and/or Defendants' agents. The body of this text message read as follows:

CLASS ACTION COMPLAINT- 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384



23. Plaintiff has received numerous, text message advertising from Defendants much like the one described above, in knowing violation of Plaintiff's privacy. Such additional text message advertising originated from the same 90421 short code and similarly promoted Defendants' products.[5]

24. Defendants sent or transmitted, or had sent or transmitted on their behalf, the same or substantially the same text messages en masse to a list of thousands of wireless telephone numbers using a computerized automatic telephone dialing system (also known as an "auto-dialer") as defined by the TCPA that stores telephone numbers from a database, or dials random or sequential numbers.

25. Indeed, Defendants have stated that "offers are blasted" based on its mobile database.[6]

26. Plaintiff did not provide prior express written consent to receive text message marketing from Defendants.

---

[5] A true and correct copy of some of the SMS text messages received by Plaintiff is attached hereto as Exhibit "A."

[6] Rimma Kats, *Papa Murphy's grows mobile database, pushes offers via SMS campaign*, Mobile Commerce Daily (Sept. 23, 2011), *available at* http://www.mobilecommercedaily.com/papa-murphy%E2%80%99s-grows-mobile-database-pushes-offers-via-sms-campaign.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

27. All members of the putative Class received similar messages that were sent en masse using an auto-dialer; the device Defendants used to send the aforesaid text messages had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

## VI. CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and as a class action under the provisions of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure. The proposed Class is defined as follows:

> All persons or entities in the United States and its Territories who received one or more text message advertisements from or on behalf of Defendants since October 16, 2013.

Plaintiff reserves the right to redefine the Class prior to class certification.

29. Excluded from the Class are Defendants, Defendants' officers, directors, and employees.

30. This action is properly maintainable as a class action. Members of the proposed Class are so numerous that their individual joinder is impracticable. The precise number of members is unknown to Plaintiff at this time, but is believed to be at least several thousand individuals. The true number of proposed members is, however, known by Defendants, and thus, Class members may be notified of the pendency of this action by first class mail, electronic, and published notice using information in Defendants' membership and marketing records.

31. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, and no unusual difficulties are likely to be encountered in the management of this class action. Additionally, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

32. Rule 23(a)(2) and Rule 23(b)(3) are both satisfied because there are questions of law and fact which are common to the Class and which predominate over questions affecting any

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

individual Class member. The common questions include, inter alia, the following:

    a.    whether Defendants violated the TCPA by sending unauthorized text messages to Plaintiff and members of the proposed Class;

    b.    whether the equipment Defendants used to send the text messages in question was an automatic telephone dialing system as defined by the TCPA;

    c.    whether such messages were sent to telephone numbers assigned to cellular telephones;

    d.    whether the means by which Defendants acquired class members' cellular phone numbers was in a written agreement, bearing the signature of the person called;

    e.    whether the means by which Defendants acquired class members' cellular phone numbers clearly and conspicuously informed class members they may receive advertisements or telemarketing messages by means of an automatic telephone dialing system;

    f.    whether the means by which Defendants acquired class members' cellular phone numbers clearly and conspicuously informed class members that they were not required to sign or enter into the agreement as a condition of purchasing any property, goods, or services;

    g.    whether Defendants' actions were willful.

    h.    whether Plaintiff and members of the proposed Class are entitled to statutory damages under the TCPA;

    i.    whether Plaintiff and members of the proposed Class are entitled to treble damages based on Defendants' knowing or willful conduct; and

    j.    whether Plaintiff and members of the proposed Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

33. Plaintiff's claims and the claims of members of the Class all derive from a common nucleus of operative facts. That is, irrespective of the individual circumstances of any Class member, liability in this matter will rise and fall with core issues related to Defendants' conduct.

34. Plaintiff's claims are typical of the claims of the Class members. Plaintiff has the same interest as all members of the Class in that the nature and character of the challenged conduct is the same.

