HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LENNARTSON,

    Plaintiff,

v.

PAPA MURPHY'S INTERNATIONAL LLC and PAPA MURPHY'S HOLDINGS INC.,

    Defendant.

CASE NO. C15-5307-RBL

ORDER RE MOTIONS

DKT. ## 82, 85, 88

THIS MATTER is before the Court on Defendants Papa Murphy's Holdings and Papa Murphy's International's Motion for Reconsideration [Dkt. #82], Plaintiff John Lennartson's Motion for Leave to Amend his Complaint [Dkt. #88], and the Parties' Joint LCR 37 Submission [Dkt. #85]. For approximately one year, the Court has allowed Papa Murphy's to avoid its discovery obligations by repeatedly granting its stay requests. Another dispute between the parties about relief from deadlines and discovery obligations—issues the parties should be able to work out amongst themselves—is before the Court.

## DISCUSSION

In May 2015, Lennartson sued Papa Murphy's for using an autodialer to text message him and his putative class members without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1). He defined the class as "[a]ll persons … who received one or more text message advertisements from or on behalf of [Papa Murphy's] since October 16, 2013." *See* Dkt. #1 (Complaint).

Three days before the parties participated in a Rule 26(f) conference to discuss discovery disclosures, Papa Murphy's moved for a stay of the case or summary judgment, arguing Lennartson had consented to receive promotional texts. Lennartson served his first requests for production and interrogatories a month later, and shortly thereafter, Papa Murphy's requested a stay of discovery pending the Court's decision on its motion. Lennartson begrudgingly agreed. *See* Dkt. #34 (Order on Stipulation Staying Discovery). The Court denied Papa Murphy's motion for summary judgment because it had failed to disclose its use of an autodialer to Lennartson. *See* Dkt. #40 (concluding the FCC requires telemarketers to disclose use of an autodialer when obtaining "express consent" to text promotions). It granted Papa Murphy's request for a stay, and over Lennartson's objection, continued to allow Papa Murphy's not to produce responsive discovery. *See* Dkt. #48 (Order Entering Statistical Stay).

Approximately six months later, the Court reopened this case and set new deadlines. Papa Murphy's asked for another stay, explaining that during the last one, it had petitioned the FCC for a waiver retroactively excusing its failure to disclose its use of an autodialer to those who had received its texts, and the FCC had yet to rule on its petition. It also wanted a stay pending the D.C. Circuit's review of the FCC's definition of an "autodialer." The Court denied Papa Murphy's motion at the end of August 2016.

1    The FCC ruled on Papa Murphy's petition on October 14, 2016. It waived Papa
2 Murphy's liability to those it had texted without adequate express consent before October 16,
3 2013. Papa Murphy's filed another motion for summary judgment, asking the Court to dismiss
4 Lennartson's complaint because he fell within this waiver; he registered to receive promotional
5 texts on March 2, 2012. The Friday afternoon before his response was due Lennartson moved to
6 request relief from his deadline. He asked the Court to move his response deadline to 30 days
7 after (1) he appealed the FCC's grant of a waiver, which he had to file before December 14,
8 2016; (2) the Court ruled on his yet-to-be filed motion to amend his complaint to join plaintiffs
9 who had registered to receive texts after October 16, 2013, which the Court's scheduling order
10 required him to do by November 18, 2016; and (3) Papa Murphy's produced all outstanding
11 discovery owed to him.

12    The Court granted Lennartson's motion [Dkt. #81], which Papa Murphy's now asks the
13 Court to reconsider [Dkt. #82]. Papa Murphy's argues (1) the Court mistakenly granted
14 Lennartson's proposed order, which enlarged his response deadline beyond the period of relief
15 he requested within his motion by extending it until after a final determination of his appeal takes
16 place. (2) Papa Murphy's also argues that because the FCC's order is enforceable, Lennartson's
17 claims are moot, and he should not be able to escape dismissal by amending his complaint before
18 the Court rules on Papa Murphy's summary judgment motion. (3) Finally, Papa Murphy's asks
19 the Court to reconsider its requirement that Papa Murphy's submit all outstanding discovery
20 before Lennartson must respond because he failed to identify which specific facts he needs to
21 oppose Papa Murphy's motion. Instead, it asks the Court to stay all discovery until it decides
22 Papa Murphy's motion. *See* Dkt. #85 (Motion for Protective Order in Joint LCR 37 Submission).

