The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JOHN LENNARTSON, RITA ANDREWS,
CASSIE ASLESON, SUSAN SHAY NOHR,
on behalf of themselves and all others similarly
situated,

                                        Plaintiffs,

        v.

PAPA MURPHY'S HOLDINGS, INC.; and
PAPA MURPHY'S INTERNATIONAL,
L.L.C.,

                                        Defendants.

No. C15-5307RBL

FIRST AMENDED CLASS ACTION
COMPLAINT

(JURY TRIAL DEMANDED)

Plaintiffs John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr
(collectively, "Plaintiffs"), individually and on behalf of all other individuals and entities similarly
situated, bring this class action complaint against Defendants Papa Murphy's Holdings, Inc. and
Papa Murphy's International, L.L.C. (collectively referred to herein as "Defendants") for damages,
injunctive relief, and any other available legal or equitable remedies, resulting from Defendants
contacting Plaintiffs and the proposed Class members through SMS or "text" messages on
Plaintiffs and Class members' cell phones, in violation of the Telephone Consumer Protection Act[1]
("TCPA"), Washington State Commercial Electronic Mail Act ("CEMA"),[2] and Washington

---

[1] 47 U.S.C. § 227 *et* seq.

[2] RCW § 19.190.060 *et seq.*

FIRST AMENDED CLASS ACTION COMPLAINT - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Consumer Protection Act ("CPA"),[3] thereby invading Plaintiffs and Class members' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## I.    INTRODUCTION

1.    According to a recent study by the Pew Research Center, 69% of cell phone users who use text messaging receive unwanted text message spam, and "[o]f those texters, 25% face problems with spam/unwanted texts at least weekly."[4]  Plaintiffs are such persons who regularly received unwanted text messages.

2.    To advertisers, text message advertising is a powerful and irresistible method of mass communication. At very minimal cost, a business can achieve targeted, immediate, and vast promotion of its brand and products. At the same time, text messages are uniquely intrusive. Each text message advertisement directs special importance to itself by causing a phone to buzz or ring, and the advertisement is placed quite literally into the hands of a consumer. As Defendants have noted, "We find when we can get on their handsets, we can get their attention and really use it to drive traffic."[5]

3.    As part of their effort to promote business, Defendants market and promote their products and services through text message advertisements sent to cell phones of consumers throughout the nation.  Defendants "have instructed [their] market to be as aggressive as possible with text [messaging]," stating, "we want people to act now with it."[6]

4.    Defendants' practice caused consumers actual harm, not only because consumers

---

[3] RCW § 19.86 *et seq.*

[4] *See* http://www.pewinternet.org/2012/08/02/mobile-phone-problems/ (last visited May 4, 2015).

[5] Chantal Tode, *Papa Murphy's heats up revenue-driving SMS program with personalized messages*, Mobile Commerce Daily (Apr. 2, 2015), *available at* http://www.mobilecommercedaily.com/papa-murphys-heats-up-revenue-driving-sms-program-with-personalized-messages.

[6] Lauren Johnson, *Papa Murphy's expands SMS effort to 26 states*, Mobile Commerce Daily (Aug. 3, 2012), http://www.mobilecommercedaily.com/papa-murphy%e2%80%99s-furthers-sms-push-with-rollout-program-to-26-states

FIRST AMENDED CLASS ACTION COMPLAINT- 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

were subjected to the aggravation that necessarily accompanies text message advertisements, but also because consumers frequently have to pay their cell phone service providers for the receipt of such spam, and such messages diminish battery life, waste data storage capacity, and are an intrusion upon privacy and seclusion.

5.      In order to redress these injuries, Plaintiffs, on behalf of themselves and the proposed Classes of similarly situated individuals described below, bring this suit under the TCPA, which specifically prohibits unpermitted voice and text calls to cell phones.

6.      As will be discussed, Defendants have sent text messages to consumers without their prior express written consent to receive such text messages, and in a manner that violates the privacy rights of Plaintiffs and members of the proposed Classes.

7.      The TCPA was designed to prevent calls and messages like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiffs.

8.      On behalf of the Classes, Plaintiffs seek an injunction requiring Defendants to cease all unlawful text messages and an award of statutory damages to the proposed Class members, together with costs and reasonable attorney's fees.

## II.      JURISDICTION AND VENUE

9.      This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d) because (a) at least one member of the Class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

10.      This Court also has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

11.      This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in Washington, Defendants are registered to do business in Washington, and the acts alleged herein originated in this District.

