HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LENNARTSON, RITA ANDREWS,
CASSIE ASLESON, and SUSAN SHAY
NOHR, on behalf of themselves and all others
similarly situated,

                    Plaintiffs,

     v.

PAPA MURPHY'S HOLDINGS, INC.; and
PAPA MURPHY'S INTERNATIONAL,
L.L.C.,

                    Defendants.

No. 3:15-cv-05307-rbl

**PLAINTIFFS' MOTION &
MEMORANDUM FOR
PRELIMINARY APPROVAL OF
SETTLEMENT**

Noted for Consideration: May 11, 2018

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND .................................................................................................. 1

        A.      Procedural Background.................................................................................. 1

        B.      Summary of Settlement Terms ..................................................................... 4

III.    DISCUSSION ...................................................................................................... 7

        A.      The Proposed Settlement Meets the Standards for Approval Under
                Rule 23. ........................................................................................................ 7

                1.      The Proposed Settlement is the Result of an Arm's-Length
                        Negotiation and Therefore Satisfies the Procedural
                        Component for Preliminary Approval. ...................................... 8

                2.      The Proposed Settlement is Fair, Reasonable, and Adequate
                        and Therefore Satisfies the Substantive Component for
                        Preliminary Approval ................................................................. 9

                        a.      The Strength of Plaintiff's Case.................................... 9

                        b.      The Risk, Expense, Complexity, and Duration of
                                Further Litigation ....................................................... 10

                        c.      The Risk of Maintaining Class Action Status
                                Throughout the Trial ................................................... 11

                        d.      The Amount Offered in Settlement.............................. 11

                        e.      Extent of Discovery Completed and the Stage of the
                                Proceedings ................................................................ 12

                3.      The Proposed Notice Plan Satisfies Due Process. ................. 13

                        a.      The Proposed Notice Is the Best Notice Practicable. ................ 13

                        a.      The Proposed Notice Is Accurate and Informative.................... 14

IV.     CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE................. 15

        A.      All Prerequisites for Class Certification Under Rule 23(a) Are Met................. 16

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - i

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

|   |   | 1. | The Settlement Class Is Sufficiently Numerous to Render Joinder of All Members Impracticable. | 16 |

1. Common Questions of Law and Fact Exist. .......................................... 16

2. Plaintiffs' Claims Are Typical of the Settlement Class Claims. ................................................................................................ 17

3. Plaintiffs Will Fairly and Adequately Protect the Interests of the Class .......................................................................................... 17

B. The Proposed Class Is Maintainable Under Rule 23(b)(3). ............................... 18

1. Common Questions of Fact and Law Predominate Over the Individual Questions Presented in This Action. ..................................... 18

1. Class Treatment is Superior to Other Methods of Adjudication ................................................................................. 19

V. CONCLUSION .......................................................................................... 20

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - ii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## TABLE OF AUTHORITIES

**Cases**

*Acosta v. Trans Union, LLC*,
   243 F.R.D. 377 (C.D. Cal. 2007) .................................................................12

*Agne v. Papa John's Int'l, Inc.*,
   286 F.R.D. 559 (W.D. Wash. 2012) ............................................................13

*Alberto v. GMRI, Inc.*,
   252 F.R.D. 652 at 666 (E.D. Cal. 2008) .......................................................8

*Amchem Prods. Inc. v. Windsor*,
   521 U.S. 591 (1997)..............................................................................20, 23

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) ....................................................................14

*Callie v. Near*,
   829 F.2d 888 (9th Cir. 1987) ......................................................................16

*Carson v. Am. Brands, Inc.*,
   450 U.S. 79 (1981)........................................................................................8

*Class Plaintiffs. v. Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ......................................................................8

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974)....................................................................................14

*Facebook, Inc. v. Pacific Northwest Software, Inc.*,
   640 F.3d 1034 (9th Cir. 2011) ....................................................................17

*Ficalora v. Lockheed California Co.*,
   751 F.2d 995 (9th Cir. 1985) ........................................................................9

*Glass v. UBS Fin. Servs., Inc.*,
   No. C-06-4068, 2007 WL 221862 (N.D. Cal. 2007) ..................................10

*Grant v. Capital Mgmt. Serv., L.P.*,
   449 F. App'x 598 (9th Cir. 2011) ...............................................................23

*Guzik Technical Enterprises, Inc. v. Western Digital Corp.*,
   No. 11- 03786, 2014 WL 12465441 (N.D. Cal. Mar. 21, 2014) ..........17, 18

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .........................................................9, 10, 22

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Horosny v. Burlingon Coat Factory of Cal., LLC*
   2016 WL 10586285 (C.D. Cal. Oct. 27, 2016)......................................................................19

*Jeff D. v. Andrus*,
   899 F.2d 753 (9th Cir. 1990) ...................................................................................................17

*In re Jiffy Lube Intern., Inc. Text Spam Litig.*,
   No. 11-2261, 2012 WL 4849617 (S.D. Cal. Oct. 12, 2012) ....................................................13

*Kavu, Inc. v. Omnipak Corp.*,
   246 F.R.D. 642 (W.D. Wash. 2007) ........................................................................................21