35. Plaintiff will fairly and adequately represent and protect the interests of the Class.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiff's interests are entirely consistent with, and not antagonistic to, those of the other members of the Class. Plaintiff has retained competent counsel experienced in the prosecution of consumer and class action litigation.

36. Defendants have acted or refused to act on grounds generally applicable to the Class, making injunctive and declaratory relief appropriate with respect to the proposed Class as a whole.

## VII. CAUSE OF ACTION

### COUNT I
### (Violation of the Telephone Consumer Protection Act)

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. The TCPA states, in part:

> It shall be unlawful...(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…(iii) to any telephone number assigned to a…cellular telephone…

47 U.S.C. §227(b)(1).

39. The TCPA defines "telemarketing call," or "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of…goods, or services, which is transmitted to any person." 47 U.S.C. §227(a)(4).

40. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §227(a)(1).

41. Before sending a text message, the party sending the text message must obtain "prior express consent" from the called party. "Prior express consent" must:

- Be in the form of an agreement in writing, bearing the written or electronic signature of the person providing consent;

CLASS ACTION COMPLAINT- 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

- Specify the telephone number to which the person is consenting to be called;
- Clearly and conspicuously authorize the company to call the person using an auto-dialer system or prerecorded message for telemarketing purposes; and,
- Clearly and conspicuously disclose that consent is not a condition of purchasing goods or services.
- 27 F.R. §64.1200(f)(8).

42. Defendants made telephone solicitations, including, but not limited to, the text message depicted above, to the wireless telephone numbers of Plaintiff and members of the proposed Class.

43. The text messages sent to Plaintiff and the proposed Class members were sent using equipment that had the capacity to store telephone numbers retrieved from Defendants' database and to dial such numbers. The equipment can also be programmed to generate and dial random or sequential numbers. By using such equipment, Defendants were able to effectively send text messages simultaneously to thousands of wireless telephone numbers en masse without human intervention.

44. The text calls were made through the use of a short code dialing service and without the prior express written consent of Plaintiff and the proposed Class members.

45. Defendants' conduct in sending said text messages violates 47 U.S.C. §227(b)(1)(A)(iii).

46. As a result of Defendants' violation, the members of the Class suffered actual damages by, inter alia, having to pay their respective wireless carriers for the text messages where applicable and, under 47 U.S.C. §227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each violation of the TCPA, and up to $1,500.00 if Defendants' violation of the TCPA is determined to be knowing or willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. That the Court determine that this action may be maintained as a class action under

CLASS ACTION COMPLAINT- 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Rules 23(a), 23(b)(2), and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be certified as Class representative and Plaintiff's counsel be appointed as counsel for the Class;

B. That the unlawful conduct alleged herein be declared to be illegal and in violation of TCPA;

C. That Defendants be enjoined from engaging in the same or similar practices alleged herein;

D. That, pursuant to 47 U.S.C. §227(b)(3), Plaintiff and each Class member be awarded their monetary loss, or $500 in statutory damages for each and every violation, and an award up to $1,500 for each willful and knowing violation.

E. That judgment be entered against Defendants on behalf of Plaintiff and members of the Class;

F. That Plaintiff and members of the Class recover their costs of the suit, and attorneys' fees as allowed by law; and

G. For all other relief allowed by law and equity.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

DATED this 7th day of May, 2015.

KELLER ROHRBACK L.L.P.

By *s/Mark A. Griffin*
Mark A. Griffin, WSBA #16296
Karin B. Swope, WSBA #24015
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
Email: mgriffin@kellerrohrback.com
kswope@kellerrohrback.com

ZIMMERMAN REED, PLLP
J. Gordon Rudd, Jr. (MNSB # 222082)
1100 IDS Center
80 South 8th Street

CLASS ACTION COMPLAINT- 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612)341-0844
Email: Gordon.Rudd@zimmreed.com

Bradley C. Buhrow (CASB # 283791)
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Tel: (480) 348-6400
Fax: (480) 348-6415
Email: Brad.Buhrow@zimmreed.com

*Attorneys for Plaintiff*

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384