The Court considers these questions, tangled within Papa Murphy's Motion for Reconsideration, Lennartson's Motion to Amend, and the Parties' Joint LCR 37 Submission: (1) Did Lennartson's proposed order, accepted by the Court, expand his requested relief beyond that requested in his motion? (2) Should the Court grant Lennartson leave to amend his complaint, and should it continue to delay consideration of Papa Murphy's motion for summary judgment in the interim? (3) Must Papa Murphy's produce all outstanding discovery owed to Lennartson before the Court rules on Papa Murphy's motion, or is a stay of all discovery pending resolution of the motion more appropriate? Should the Court sanction Papa Murphy's for bringing its protective order?

First, Lennartson's proposed order did not mirror the relief he requested in his motion for suspension of his response deadline. Lennartson asked the Court for an additional thirty days after he *petitioned* the FCC for reconsideration of its waiver. *See* Dkt. #79 at 6 (Reply) ("Plaintiff simply requests the Court defer consideration of the summary judgment motion until it files its petition for reconsideration and appeal, and files its motion to join parties.") But, his proposed order suspended his response deadline until "there is a *final determination* of any appeal of the FCC Order." *See* Dkt. #75, Ex. 1 (Proposed Order); *see also* Dkt. #81 (Order Granting Relief).

Motions for reconsideration are disfavored. The Court will ordinarily deny them absent a showing of new legal authority or facts that could not have been brought to its attention earlier with reasonable diligence or a showing of manifest error in the prior ruling. *See* Local Rule W.D. Wash. CR 7(h)(1). "Manifest error" is a plain and indisputable error amounting to a complete disregard of the controlling law or the credible evidence in the record. *See* Black's Law Dictionary 622 (9th ed. 2009). The Court will not grant a motion for reconsideration until it has afforded the non-moving party an opportunity to file a response. *See* Local Rule CR 7(h)(3).

In this instance, it appears Papa Murphy's fairly brought its motion for reconsideration. Papa Murphy's has made a *prima facie* showing that by accepting Lennartson's proposed order the Court granted him more relief than he sought, though likely intended to seek. A suspension only until he appealed the FCC's waiver would hardly affect the status of his claims, but that is the relief he requested within his motion. Lennartson is therefore INVITED to clarify the relief he seeks and why within fourteen days.

Second, Lennartson seeks leave to amend his complaint to join parties who enrolled in Papa Murphy's text messaging program after October 16, 2013 and to assert claims under the Washington State Consumer Protection Act, RCW § 19.190.060 *et seq*. He wants to add Rita Andrews, Cassie Asleson, and Susan Shay Nohr. Andrews and Asleson enrolled in Papa Murphy's program after October 16, 2013, and Asleson and Nohr are Washington residents. Papa Murphy's argues that because the FCC waiver eliminates Lennartson's claim, which the Court may judicially notice in Papa Murphy's summary judgment briefing, it should dismiss his case rather than permit him to join additional parties.

A court should grant leave to amend if justice so requires. *See* Fed. R. Civ. Pro. 15(a)(2). It should do so with "extreme liberality." *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012). It may decline granting leave to amend "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

1048, 1052 (9th Cir. 2003). "[T]he non-moving party bears the burden of persuading the court that leave should not be granted." *Dri-Eaz Prod., Inc. v. Allen*, No. C12-1638-RSM, 2013 WL 3814361, at *1 (W.D. Wash. July 22, 2013) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987)).

The first few factors weigh for Lennartson. This is his first request for amendment, he moved within the time period for joining parties, and there is no prejudice to Papa Murphy's because he never limited his putative class to only those who registered before October 16, 2013. Lennartson defined his class as "[a]ll persons … who received one or more text message advertisements from or on behalf of [Papa Murphy's] since October 16, 2013." *See* Dkt. #1 (Complaint). "All persons" can include those who registered for Papa Murphy's program before and/or after October 16, 2013.

Papa Murphy's focuses on futility. It argues that under *Sze v. I.N.S.*, 153 F.3d 1005, 1010 (9th Cir. 1998), Lennartson may not seek leave to add additional parties, absent a showing of prejudice to them, because the FCC's waiver moots his claim. It alleges dismissing Lennartson's claim and denying him leave to amend will not prejudice Andrews, Asleson, and Nohr because the statute of limitations on their TCPA claim has not run, and they could not have reasonably relied on Lennartson, a non-Washington resident, to assert their Washington state law claims. Papa Murphy's also argues Lennartson's proposed amended complaint is insufficient because it continues to assert his claims, on which the Court can no longer grant relief. It suggests Andrews, Asleson, and Nohr should bring their own action.