FIRST AMENDED CLASS ACTION COMPLAINT- 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

12.     Venue is proper in this District under 28 U.S.C § 1391(b) because Defendants reside in this district and a substantial part of the events giving rise to the claim occurred and originated in this District.

### III.     PARTIES

13.     Plaintiff John Lennartson is an individual who resides in Plymouth, Minnesota.

14.     Plaintiff Rita Andrews is an individual who resides in Yuba City, California.

15.     Plaintiff Cassie Asleson is an individual who resides in Camas, Washington.

16.     Plaintiff Susan Shay Nohr is an individual who resides in Redmond, Washington.

17.     Defendant Papa Murphy's Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware.

18.     Defendant Papa Murphy's International, L.L.C. is a Limited Liability Company organized and existing under the laws of the State of Delaware with its principle place of business at 8000 NE Parkway Dr. #350 Vancouver, WA.

19.     Defendants are the franchisors and operators of the largest Take 'N' Bake pizza chain in the United States. In all, as of December 2014, Defendants operate a total of 1,461 stores under their Papa Murphy's brand.

### IV.     COMMON FACTUAL ALLEGATIONS

20.     In recent years, marketers who often have felt stymied by federal laws limiting solicitation by phone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to cheaply send bulk solicitations. One of the newest types of such bulk marketing is to advertise through Short Message Services.

21.     The term "Short Message Service" or "SMS" describes a messaging system that allows cell phone subscribers to use their cell phones to send and receive short text messages, usually limited to 120 – 500 characters.

22.     An "SMS message" is a text message call directed to a wireless device through the use of the phone number assigned to the device. When an SMS message call is successfully made,

FIRST AMENDED CLASS ACTION COMPLAINT- 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  the recipient's cell phone rings, alerting him or her that a call is being received.

2    23. Unlike more conventional advertisements, unwanted SMS calls can actually cost

3  their recipients money, because cell phone users more frequently pay their respective wireless

4  service providers either for each text message call they receive or incur as usage allocation

5  deduction to their text plan, regardless of whether or not the message is authorized.

6    24. Text messages, or "SMS" calls, are "calls" within the context of the TCPA.

7     **V. PLAINTIFFS' FACTUAL ALLEGATIONS**

8    25. On or about April 6, 2015, Plaintiff Lennartson's cell phone rang, indicating that a

9  text call was being received.

10    26. The "from" field of the transmission was identified as "90421," which is an

11  abbreviated telephone number known as a SMS short code operated by Defendants and/or

12  Defendants' agents. The body of this text message read as follows:

13

14

15

16  

17

18

19

20

21

22

23

24    27. Plaintiff Lennartson has received numerous, text message advertisements from

25  Defendants much like the one described above, in knowing violation of his privacy and the TCPA.

26  Such additional text message advertising originated from the same 90421 short code and similarly

FIRST AMENDED CLASS ACTION COMPLAINT- 5

promoted Defendants' products.[7]

28.      Plaintiff Lennartson received at least 26 such text message advertisements, eight of which were received after the original Complaint in this action was served on Defendants.

29.      Plaintiff Andrews received numerous text message advertisements from Defendants much like the one sent to Plaintiff Lennartson described above, in knowing violation of Plaintiff Andrews's privacy and the TCPA. Such text messages promoted Defendants' products. Defendants obtained Plaintiff Andrews' phone number and began transmitting text message advertisements after October 16, 2013.

30.      Plaintiff Asleson received numerous text message advertisements from Defendants much like the one sent to Plaintiff Lennartson described above, in knowing violation of Plaintiff Asleson's privacy and the TCPA. Such text messages promoted Defendants' products. Defendants obtained Plaintiff Asleson's phone number and began transmitting text message advertisements after October 16, 2013.

31.      Plaintiff Nohr received numerous text message advertisements from Defendants much like the one sent to Plaintiff Lennartson described above, in knowing violation of Plaintiff Nohr's privacy and the TCPA. Such text messages promoted Defendants' products.

32.      Defendants sent or transmitted, or had sent or transmitted on their behalf, the same or substantially the same text messages en masse to a list of thousands of cell phone numbers using a computerized automatic telephone dialing system (also known as an "autodialer") as defined by the TCPA that stores telephone numbers from a database, or dials random or sequential numbers.

33.      Indeed, Defendants have stated that "offers are blasted" based on its mobile database.[8]

34.      Plaintiffs did not provide prior express written consent to receive text message

---

[7] A true and correct copy of some of the SMS text messages received by Plaintiff Lennartson is attached hereto as Exhibit "A."