*Kruger v. Credit Int'l Corp.*,
   No. C10-1374, 2012 WL 1534023 (W.D. Wash. Apr. 30, 2012) .............................................17

*Lambert v. Buth-Na-Bodhaige, Inc.*,
   No. 14-00514, 2015 WL 4602942 (E.D. Cal. July 29, 2015) ..................................................13

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) ..........................................................................................10, 12

*Marshall v. Holiday Magic, Inc.*,
   550 F2d. 1173 (9th Cir. 1977) .................................................................................................14

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) ...................................................................................................23

*McKelvey v. Am. Seafoods*,
   No. C99-2108L, 2000 WL 33179292 (W.D. Wash. Apr. 7, 2000) ..........................................17

*McPhail v. First Command Fin. Planning*,
   No. 05-179, 2009 WL 839841 (S.D. Cal. Mar. 30, 2009) ...................................................5, 11

*Millan v. Cascade Water Services, Inc.*,
   310 F.R.D. 593 (E.D. Cal. 2015) .............................................................................................15

*Minter v. Wells Fargo Bank, N.A.*,
   283 F.R.D. 268 (D. Md. 2012).................................................................................................15

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950).................................................................................................................14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................................10, 11, 12

*In re Nvidia Corp. Derivative Litig.*,
   No. C-06-06110, 2008 WL 5382544 (N.D. Cal. Dec. 22, 2008).............................................11

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - iv

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ...................................................................................8, 12

*Pelletz v. Weyerhauser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009) ................................................................................10

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004) ..................................................................................8

*Rankin v. Rots*,
    No. 02-71045, 2006 WL 1876538 (E.D. Mich. June 27, 2006) .......................................12

*Shaffer v. Cont'l. Cas. Co.*,
    362 F. App'x 627 (9th Cir. 2010) .....................................................................................8

*Silver v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ..........................................................................................14

*Spokeo, Inc. v. Robbins*,
    136 S. Ct. 1540 (2016) .......................................................................................................1

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ..........................................................................................22

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ........................................................................................18

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................................9

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ............................................................................................10

*In re Toys "R" Us Antitrust Litig.*,
    191 F.R.D. 347 (E.D.N.Y. 2000) ......................................................................................9

*Veith v. Xterra Wetsuits, LLC*,
    144 Wn. App. 362, 183 P.3d 334 (2008) ........................................................................17

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ........................................................................................................21

*Wietzke v. CoStar Realty Info., Inc.*,
    No. 09-2743, 2011 WL 817438 (S.D. Cal. Mar. 2, 2011) ................................................9

**Statutes**

RCW § 19.190.060 et seq. ......................................................................................................2

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - v

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

47 U.S.C. § 227 ................................................................................................................2

RCW § 19.86 et seq. .........................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 23 ...........................................................................................8, 14, 15, 20

Fed. R. civ. P. 23(a) .........................................................................................20, 21, 22, 23

Fed. R. Civ. P. 23(a)(1) ...........................................................................................20, 21

Fed. R. Civ. P. 23(a)(2) ...................................................................................................21

Fed. R. Civ. P. 23(a)(3) ...................................................................................................21

Fed. R. Civ. P. 23(a)(4) ...................................................................................................22

Fed. R. Civ. P. 23(b)(3) .............................................................................................23, 24

Fed. R. Civ. P. 23(b)(3)(A-D) ...................................................................................20, 24

Fed. R. Civ. P. 23(c)(2)(A) ..............................................................................................16

Fed. R. Civ. P. 23(c)(2)(B) ..............................................................................................14

Fed. R. Civ. P. 23(e) .............................................................................................8, 9, 18

Federal Judicial Center, *Manual for Complex Litigation* § 21.632-34 (4th ed. 2004) ........................................................................................................................8

*Newberg on Class Actions* § 8.39 (4th ed. 2010) ...........................................................16

*Newberg on Class Actions* § 11.27 (4th ed. 2010).........................................................20

*Newberg on Class Actions* § 13.13 n.8 (5th ed. 2017).....................................................8

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - vi

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# I.    INTRODUCTION

Plaintiffs John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr, (hereinafter "Plaintiffs") on behalf of themselves and all others similarly situated, respectfully request that the Court: (1) grant preliminary approval of the proposed Settlement described below; (2) certify the proposed Settlement Class (hereinafter "Class") defined below; (3) approve the form and manner of notice of the Settlement to the Settlement Class; and (4) schedule a hearing wherein the Court will consider the Plaintiffs' motion for final approval of the Settlement, and Class Counsel's application for an award of attorneys' fees and reimbursement of costs. The Settlement between Plaintiffs and Defendants Papa Murphy's Holdings, Inc., and Papa Murphy's International L.L.C., (collectively Papa Murphy's or Defendants) consists of a cash payment of up to $11,318,410, and the distribution of $11,318,410 in Papa Murphy's merchandise vouchers, providing substantial benefits to the Class. This Settlement is set forth in a fully executed Settlement Term Sheet and a long form Settlement Agreement.  Plaintiffs seek prelimnary approval of the Settlement Agreement, and the Exhibits attached.  The Settlement Agreement is attached as Exhibit A to the Griffin Declaration, filed herewith.