The Ninth Circuit concluded in *Sze* that it lacked jurisdiction to consider plaintiff's appeal of summary judgment in INS's favor because plaintiffs had all been naturalized, mooting their claims. *See id.* at 1008. Here, all requirements for Article III jurisdiction continue to exist.

1   While Papa Murphy's is likely correct that the FCC's waiver moots Lennartson's claim, this is a

2   question for the Court, not the FCC or Papa Murphy's. The Court will decide whether the waiver

3   mooted Lennartson's claim when it also has the benefit of Lennartson's response to Papa

4   Murphy's summary judgment motion. In the meantime, the Court is not stripped of jurisdiction.

5          It is not futile for Lennartson to join parties and to plead their Washington state law

6   claims, especially when two registered for Papa Murphy's program after October 16, 2013, and

7   two are Washington residents. Because justice requires the Court GRANT Lennartston leave to

8   amend his complaint, Papa Murphy's is DENIED reconsideration [Dkt. #81] on this issue.

9          Third, the Parties' Joint LCR 37 Submission includes Papa Murphy's motion for a

10  protective order and Lennartson's motion for sanctions. Papa Murphy's asks the Court to reverse

11  course by staying discovery until it considers Papa Murphy's summary judgment motion, instead

12  of requiring Papa Murphy's to produce all outstanding discovery before considering its motion.

13  Lennartson alleges Papa Murphy's has yet to produce any discovery from its own business

14  records. He argues he cannot effectively respond to Papa Murphy's motion until he receives

15  discovery on whether the FCC's express consent requirements confused Papa Murphy's and

16  whether Papa Murphy's complied with those requirements after October 13, 2016. Papa

17  Murphy's argues discovery of these facts will not affect Lennartson's claims or defenses because

18  they will not change the fact that he falls within the waived time period.

19         Papa Murphy's has avoided its discovery obligations for over a year. Its filing of a partial

20  summary judgment motion does not necessitate issuance of another stay. It's Motion for a

21  Protective Order [Dkt. #85] is DENIED; however, Papa Murphy's has shown that the discovery

22  Lennartson requests may not be relevant to his claims or defenses on this limited summary

23  judgment motion. He is INVITED to respond within fourteen days to Papa Murphy's motion for

24

reconsideration on whether the Court should amend its order suspending his summary judgment response deadline from thirty days after Papa Murphy's produces all outstanding discovery.

Lennartson asks for the fees and costs required to oppose Papa Murphy's motion for a protective order. Papa Murphy's motion came before the Court while Papa Murphy's motion for reconsideration was still pending, and before Lennartson had filed his motion to join additional plaintiffs. At that juncture, Papa Murphy's had a reasonable belief that the Court would reconsider its hastily granted motion suspending Lennartson's deadlines in Papa Murphy's favor, potentially leading the Court shortly thereafter to dismiss Lennartson's claims as moot and to dispose of the case in its entirety. Papa Murphy's was therefore justified in asking the Court to excuse it from its discovery obligations. The Court DENIES Lennartson's motion for sanctions.

**CONCLUSION**

Papa Murphy's initiated the game of "let's stay discovery while we wait and see." It now seeks to play by a different set of rules. Lennartson cries "foul," but has benefited from this tactic himself. The Court ORDERS:

Lennartson's Motion for Leave to Amend his Complaint [Dkt. #88] is GRANTED. On this point, Papa Murphy's Motion for Reconsideration [Dkt. #82] of the Court's Order [Dkt. #81] suspending Lennartson's summary judgment response deadline is DENIED.

But, Lennartson is INVITED to respond within fourteen days to Papa Murphy's motion [Dkt. #82] on two other points: (1) Lennartson may clarify and explain whether he wants his response deadline suspended until "thirty days have passed from the date he appealed the FCC's order" or until "thirty days have passed from a final adjudication of his appeal." (2) He may also address whether the Court should omit his "thirty days after Papa Murphy's produces all

outstanding discovery" deadline, or whether it should specify which discovery Papa Murphy's must produce before it will consider Papa Murphy's pending summary judgment motion.

Papa Murphy's Motion for a Protective Order [Dkt. #85] is DENIED.

Lennartson's Motion for Sanctions [Dkt. #85] is DENIED.

Dated the 6th day of January, 2017.

_____
Ronald B. Leighton
United States District Judge

DKT. ## 82, 85, 88 - 9