[8] Rimma Kats, *Papa Murphy's grows mobile database, pushes offers via SMS campaign*, Mobile Commerce Daily (Sept. 23, 2011), http://www.mobilecommercedaily.com/papa-murphy%E2%80%99s-grows-mobile-database-pushes-offers-via-sms-campaign.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

marketing from Defendants.

35.    All members of the putative Classes received similar messages that were sent en masse using an autodialer; the device Defendants used to send the aforesaid text messages had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

36.    Plaintiffs and the Class members have been injured by Defendants' unlawful text messages. Defendants' text messages deprived Plaintiffs and Class members' use of their cell phones for a period of time. While the unlawful text messages were in progress, Defendants trespassed upon Plaintiffs and Class members' right to use their property without interference. For example, during this time, Plaintiffs and Class members could not place/send outgoing calls/texts or receive other incoming calls/texts.

37.    Defendants' conduct injured Plaintiffs and Class members because their privacy has been violated, and they were subject to annoying and harassing text messages that constituted a nuisance. Defendants' text messages intruded upon the rights of Plaintiffs and Class members to be free from invasion of their interest in seclusion.

38.    Defendants' conduct injured Plaintiffs and Class members because they wasted time viewing or otherwise addressing the unwanted text messages, and caused the risk of personal injury.

39.    Defendants' text messages caused economic harm to certain Class members by requiring them to pay their cell phone providers either for each text message or incurring a usage allocation deduction to their cell phone plan.

## VI.    CLASS ACTION ALLEGATIONS

40.    Plaintiffs bring this action on behalf of themselves and, under the provisions of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, as a class action on behalf of the following "National Class":

All persons or entities in the United States and its Territories who received one or

FIRST AMENDED CLASS ACTION COMPLAINT- 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

more text message advertisements from or on behalf of Defendants between October 16, 2013, and June 15, 2015.

Plaintiffs reserve the right to redefine the National Class prior to class certification.

41.     Plaintiff Asleson and Plaintiff Nohr also bring this action on behalf of themselves and, under the provisions of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, as a class action on behalf of the following sub-class (the "Washington Class"):

All persons or entities in Washington who received one or more text message advertisements from or on behalf of Defendants between October 16, 2013, and June 15, 2015.

Plaintiffs reserve the right to redefine the Washington Class prior to certification.

42.     Excluded from the National Class and Washington Class are Defendants and their affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any trial judge who may preside over the case. Collectively, members of the National Class and Washington Class are referred to as "Class members."

43.     This action is properly maintainable as a class action. Members of the proposed Classes are so numerous that their individual joinder is impracticable. The precise number of members is unknown to Plaintiffs at this time, but is believed to be at least several thousand individuals. The true number of proposed members is, however, known by Defendants, and thus, Class members may be notified of the pendency of this action by first class mail, electronic, and published notice using information in Defendants' membership and marketing records.

44.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, and no unusual difficulties are likely to be encountered in the management of this class action. Additionally, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

45.     Rule 23(a)(2) and Rule 23(b)(3) are both satisfied because there are questions of law and fact which are common to the Classes and which predominate over questions affecting any individual Class member. The common questions include, inter alia, the following:

FIRST AMENDED CLASS ACTION COMPLAINT- 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

a.    whether Defendants violated the TCPA by sending unauthorized text messages to Plaintiffs and members of the proposed Classes;

b.    whether the equipment Defendants used to send the text messages in question was an automatic telephone dialing system as defined by the TCPA;

c.    whether such messages were sent to telephone numbers assigned to cell phones;

d.    whether the means by which Defendants acquired Class members' cell phone numbers was in a written agreement, bearing the signature of the person called;

e.    whether the means by which Defendants acquired Class members' cell phone numbers clearly and conspicuously informed Class members they may receive advertisements or telemarketing messages by means of an automatic telephone dialing system;

f.    whether the means by which Defendants acquired Class members' cell phone numbers clearly and conspicuously informed Class members that they were not required to sign or enter into the agreement as a condition of purchasing any property, goods, or services;

g.    whether Defendants violated the CEMA and Washington state CPA (for members of the Washington Class);

h.    whether Defendants' actions were intentional, knowing, and willful;

i.    whether Plaintiffs and members of the proposed Classes are entitled to statutory damages under the TCPA;

j.    whether Plaintiffs and members of the proposed Classes are entitled to treble damages based on Defendants' conduct;

k.    whether Plaintiffs and members of the proposed Classes are entitled to equitable relief, including but not limited to injunctive relief, declaratory relief, and restitution; and

l.    whether Plaintiffs and the proposed Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

46.    Plaintiffs' claims and the claims of the proposed Class members all derive from a common nucleus of operative facts. That is, irrespective of the individual circumstances of any proposed Class member, liability in this matter will rise and fall with core issues related to Defendants' conduct.