# II.    BACKGROUND

## A.    Procedural Background

1.      Plaintiff Lennartson filed this lawsuit on May 7, 2015 (Compl., ECF No. 1).

2.      Defendants filed a motion for summary judgment on September 24, 2015 (ECF No. 19), which the Court denied on January 5, 2016 (ECF No. 40). The Court then stayed the litigation in the same order, pending the U.S. Supreme Court's decision in *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540 (2016).

3.      On February 19, 2016, Defendants filed a petition for an administrative waiver of

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the applicable rules with the Federal Communications Commission ("FCC").

4.      On May 24, 2016, the Court lifted the stay, and Plaintiffs attempted to start discovery. On August 4, 2016, while the FCC petition was pending, Defendants filed another motion for stay (ECF No. 61), which the Court denied on August 29, 2016 (ECF No. 72).

5.      On October 14, 2016, the FCC granted Defendants' petition for an administrative waiver (ECF No. 74-1). On October 20, 2016, Defendants filed a second motion for summary judgment (ECF No. 73), requesting that the district court apply the FCC's administrative waiver.

6.      On November 14, 2016, Plaintiffs Lennartson and Nohr filed a petition for reconsideration of the administrative waiver with the FCC.

7.      On October 27, 2016, Plaintiffs filed a Motion for Relief from Deadline to oppose Defendants' Motion for Summary Judgment. On November 4, 2016, the Court granted Plaintiffs' Motion for Relief from Deadline (ECF No. 81). On November 9, 2016, Defendants filed a motion for entry of a protective order, requesting a stay for a third time (ECF No. 85). On November 17, 2016, Plaintiffs filed a Motion to Amend the Class Action Complaint (ECF No. 88). On January 9, 2017, the Court denied Defendants' motion for a protective order, and granted Plaintiffs' Motion to Amend the Class Action Complaint (ECF No. 92).

8.      On January 9, 2017, Plaintiffs filed an Amended Complaint, which added Andrews, Asleson, and Nohr as plaintiffs (ECF No. 93). Plaintiffs' complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), Washington State Commercial Electronic Mail Act, RCW § 19.190.060 et seq. ("CEMA"), and Washington Consumer Protection Act, RCW § 19.86 et seq. ("CPA"). Plaintiffs allege that Defendants caused transmissions of unlawful commercial text messages to them and other class members without their express consent. *See id.* ¶¶ 57, 60. Plaintiffs and the putative class further contend

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

that the text messages were sent with the use of an automatic telephone dialing system ("autodialer") in express violation of the TCPA. *Id.* ¶ 58.

9.    From January through September 2017, the parties engaged in discovery, third-party discovery, and expert discovery. Plaintiffs propounded Requests for Admission, Requests for Production, and Interrogatories on Defendants. Defendants produced 167,768 documents with 1,101,765 pages. Defendants took four depositions of the Plaintiffs, and Plaintiffs took four depositions of the Defendants.

10.    Plaintiffs also engaged in third-party discovery on Defendants' mobile marketing service providers and Defendants' franchisees. Plaintiffs served 14 subpoenas on third parties. Plaintiffs engaged in numerous meet and confers and negotiations with these third parties to produce documents and schedule depositions. Third parties produced 21,876 documents with 53,465 pages. Plaintiffs took two depositions of third-party vendors of Papa Murphy's.

11.    Plaintiffs filed a motion to compel Defendants to produce a 30(b)(6) witness on October 5, 2017 (ECF No. 106), which the Court denied on November 9, 2017 (ECF No. 147).

12.    Plaintiffs filed a motion for class certification on October 27, 2017 (ECF No. 120).

13.    Defendants filed a third motion for summary judgment on November 22, 2017. (ECF No. 153). On the same day, Plaintiffs filed a Motion to Compel Inspection of Source Codes of [Third Party Vendors] Phizzle and Waterfall (ECF No. 160). Plaintiffs filed a reply in response to oppositions filed by the third parties on December 8, 2017 (ECF No. 180).

14.    Plaintiffs filed or served a total of nine expert reports or declarations from four experts. Defendants served two expert reports on December 21, 2017.

15.    On December 11, 2017, pursuant to Local Rule 39.1, the parties participated in

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

mediation before experienced complex litigation attorney and mediator Janissa Strabuk. Both parties submitted mediation statements that incorporated discussions of the evidence obtained during discovery, caselaw relating to the claims asserted, and theories regarding calculating potential damages. After a full day of mediation, the case did not resolve.

16.     Counsel continued extensive arms-length negotiations with the assistance of Ms. Strabuck in the following months. On December 22, 2017, the parties successfully reached an agreement on class relief and executed a settlement term sheet. Griffin Decl, Ex. B (Dec. Settlement Term Sheet). That same day, the mediator notified the Court, and the Court entered a stay for thirty days so that the parties could complete their settlement negotiations by continuing to negotiate attorneys' fees, which Plaintiffs' counsel elected to negotiate separately from the class relief. On January 22, 2017, the mediator called the Court, and requested an extension of the stay to complete the mediation (ECF No. 210). On February 20, 2018, the parties reached an agreement on attorneys' fees, and signed a Settlement Term Sheet, which contained all the terms of a complete settlement. Griffin Decl.,[1] Ex. A (Settlement Agreement, Ex. 5 thereto).   On February 15, 2018, the mediator notified the Court that a settlement had been reached, and the Court terminated the pending three motions as moot. (Docket Entry, February 15, 2018).