FIRST AMENDED CLASS ACTION COMPLAINT- 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

47.     Plaintiffs' claims are typical of the claims of the proposed Class members. Plaintiffs have the same interest as all proposed Class members in that the nature and character of the challenged conduct is the same.

48.     Plaintiffs will fairly and adequately represent and protect the interests of the Classes. Plaintiffs' interests are entirely consistent with, and not antagonistic to, those of the other proposed Class members. Plaintiff have retained competent counsel experienced in the prosecution of consumer and class action litigation.

49.     Defendants have acted or refused to act on grounds generally applicable to the Classes, making injunctive and declaratory relief appropriate with respect to the proposed Classes as a whole.

## VII.    CAUSES OF ACTION

### COUNT I
### Violation of the Telephone Consumer Protection Act
### (on behalf of Plaintiffs and the National Class)

50.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

51.     The TCPA states, in part:

> It shall be unlawful...(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...(iii) to any telephone number assigned to a...cellular telephone...

47 U.S.C. § 227(b)(1).

52.     The TCPA defines "telemarketing call," or "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of...goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

53.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or

FIRST AMENDED CLASS ACTION COMPLAINT- 10

1   sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

2   54.   The Federal Communications Commission's regulations implementing the TCPA

3   provide that telephone solicitations cannot be made to a recipient without the recipient's "prior

4   express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47

5   C.F.R. § 64.1200(a)(2).

6   55.   The term "prior express written consent" as defined by the Code of Federal

7   Regulations means "an agreement, in writing, bearing the signature of the person called that clearly

8   authorizes the seller to deliver or cause to be delivered to the person called advertisements or

9   telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded

10  voice, and the telephone number to which the signatory authorizes such advertisements or

11  telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

12  56.   The TCPA provides for a private right of action and statutory damages of at least

13  $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

14  57.   Defendants made phone solicitations, including, but not limited to, the text

15  messages discussed above, to the wireless phone numbers of Plaintiffs and proposed Class

16  members.

17  58.   Upon information and belief, Defendants used an automatic telephone dialing

18  system to send text messages to the cell phones of Plaintiffs and Class members. The text messages

19  were sent using equipment that had the capacity to store phone numbers retrieved from

20  Defendants' database and to dial such numbers. The equipment can also be programmed to

21  generate and dial random or sequential numbers. By using such equipment, Defendants were able

22  to effectively send text messages simultaneously to thousands of wireless phone numbers en masse

23  without human intervention.

24  59.   The text calls were made through the use of a short code dialing service and without

25  the prior express written consent of Plaintiffs and the proposed Class members.

26  60.   Defendants knew or should have known that Plaintiffs and the proposed Class

FIRST AMENDED CLASS ACTION COMPLAINT- 11

members did not provide their prior express written consent to receive such text messages on their cell phones.

61.     Defendants' conduct in sending said text messages violates 47 U.S.C. § 227(b)(1)(A)(iii).

62.     As a result of Defendants' violation, the members of the Classes suffered actual damages by, inter alia, having to pay their respective wireless carriers for the text messages where applicable and, suffering invasion of privacy, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each violation of the TCPA, and up to $1,500.00 if Defendants' violation of the TCPA is determined to be knowing or willful.

## COUNT II
### Violation of the Washington Consumer Protection Act
### (on behalf of Plaintiff Asleson, Plaintiff Nohr, and the Washington Class)

63.     Plaintiff Asleson and Plaintiff Nohr incorporates all preceding paragraphs as if fully set forth herein.

64.     The Washington State Commercial Electronic Mail Act ("CEMA") provides, in relevant part:

> No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

Wash. Rev. Code Ann. § 19.190.060(1).

65.     At all times material herein, Plaintiff Asleson and Plaintiff Nohr have been entitled to the rights, protections, and benefits provided under CEMA and related Washington statutes.

66.     Defendants regularly conduct business in the state of Washington, including but not limited to making text solicitations to Washington state residents.

67.     Defendants initiate electronic commercial texts messages to phone numbers assigned to Washington residents.

68.     On at least two occasions, Defendants initiated an electronic commercial text

FIRST AMENDED CLASS ACTION COMPLAINT- 12

message to Plaintiff Asleson's cell phone number, which is a telephone number assigned to a Washington resident.