**B.     Summary of Settlement Terms**

The following is a summary of the principal terms of the Settlement Agreement:

**Class Definition**: The Settlement Class includes all persons or entities in the United States and its Territories who received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013, and June 15, 2015.

---

[1] Unless otherwise noted, all references to "Ex. __" herein are to exhibits of the Settlement Agreement, which is Exhibit A to the Declaration of Mark A. Griffin in Support of Plaintiffs' Motion for Preliminary Approval ("Griffin Decl."), filed herewith.

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Notice**: CPT Group, Inc. will act as the Claims Administrator. Defendants shall pay all internal notice and administration costs. Notice will be provided via the following methods (1) an email summary notice will be sent to the Class (approximately 20%) for which Defendants have email addresses; and (2) the remaining Class members with address information identified from reverse phone look up will receive a summary notice postcard. Both the postcard notice and the email notice will direct persons and entities to a settlement website that will include information concerning the settlement and claims process.

**Benefits**: Defendants will automatically provide two $5.00 vouchers (totaling $10.00) to all Class members following preliminary approval of the Settlement Agreement by the Court. The collective value of these vouchers is $11,318,410 and is a benefit provided to the Class regardless of whether they submit claim forms. Every Class member who returns a valid claim form will receive $10.00 in cash. The aggregate value of these payments, if each of the potential class members submits a valid claim form, is $11,318,410. In sum, Defendants have agreed to provide to the Class cash awards and merchandise vouchers, the total potential value of which equals $22,636,820. Defendants have agreed to pay a service award to each named class representative, class administration cost, and attorneys' fees and costs as approved by the Court.

**Plan of Allocation**: This is a fixed settlement. All Class members will automatically receive the merchandise voucher benefits. In addition, Class members who return a valid claim will be eligible to receive the full cash award.

**Claims**: To make a valid claim, Class members will be required to fill out and submit a claim form electronically via the settlement website. Ex. 1 thereto (Claim Form). CPT Group will administer the payment/distribution of benefits and may deny claims if it has a reasonable basis to believe that the claim is fraudulent or otherwise invalid. CPT Group will provide

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

periodic reports to the parties' counsel on the progress and status of the settlement administration, and will advise counsel upon completion of its administration. A schedule of the relevant deadlines are set forth in the proposed order.

**Incentive Award for Class Representatives**: Plaintiffs seek an order appointing John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr as representatives of the Class ("Class Representatives"). Subject to Court approval, Defendants will pay $15,000 in service awards to each Class Representative (totaling $60,000). Such payments will be in addition to any benefits that the named Plaintiffs might be entitled under this Settlement.

**Attorneys' Fees and Costs**: Plaintiffs seek an order appointing Keller Rohrback L.L.P. and Zimmerman Reed LLP as "Class Counsel" for purposes of the Settlement. Papa Murphy's agreed to pay Class Counsel up to $2,050,000 in attorneys' fees and costs. Class Counsel will separately apply to the Court by motion for an award of attorneys' fees and reimbursement of the costs incurred during the course of the litigation, and Defendants have recently indicated their intent to oppose the request.[2]

**Releases**: Plaintiffs and all putative class members (who do not timely opt out) shall release Papa Murphy's, along with each of its respective officers, partners, directors, members, servants, agents, shareholders, representatives, franchisees, and assigns (collectively, the "Released Parties"), from any and all claims, debts, demands, rights, causes of action, damages, costs, expenses, and compensation of any nature whatsoever that have been raised or could have been raised by Plaintiffs or the putative class members in this action based upon the transmission of text messages during the Class Period (i.e. October 16, 2013 to June 15, 2015) to Class

---

[2] On March 20, 2018, during the course of negotiating the long-form agreement, Defendants for the first time notified Plaintiffs of their intent to oppose the award of attorneys' fees and costs that they had agreed to pay in the Settlement Term Sheet. Griffin Decl. ¶ 10.

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

members, including claims under the TCPA, Washington's CEMA, and Washington CPA.

## III.   DISCUSSION

Rule 23(e) of the Federal Rules of Civil Procedure governs settlements of class action lawsuits. It provides that a "class may be settled, voluntarily dismissed, or compromised only with the court's approval." *See* Fed. R. Civ. P. 23(e). The court approval process has three principal steps: (1) preliminary approval of the settlement; (2) notice; and (3) a formal fairness hearing. *See* Federal Judicial Center, *Manual for Complex Litigation* § 21.632-34 (4th ed. 2004); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 556 (W.D. Wash. 2004).