69.     On at least four occasions, Defendants initiated an electronic commercial text message to Plaintiff Nohr's cell phone number, which is a telephone number assigned to a Washington resident.

70.     Plaintiff Asleson and Plaintiff Nohr's cell phones are equipped with short message capability and can receive and transmit text messages.

71.     Pursuant to RCW § 19.190.090, in addition to other relief requested below, Plaintiff Asleson and Plaintiff Nohr seek an order enjoining Defendants from further violating RCW § 19.190.060.

**COUNT III**
**Violation of the Washington Consumer Protection Act**
**(on behalf of Plaintiff Asleson, Plaintiff Nohr, and the Washington Class)**

72.     Plaintiff Asleson and Plaintiff Nohr incorporate all preceding paragraphs as if fully set forth herein.

73.     At all times material herein, Plaintiff Asleson and Plaintiff Nohr have been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act and related Washington statutes.

74.     Defendants' practice of transmitting electronic commercial text messages to Plaintiff Asleson and Plaintiff Nohr's cell phone is a violation of RCW 19.190.060. This violation, by law, is a per se violation of Washington's Consumer Protection Act, RCW 19.86.010, *et seq.*

75.     Defendants' practice of transmitting electronic commercial text messages to Plaintiff Asleson and Plaintiff Nohr's cell phones without their consent is also an unfair and/or deceptive practice.

76.     Defendants' practice of transmitting electronic commercial text messages to Plaintiff Asleson and Plaintiff Nohr's cell phone is conduct that affects the public interest and is

FIRST AMENDED CLASS ACTION COMPLAINT- 13

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  an unfair or deceptive act in trade or commerce and an unfair method of competition for the

2  purpose of applying the Consumer Protection Act, RCW 19.86.010, *et seq.*

3      77.     Defendants conducted these practices in the scope of their trade and in furtherance

4  of the development and preservation of such business services.

5      78.     Defendants' violations of the Consumer Protection Act are intentional, willful, and

6  subject to treble damages under RCW 19.86.010, *et seq.*

7      79.     Plaintiff Asleson and Plaintiff Nohr have suffered injuries, including injuries to

8  their business and/or property, as a direct result of Defendants' numerous violations of RCW

9  19.86.010 *et seq.*

10      80.     Defendants' practices have caused and, if unabated, will continue to cause

11  incidents, occurrences, and conduct which violate RCW 19.86.010 *et seq.*, and 19.190.010 *et seq.*

12      81.     Plaintiff Asleson and Plaintiff Nohr is entitled to recover damages for each of the

13  Defendants' violations of RCW 19.86.010 *et seq.*

14      82.     Plaintiff Asleson and Plaintiff Nohr are further entitled to recover damages for each

15  of the Defendants' violations under RCW 19.190.010 *et seq.*, in amounts set forth by law and

16  otherwise in accord with proof to be provided at trial.

17      83.     Plaintiff Asleson and Plaintiff Nohr will continue to be damaged if Defendants are

18  not compelled to cease and desist their unlawful conduct and their unfair, deceptive, and unlawful

19  practices.

20      84.     Plaintiff Asleson and Plaintiff Nohr are further entitled to all attorneys' fees, costs,

21  and treble damages as allowed by RCW 19.86.010 *et seq.*, and as otherwise permitted by law.

22                              **PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiffs pray for relief as follows:

24      A.     That the Court determine that this action may be maintained as a class action under

25  Rules 23(a), 23(b)(2), and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiffs be certified

26  as Class representatives and Plaintiffs' counsel be appointed as counsel for the Classes;

FIRST AMENDED CLASS ACTION COMPLAINT- 14

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

B.      That the unlawful conduct alleged herein be declared to be illegal and in violation of the TCPA, CEMA, and CPA;

C.      That Defendants be enjoined from engaging in the same or similar practices alleged herein;

D.      That, pursuant to 47 U.S.C. § 227(b)(3), Plaintiffs and each Class member be awarded their monetary loss, or $500 in statutory damages for each and every violation, and an award up to $1,500 for each willful and knowing violation.

E.      That judgment be entered against Defendants on behalf of Plaintiffs and members of the Classes;

F.      That Plaintiffs and members of the Classes recover their costs of the suit, and attorneys' fees as allowed by law; and

G.      For all other relief allowed by law and equity.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

DATED this 9th day of January, 2017.


KELLER ROHRBACK L.L.P.