## A.   The Proposed Settlement Meets the Standards for Approval Under Rule 23.

The issue of whether a proposed settlement should be approved is within the sound discretion of the district court, which should be exercised in the context of public policy strongly favoring the pretrial settlement of class action lawsuits. *See Shaffer v. Cont'l. Cas. Co.*, 362 F. App'x 627, 631 (9th Cir. 2010); *Class Plaintiffs. v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). When deciding whether to grant preliminary approval of a class settlement, the Court need "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). Indeed, the Court should not reach legal conclusions "for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of possible judicial approval," and thus whether notice to the Class of the terms of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. *See Newberg on Class Actions* § 13.13 n.8 (5th ed. 2017); *Alberto v. GMRI, Inc.*, 252 F.R.D. 652 at 666 (E.D. Cal. 2008). Therefore, "preliminary approval of a settlement has

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

both a procedural and a substantive component." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).

A preliminary review of the terms of the proposed settlement shows that it confers a substantial benefit to the Class. The Settlement here is the product of good-faith bargaining at arm's-length and was negotiated over many months and through a formal mediation conducted by a well-respected mediator. Thus, the Settlement here is "the product of hard-fought adversarial negotiations" between the parties. *Wietzke v. CoStar Realty Info., Inc.*, No. 09-2743, 2011 WL 817438, at *5 (S.D. Cal. Mar. 2, 2011). It is appropriate to advise the Class of the proposed settlement and to set a date for a Final Approval Hearing to consider whether the settlement is fair, adequate, and reasonable. The Court should therefore exercise its discretion and grant preliminary approval of the instant class action settlement based on the principles of Rule 23(e), and set a date for a Final Approval Hearing. *See also* Ex. 6 thereto (Proposed Final Approval Order, for entry after Final Approval Hearing).

### 1.    The Proposed Settlement is the Result of an Arm's-Length Negotiation and Therefore Satisfies the Procedural Component for Preliminary Approval.

"Before approving a class action settlement, [a] district court must reach a reasoned judgment that the proposed agreement is not the product of fraud and overreaching by, or collusion among, the negotiating parties[.]" *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985). When applying this factor, courts give substantial weight to the experience of the attorneys who prosecuted the case and negotiated the settlement. *See In re Tableware*, 484 F. Supp. 2d at 1080. If a settlement is negotiated at arm's-length, there is a presumption that the settlement is procedurally sound. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Courts additionally consider whether the settlement was reached with the assistance of a mediator. *See, e.g.*, *In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 352 (E.D.N.Y. 2000)

*Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068, 2007 WL 221862, at *5 (N.D. Cal. 2007) (same).

Here, the parties negotiated directly through a neutral, experienced mediator for months. The parties also conducted substantial discovery and developed expert testimony for more than two years, which informed their negotiations. Based on their familiarity with the factual and legal issues, the parties made a well-informed decision on the relative strengths and weaknesses of the case and good-faith assessments of the costs and risks of proceeding to trial. These assessments were also made based on counsels' extensive experience litigating claims of this same type. There is no dispute that the proposed Settlement is the product of serious, arm's-length, non-collusive negotiations.

### 2. The Proposed Settlement is Fair, Reasonable, and Adequate and Therefore Satisfies the Substantive Component for Preliminary Approval.

The Ninth Circuit has articulated eight factors in determining whether a settlement is fair, adequate, and reasonable: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the settlement. *Hanlon*, 150 F.3d at 1026; *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Pelletz v. Weyerhauser Co.*, 255 F.R.D. 537, 542 (W.D. Wash. 2009).

### a. The Strength of Plaintiff's Case

When evaluating a settlement for preliminary approval, courts need only weigh the plaintiff's case against the amount offered in settlement, rather than considering the strength of the plaintiff's case on the merits alone. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

F.R.D. 523 at 526 (C.D. Cal. 2004). As evidenced by the vigor in which Class Counsel has prosecuted this action and the amount of time expended toward that end, Class Counsel strongly believes in the merits of this case. Plaintiffs successfully defeated Defendants' first motion for summary judgment, evidencing the strength of the TCPA allegations. Nevertheless, Class Counsel recognizes the risk that their case could ultimately fail. Specifically, the parties have a dispute over whether Papa Murphy's sent the text messages at issue in this case over an autodialer, and whether the class member gave express written consent. Also, there is an issue of whether the class can be certified. Accordingly, this factor supports preliminary approval.

### b.       The Risk, Expense, Complexity, and Duration of Further Litigation

"[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *DIRECTV*, 221 F.R.D. at 526. Here, the parties recognize the risks of continued litigation and an adverse outcome. Although Plaintiffs and Defendants strongly believe in the merits of their respective positions, they are cognizant of the risks of proceeding to trial. The avoidance of further risks and costs conserves both the parties' and judicial resources.