By *s/Karin B. Swope*
  Mark A. Griffin, WSBA #16296
  Karin B. Swope, WSBA #24015
  1201 Third Avenue, Suite 3200
  Seattle, WA  98101
  Tel: (206) 623-1900
  Fax: (206) 623-3384
  Email: mgriffin@kellerrohrback.com
      kswope@kellerrohrback.com

  ZIMMERMAN REED, LLP
  June P. Hoidal, MNSB #033330X
  Behdad C. Sadeghi, MNSB #393374
  1100 IDS Center
  80 South 8th Street
  Minneapolis, MN  55402

FIRST AMENDED CLASS ACTION COMPLAINT- 15

1

Tel: (612) 341-0400
Fax: (612)341-0844
Email: June.Hoidal@zimmreed.com
Email: Behdad.Sadeghi@zimmreed.com

2

3

4

*Attorneys for Plaintiffs*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED CLASS ACTION COMPLAINT- 16

1

**CERTIFICATE OF SERVICE**

2
　　　I hereby certify that on this 9th day of January, 2017, I electronically filed the foregoing

3
with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

4
to all counsel of record.

5
<u>*s/Karin B. Swope*</u>

6
Karin B. Swope, WSBA #24015

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED CLASS ACTION COMPLAINT- 17

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# EXHIBIT A

●●●○○ Verizon  LTE   2:49 PM   29% ▮

‹ Messages (1) **904-21**   Details

Text Message
Mon, Apr 6, 10:09 AM

Papa Murphy's: Today only 4/6/15
A Big Deal for the Big Game!
Get a $10 Lg 5-Meat Stuffed Pizza
Valid@participating Stores.
Msg&DataRatesMayApply. STOP to end.

Wed, Apr 15, 10:28 AM

Papa Murphy's: Tax Day Special! 1 Lg 1-top Fresh Pan + 1 Lg FAVES Pizza, just $10.40! 4/15/15 only. Lmt 3 bit.ly/1yaUQFE
Msg&DataRatesMayApply. STOP to end.

Text Message   Send



**‹** Messages (1) **904-21**          Details

Sat, Apr 18, 10:07 AM

Papa Murphy's: Today
Only 4.18.2015
Score a goal a wild deal!
Get a Family Size 1-
topping Pizza Just $8.
Valid@particStores.
Msg&DataRatesMayAppl
y. STOP to end.

Mon, Apr 20, 10:12 AM

Papa Murphy's: Today
Only 4.20.2015
It's Hockey Hoopla! Get
a Large 1-topping thin
crust pizza Just $6
Valid@participStores.
Msg&DataRatesMayAppl
y. STOP to end.

Text Message                    Send



**Wednesday** 11:50 AM

Papa Murphy's: Today Only! 4.22.2015 Celebrate the State of Hockey With a $10 Large 5-Meat Stuffed Pizza. Valid@particStores Msg&DataRatesMayAppl y. STOP to end.



**Sunday** 10:01 AM

Papa Murphy's: Today Only 4.26.2015 Home Ice Advantage! Get $4 off any Family Size Pizza@reg menu price. Valid@particStores. Msg&DataRatesMayAppl y. STOP to end.

●●●○○ Verizon   LTE   **10:25 AM**   64% ■

**‹ Messages (1) 904-21**   Details

Papa Murphy's: At long last, Taco Grande is here! Get a Large for just $10! Valid 4/29/15 @ part. locs. Lmt 3 bit.ly/1FkFtfo Msg&DataRatesMayApply. STOP to end.

**Today** 10:25 AM

to end.

Papa Murphy's: Today Only. 5.1.2015
It's time for Playoff Pizza!
Celebrate with a FS 1-top Pizza just $8!
Valid@particStores.
Msg&DataRatesMayApply. STOP

Text Message   Send



Sunday 10:31 AM

Papa Murphy's: Today only 5.3.2015
Let's stuff Chicago!Get a Large Chicago StuffedPizza just $10. Valid@participatingStores.
Msg&DataRatesMayApply. STOP to end.



Tuesday 10:24 AM

Papa Murphy's: $10 Tuesday!!
Any Large Pizza up to 5 toppings Just $10!!
Get Your Playoff Pizza!
Valid@participatingStores
Msg&DataRatesMayApply. STOP to end.

Today 10:08 AM

Papa Murphy's: Today Only 5.7.2015
State of Hockey Savings!
Get a Large 2-topping Pizza Just $7.
Valid@ParticipatingStores.
Msg&DataRatesMayApply. STOP to end.