Moreover, courts routinely recognize the risks associated with litigating a case through trial. *In re Nvidia Corp. Derivative Litig.*, No. C-06-06110, 2008 WL 5382544, at *3 (N.D. Cal. Dec. 22, 2008). The risks of loss after several years of litigation are equally present in this case and should favor approval of the Settlement. Finally, courts have considered a defendant's ability to withstand judgment when assessing the advisability of a settlement. *See, e.g.*, *McPhail v. First Command Fin. Planning*, No. 05-179, 2009 WL 839841, at *4 (S.D. Cal. Mar. 30, 2009), Here, at the statutory minimum of $500 per class member, if Defendants were liable only for one text per class member, Defendants' exposure would well exceed $500 million in statutory damages, a

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 10

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

figure which Defendants would be likely unable to pay given that Papa Murphy's is already "a highly leveraged company."[3] This factor weighs in favor of the preliminary approval of the proposed Settlement.

### c. The Risk of Maintaining Class Action Status Throughout the Trial

A class certification motion was pending prior to the motion being terminated as moot when the matter was settled by the Settlement Term Sheet. Defendants have vigorously opposed class certification of Plaintiffs' claims. "The value of a class action 'depends largely on the certification of the class,' and [] class certification undeniably represents a serious risk for plaintiffs in any class action lawsuit." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 392 (C.D. Cal. 2007). While Plaintiffs believe that this case is suitable for class treatment, there is always a risk that the Court would not find the claims at issue suitable for certification either as a nationwide class, or at all. Further, even if class certification were granted in the litigation context, certification can always be reviewed or modified before trial, and a class may be decertified at any time.

### d. The Amount Offered in Settlement

A proposed settlement should be viewed as a whole rather than in individual pieces. *Officers of Justice*, 688 F.2d at 628. An offer "may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *DIRECTV*, 221 F.R.D. at 527. Moreover, a settlement should not be judged against a "speculative measure" of what could have been attained in negotiation. *Linney*, 151 F.3d at 1242. Courts should "not substitute its business judgment for that of the parties." *Rankin v. Rots*, No. 02-71045, 2006 WL 1876538, at *3 (E.D. Mich. June 27, 2006). Here, there is a broad range of

---

[3] Will Harmon, *Is Papa Murphy's Holdings Inc (FRSH) A Financially Sound Company?*, SIMPLY WALL STREET (Sept. 5, 2017), https://simplywall.st/news/is-papa-murphys-holdings-inc-frsh-a-financially-sound-company/.

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

potential recovery if the case were to be litigated to its conclusion. At one end of the spectrum is the possibility that Plaintiffs would prevail on their claims and recover the full amount per violation or treble damages. At the other end of the spectrum is the possibility that Defendants would defeat liability, thereby resulting in no recovery for Plaintiffs or the Class.

Given this broad range, the Settlement provides a substantial recovery within the range that courts have traditionally found to be fair and adequate. *See, e.g.*, *In re Jiffy Lube Intern., Inc. Text Spam Litig.*, No. 11-2261, 2012 WL 4849617 (S.D. Cal. Oct. 12, 2012) (approving a TCPA settlement of a $17.29 merchandise certificate or $12.97 in cash for each class member); *see also Lambert v. Buth-Na-Bodhaige, Inc.*, No. 14-00514, 2015 WL 4602942 (E.D. Cal. July 29, 2015) (approving a TCPA settlement of a $25 gift card for each class member). Additionally, this district has previously approved a settlement where a merchandise voucher was a substantial component. *See Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559 (W.D. Wash. 2012). A settlement with a total potential value of cash and vouchers of $22,636,820 is reasonable when considering the total amount sought by Plaintiffs, the attendant risks of trial, and Defendants' ability to withstand judgment on the claims.

e.      **Extent of Discovery Completed and the Stage of the Proceedings**

This case settled one month before trial. The case is procedurally advanced and the parties have engaged in extensive discovery. To date, Defendants have produced 1,101,756 pages of discovery. These documents were reviewed and analyzed by Plaintiffs' counsel. Plaintiffs' counsel has taken six depositions in this matter and defended the depositions of Plaintiffs. Plaintiffs have also conducted third-party discovery including issuing of multiple subpoenas, reviewing thousands of third-party documents, and taking depositions. Plaintiffs also spent a significant amount of time in the preparation of four expert reports, and briefing class

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

certification, and summary judgment motions.

### 3.    The Proposed Notice Plan Satisfies Due Process.

Following preliminary approval, the class members must be notified of the proposed settlement. To satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Marshall v. Holiday Magic, Inc.*, 550 F2d. 1173, 1177 (9th Cir. 1977). In reaching an agreement to the material terms of the Settlement, the parties discussed the claims process and contemplated the notice plan ("Notice Plan"). The Notice Plan is described and outlined in the scope of work bid submitted by claims administrator CPT Group, and is included in the Settlement Term Sheet agreed to by the parties. Ex. 5 and Ex. A thereto. For the reasons below, the proposed Notice Plan should be approved.

### a.   The Proposed Notice Is the Best Notice Practicable.

Rule 23 requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). There is no statutory or due process requirement that all Class Members receive actual notice by mail or other means; rather "individual notice must be provided to those Class Members who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974); *see also Manual* § 21.311 n.882. As the Ninth Circuit has explained, the standard is whether "notice is reasonably certain to inform the absent members of the plaintiff class." *Silver v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). When individual notice to each member of the class is impracticable, "courts have long employed *cy pres* remedies." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017).

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 13

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

As detailed in the Notice Plan, Class Counsel proposes that notice will be provided to those Settlement Class members for which Defendants have email addresses, approximately 20% of the Settlement Class members.  Defendants will provide the claims administrator with phone numbers for the remaining members of the Settlement Class, and the claims administrator will use a reverse phone lookup procedure to obtain U.S. mail addresses for the remaining Settlement Class members, with a postcard notice mailed to those whose addresses can be obtained through the reverse phone lookup and any subsequent skip tracing. Courts have held that such notice is adequate. *See, e.g.*, *Minter v. Wells Fargo Bank, N.A.*, 283 F.R.D. 268, 276 (D. Md. 2012) (holding notice adequate where individual notice was sent to class members for whom defendant had address information and to class members identified through additional tracing methods such as the national change-of-address database and skip tracing); *see also Millan v. Cascade Water Services, Inc.*, 310 F.R.D. 593, 608 (E.D. Cal. 2015) (holding that notice mailed to the last known address of each putative class member and use of a skip trace for each return satisfied Rule 23).

In addition, the Notice Plan provides adequate notice to any Settlement Class member to whom individual notice cannot be directed through the establishment of the Settlement Website, which shall contain information concerning the Settlement and the claims process. Notice delivered through email and U.S. mail, together with the Settlement Website, constitutes the best practicable notice under the circumstances.

### a.      The Proposed Notice Is Accurate and Informative.

The proposed Notice provides information on the scope of the Class; the terms and provisions of the proposed Settlement; the relief the Settlement will provide; the mechanism by which benefits will be conveyed to the Class Members; the benefits available to Class Members;

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 14

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the date, time, and place of the Final Approval Hearing; and the procedure and deadlines for opting out of the proposed Settlement or for submitting objections. Ex. 2 (Short-Form Class Notice) and Ex. 3 (Long-Form Class Notice) thereto. The Notices, which were drafted by Defendants' counsel and then subsequently revised by Class Counsel, also fulfill the requirement of neutrality in class notices. *See Newberg on Class Actions* § 8.39 (4th ed. 2010) (emphasizing the importance of providing sufficient information "with both clarity and objectivity are of primary importance"). The Notice summarizes the proceedings and the terms and conditions of the proposed Settlement, in an informative and coherent manner in compliance with the *Manual for Complex Litigation*'s directive that "[s]ufficient information about the case should be provided to enable class members to make an informed decision about their participation." *Manual* § 21.311. It makes clear that the Settlement does not constitute an admission of liability by Defendants, and recognizes that this Court has not ruled on the merits of the action. It also states that the final settlement approval decision has yet to be made. Accordingly, the Notice Plan complies with the standards of fairness, completeness, and neutrality required of a combined settlement-certification class notice disseminated under the authority of the Court. *See* Fed. R. Civ. P. 23(c)(2)(A).

## IV.    CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE

Plaintiffs also seek certification of a Settlement Class. Class certification for settlement purposes is relatively common and may be appropriately granted so long as the requirements of Rule 23 are met. *See Newberg on Class Actions* § 11.27 (4th ed. 2010)). In considering a motion to certify a settlement-only class, the Court "need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. P. 23(b)(3)(D), for the proposal is that there be no trial." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). As

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

demonstrated below, all of the prerequisites of Rule 23 are easily met.

**A.  All Prerequisites for Class Certification Under Rule 23(a) Are Met.**

**1.  The Settlement Class Is Sufficiently Numerous to Render Joinder of All Members Impracticable.**

The first requirement under Rule 23(a) is that the class be so numerous that joinder of all members would be "impracticable." Fed. R. Civ. P. 23(a)(1). Here, the parties agree that the best estimate of the total number of Class Members for the purposes of the Settlement is 1,131,841. A class of this size easily satisfies Rule 23(a)(1)'s requirement that the class be so large that joinder is impracticable. *See Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 646–47 (W.D. Wash. 2007) (numerosity satisfied in TCPA junk fax case involving transmission of 3,000 unsolicited faxes).

**1.  Common Questions of Law and Fact Exist.**

The second requirement under Rule 23(a) is that Plaintiffs must demonstrate the existence of questions common to all members of the proposed class. Fed. R. Civ. P. 23(a)(2). To satisfy this element, Plaintiffs must allege a "common contention … of such a nature that it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). In this case, the common factual and legal questions that form the basis of Plaintiffs' claims include: (1) whether Defendants used the same process and procedure to send every text message; (2) whether Defendants had a policy that their website and print ads soliciting subscribers contain the same "text legal copy;" (3) whether Defendants used an autodialer within the meaning of the TCPA; (4) whether the texts promoting the purchase of Defendants' pizza products constitute telemarketing under the TCPA; (5) whether the texts promoting the purchase of Defendants' pizza products constitute "commercial electronic text messages" under CEMA; and (6) whether the same "legal copy" that appeared

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 16

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

online and in print ads soliciting text subscribers constituted "prior express written consent." The answers to these common questions depend upon a uniform set of operative facts concerning Defendant's conduct.

### 2.    Plaintiffs' Claims Are Typical of the Settlement Class Claims.

The third requirement under Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Plaintiffs each received texts from Defendants that were sent in the same way: with an autodialer. Further, each text sent to Plaintiffs solicited business and Plaintiffs allege were made without Plaintiffs' prior express written consent in violation of the TCPA. Thus, Plaintiffs' claims are based on conduct that was not unique to the Plaintiffs, are based on the same legal theory, and resulted as the claims of the proposed Settlement Class.

### 3.    Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.

The final requirement under Rule 23(a) is that the representative parties continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order to determine whether the adequacy prong is satisfied, courts consider the following questions: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interests with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, Plaintiffs have the same interests as the proposed Settlement Class—all have allegedly received texts from Defendants without having given proper consent. Plaintiffs have demonstrated their commitment to the Class by actively participating in the litigation. Each of

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 17

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the Plaintiffs has responded to discovery, and prepare and sat for their depositions. Each of the Plaintiffs has taken their responsibility as class representative seriously and have been zealous advocates for the interests of the Settlement Class. *See* ECF No. 121-26, Andrews Dep., 56:24–57:3; ECF No. 133, Andrews Decl. ¶ 11; ECF No. 134, Asleson Decl. ¶ 11; ECF No. 132, Lennartson Decl. ¶ 13; ECF No. 135, Nohr Decl. ¶ 17.

Furthermore, Plaintiffs have retained counsel at Keller Rohrback L.L.P. and Zimmerman Reed LLP who regularly engage in complex litigation and have experience in consumer protection matters, including litigating violations of the TCPA and CPA in particular. Exs. C & D. Both firms are experienced in class actions and have been found adequate class counsel on numerous occasions. *Id.* They have demonstrated their commitment to prosecuting this case and are adequate counsel for the Settlement Class.

**B.      The Proposed Class Is Maintainable Under Rule 23(b)(3).**

In addition to meeting the prerequisites of Rule 23(a), Plaintiffs satisfy the requirements of Rule 23(b)(3): predominance and superiority.

**1.      Common Questions of Fact and Law Predominate Over the Individual Questions Presented in This Action.**

"The Rule 23(b)(3) predominance inquiry test whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. Here, the common issues Plaintiffs have identified predominate over any perceived individualized issues. The TCPA prohibits marketing or sales texts sent (1) to cell phones (2) using an auto-dialer—the two elements of a prima facie TCPA claim. *See Grant v. Capital Mgmt. Serv., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011). Because these two elements can be established with the same proof for every Class Member, predominance is satisfied. First, Plaintiffs' expert has identified a methodology to determine the phone numbers in Defendants' data that are assigned to cell

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

phones. *See* Verkhovskaya Decl. ¶¶ 25–31 (ECF No. 137). Second, the determination of whether storing a list of phone numbers and dialing from that list constitutes an autodialer would have applied to every Class Member. Because the cell phone and autodialer issues "present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication," "there is clear justification for handling the dispute on a representative rather than an individual basis." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012). Defendants may avoid liability if they can carry their burden of proving that the consumers they texted provided "prior express written consent." While the parties dispute the merits of this legal claim, common proof will resolve this issue as well.  *See* ECF No. 120 (Motion for Class Certification) at 21-22.  Thus, common issues predominate.

1. **Class Treatment is Superior to Other Methods of Adjudication.**

Generally, the factors relevant to assessing superiority include "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A-D). Given the individual Class Members' damages relative to the costs of litigating the claims, most Class Members would be unable (or unlikely) to bring their own lawsuits. Litigation costs would dwarf potential recovery of any individual member. Finally, a class action in this forum, where adequate plaintiffs and experienced and able legal counsel are preparing the claims, is the superior means of resolving this dispute and will guard against inconsistent results. Therefore, considering all the relevant factors, certification of the proposed Class pursuant to Fed. R. Civ. P. 23(b)(3) is proper and warranted.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# V.  CONCLUSION

For the reasons, set forth above, Plaintiff respectfully requests that the Court: (1) preliminarily approve the proposed Settlement. *See* Ex. 4 (Proposed Preliminary Approval Order); (2) direct that Class Notice be disseminated as described in the Settlement Agreement; and (3) set a Final Approval Hearing to determine the fairness of the Settlement, and enter the proposed final approval order at that time.

DATED this 23rd day of April, 2018.

**KELLER ROHRBACK L.L.P.**

*/s/ Mark A. Griffin*
Mark A. Griffin, WSBA #16296
Karin B. Swope, WSBA #24015
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Tel: (206) 623-1900
Fax: (206) 623-3384
mgriffin@kellerrohrback.com
kswope@kellerrohrback.com

**ZIMMERMAN REED LLP**
June P. Hoidal (Pro Hac Vice)
Behdad C. Sadeghi (Pro Hac Vice)
1100 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Tel: (612) 341-0400
Fax: (612) 341-0844
June.Hoidal@zimmreed.com
Behdad.Sadeghi@zimmreed.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION & MEMORANDUM FOR PRELIMINARY
APPROVAL OF SETTLEMENT (No. 3:15-cv-05307-RBL) - 20

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Mark A. Griffin*
Mark A. Griffin

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384