# EXHIBIT A

THE HONORABLE ROBERT B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN LENNARTSON, RITA ANDREWS, CASSIE ASLESON, SUSAN SHAY NOHR, on behalf of themselves and all others similarly situated, | No. 3:15-cv-05307-RBL |
| Plaintiffs, | **SETTLEMENT AGREEMENT AND RELEASE** |
| v. | |
| PAPA MURPHY'S HOLDINGS, INC. and PAPA MURPHY'S INTERNATIONAL L.L.C., | |
| Defendants. | |

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

## I.   INTRODUCTION

Plaintiffs John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr, on behalf of themselves and all others similarly situated, and Defendants Papa Murphy's Holdings, Inc. and Papa Murphy's International L.L.C. hereby enter into this Settlement Agreement providing, subject to the approval of the Court, for the settlement of all claims asserted or which could have been asserted by Class Representatives or by any Class Members, against Defendants in the case entitled *John Lennartson, et al. v. Papa Murphy's, et al.*, United States District Court for the Western District of Washington at Tacoma, Case No. 3:15-cv-05307 on the terms set forth below. This Settlement Agreement will be Exhibit 1, attached to and made part of the Motion for Preliminary Approval.

## II.   DEFINITIONS

2.1   "Accounting" shall mean the detailed written accounting the Claims Administrator shall maintain, as outlined further in Section XV.

2.2   "Action" shall mean the putative class action styled *John Lennartson, et al. v. Papa Murphy's, et al.*, pending in the United States District Court for the Western District of Washington at Tacoma, Case No. 3:15-cv-05307.

2.3   "Agreement" shall mean and include this Settlement Agreement and all exhibits hereto.

2.4   "Attorneys' Fees and Costs Award" shall mean the amount the Court awards to Class Counsel upon their motion for all their fees, expenses, and costs incurred in connection with this Action.

2.5   "Cash Award" shall be the $10.00 paid to each Settlement Class Member who makes a Valid Claim.

2.6   "Claim" shall be a request for a Cash Award pursuant to this Settlement submitted by a Settlement Class Member on a Claim Form filed with the Claims Administrator

1  in accordance with the terms of this Settlement.

2      2.7   "Claim Deadline" shall be the date by which a Claim Form must be received by

3  the Settlement Administrator to be considered timely.   The Claim Deadline will be at 11:59

4  p.m. Eastern Time on the last day of the Claims Period.

5      2.8   "Claim Form" shall mean the form in substantially the same form as that

6  attached hereto as Exhibit1.

7      2.9   "Claims Administration Costs" shall mean the costs of notice and claims

8  administration in this Action, which the Parties believe will equal $400,000.00.

9      2.10   "Claims Administrator" shall mean CPT Group, Inc., subject to Court approval.

10     2.11   "Claims Period" shall mean the time period through which claims by Settlement

11  Class Members may be submitted and shall conclude sixty (60) days after the Notice Date with

12  respect to this Settlement.

13     2.12   "Class Counsel" shall mean, subject to Court approval, Mark Griffin and Karin

14  Swope of Keller Rohrback LLP and June Hoidal and Behdad Sadeghi of Zimmerman Reed

15  LLP.

16     2.13   "Class List" shall be the aggregated cellular telephone numbers to which Papa

17  Murphy's sent text messages during the Class Period as part of Papa Murphy's text message

18  program.

19     2.14   "Class Member Identifier" shall mean the unique identifying number provided

20  to the Class Members as part of the Class Notice.  Each unique code will be used to access the

21  Claim Form on the Settlement Website.

22     2.15   "Class Members" shall mean all persons or entities in the United States and its

23  territories who received one or more text message advertisements from or on behalf of Papa

24  Murphy's between October 16, 2013, and June 15, 2015.

25     2.16   "Class Notice" shall mean the notice of pendency and proposed settlement of

26  class action that the Parties will ask the Court to approve.  The Class Notice, which will be

1   emailed and mailed to Class Members, and shall be in substantially the same form as that

2   attached hereto as Exhibit 2.

3       2.17    "Class Period" shall mean the time period between and including October 16,

4   2013 and June 15, 2015.

5       2.18    "Class Quantity" shall mean the quantity of unique cellular telephone numbers

6   on the Class List.  Based on discovery and investigations completed by the Parties to date, the

7   Parties agree that the Class Quantity is 1,131,841.  This Class Quantity number of 1,131,841 is

8   agreed to be used as the reasonable, appropriate, and best estimate of the total number of Class

9   Members for purposes of this Settlement.

10      2.19    "Class Representatives" shall mean Plaintiffs John Lennartson, Rita Andrews,

11  Cassie Asleson, and Susan Shay Nohr.

12      2.20    "Court" shall mean the United States District Court for the Western District of

13  Washington, the Honorable Robert B. Leighton presiding, or his duly appointed successor.

14      2.21    "Defendants" shall mean Papa Murphy's Holdings, Inc. and Papa Murphy's

15  International L.L.C.

16      2.22    "Defendants' Counsel" shall mean Anthony Todaro, and Jeff DeGroot of DLA

17  Piper LLP (US).

18      2.23    "Effective Date" shall be the fifth (5th) day following the date on which the

19  Final Approval Order is no longer subject to appeal (*i.e.*, the later of 31 days following the

20  entry of such Order if no notice of appeal has been filed or following any unsuccessful appeal

21  pursuant to which all material terms of the Order have been affirmed).

22      2.24    "Final Approval Hearing" shall mean the hearing at which the Court will

23  consider and enter a final decision as to whether to enter the Final Approval Order.  The Parties

24  will ask the Court to schedule a Final Approval Hearing approximately one-hundred and

25  twenty (120) days from the entry of the Preliminary Approval Order.

26      2.25    "Final Approval Order" shall mean the final Court order that approves this

SETTLEMENT AGREEMENT AND RELEASE - 4
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

Agreement, and makes such other rulings as are contemplated by this Agreement, including entry of a Final Judgment and Order of Dismissal, in substantially the same form as will be attached to the motion for final approval. The Final Approval Order shall not be entered earlier than one-hundred and twenty (120) days after the appropriate state and federal officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified in 28 U.S.C. § 1715(b).

2.26 "Long-Form Notice" shall mean the form of notice substantially in the form attached hereto as Exhibit 3, to be published on the Settlement Website

2.27 "Merchandise Voucher" shall mean the two $5.00 vouchers, which can be used exclusively on Papa Murphy's website (www.papamurphys.com) for online orders. All notices that contain these unique codes will also provide a telephone number Settlement Class members can call if they cannot use these online codes and instead wish to receive physical vouchers that can be redeemed at Papa Murphy's stores instead.

2.28 "Merchandise Voucher Code" shall mean the two unique codes provided to the Class Members as part of the Class Notice. Each unique code will be able to be used exclusively on Papa Murphy's website (www.papamurphys.com) for $5.00 on online orders. All notices that contain these unique codes will also provide a telephone number Settlement Class members can call if they cannot use these online codes and instead wish to receive physical vouchers that can be redeemed at Papa Murphy's stores instead.

2.29 "Notice Date" shall mean the date upon which Class Notice is distributed to the Class Members, which date commences the Claims Period, and shall occur no later than thirty (30) calendar days after the Court's entry of the Preliminary Approval Order.

2.30 "Objection" means an objection filed with the Court by a Settlement Class Member, objecting to any aspect of the Settlement.

2.31 "Objection Deadline" shall mean the 60th day after the Notice Date and shall be the final day for Settlement Class Members to object to any aspect of the Settlement.

2.32    "Opt-Out Deadline" shall mean the 60th day after the Notice Date,, and shall be the final day for any Class Members who do not wish to be included in the Settlement Class and participate in the Settlement to complete the acts necessary to properly effect such election.

2.33    "Opt-Out List" shall mean a written list prepared by the Claims Administrator of all Class Members who submit timely Requests for Exclusion.

2.34    "Parties" shall mean the Plaintiffs and the Defendants.

2.35    "Papa Murphy's" shall mean Papa Murphy's Holdings, Inc., Papa Murphy's International L.L.C., formerly known as Papa Murphy's International, Inc., Papa Murphy's Company Stores, Inc., PMI Holdings, Inc., Papa Murphy's Intermediate, Inc., Murphy's Marketing Services Inc., and all of their related parent and subsidiary companies, affiliates, stores, divisions, and branches thereof, their officers, directors, members, managers, heirs, employees, insurers, reinsurers adjusters, representatives, agents, predecessors, successors, shareholders, franchisees, attorneys, and assigns, past and present.

2.36    "Plaintiffs" shall mean Plaintiffs John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr.

2.37    "Preliminary Approval Order" shall mean the Order of the Court preliminarily approving this Settlement Agreement, in substantially the same form as Exhibit 4.

2.38    "Recitals." The Recitals set forth below are incorporated by reference and are explicitly made part of this Agreement.

2.39    "Released Claims" shall mean and refer to any and all manner of claims that have been raised or could have been raised in the Action related to the transmission of text messages by or on behalf of Papa Murphy's between October 16, 2013 through June 15, 2015, including, but not limited to the following:  all such claims in any way seeking, alleging or including damages or any other relief for interruption of service, loss of use, down time, invasion of privacy, trespass, nuisance, or any violation of any type of the Telephone Consumer Protection Act, 47 U.S.C. § 227, its implementing regulations, Washington's Commercial

SETTLEMENT AGREEMENT AND RELEASE - 6
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

Electronic Mail Act, RCW 19.90 *et seq.*, Washington's Consumer Protection Act,  RCW 19.86 *et seq.* or any other federal or state law, any such claims that were brought or could have been brought in the Action (including but in no way limited to any claims related directly or indirectly in any manner whatsoever to any claims raised by Plaintiffs, on behalf of any Class Member in any pleading, motion or brief filed in the Action), and any such grievances, controversies, allegations, accusations, demands, judgments, causes of action, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or un-asserted, whether (a) claiming compensation, money damages, equitable, injunctive, or other type of relief; (b) based on any federal, state, or municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, or any other causes of action that any Releasing Party, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Released Parties through the Effective Date.  The Released Claims include, but are not limited to, Plaintiffs' pending motion for reconsideration of the October 14, 2016 order granting Papa Murphy's a limited waiver of relevant Federal Communication Commission ("FCC") rules.  Plaintiffs agree to withdraw their pending reconsideration motion under applicable FCC procedures upon the Effective Date.

2.40    "Released Parties" shall mean Papa Murphy's Holdings, Inc., Papa Murphy's International L.L.C., formerly known as Papa Murphy's International, Inc., Papa Murphy's Company Stores, Inc., PMI Holdings, Inc., Papa Murphy's Intermediate, Inc., Murphy's Marketing Services Inc., and all of their related parent and subsidiary companies, affiliates, stores, divisions, and branches thereof, their officers, directors, members, managers, heirs,

employees, insurers, reinsurers adjusters, representatives, agents, predecessors, successors, shareholders, franchisees, attorneys, and assigns, past and present.

2.41    "Releasing Parties" shall mean the Plaintiffs, as well as all those Class Members who do not submit a timely and valid Request for Exclusion.

2.42    "Request for Exclusion" shall mean a request from a Class Member to the Claims Administer to be excluded from the Settlement in the method specified in accordance with this Agreement.

2.43    "Service Award" shall mean the monetary amount awarded by the Court in recognition of the assistance provided by the Plaintiffs in the prosecution of this Action as set forth in this Agreement.

2.44    "Settlement" shall mean the Agreement by the Parties to resolve this Action, the terms of which have been memorialized and provided for in this Agreement.

2.45    "Settlement Agreement" shall mean this Agreement and all the exhibits attached hereto.

2.46    "Settlement Class" or "Settlement Class Members" shall mean all Class Members who do not submit a timely and valid Request for Exclusion.

2.47    "Settlement Website" shall mean the Internet website established by the Claims Administrator to provide for publication of the Settlement Agreement, the Long-Form Notice, the Preliminary Approval Order, and the Class Counsel's motion for an Attorneys' Fees and Costs Award.  The Settlement Website shall also provide a method for Settlement Class Members to submit an electronic Claim Form.

2.48    "Valid Claim" shall mean a Claim Form submitted by a Settlement Class Member that:  (a) is submitted in accordance with the directions accompanying the Claim Form and the provisions of the Settlement; (b) is, on the submission, accurately, fully and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) is signed physically or by e-signature by a Settlement Class

1  Member personally, subject to certification that the information is true and correct to the best of

2  the claimant's knowledge ; (d) is returned via mail and received by the Claims Deadline, or, if

3  submitted online, is submitted by 11:59 p.m. Eastern Time on the Claims Deadline; and (e) is

4  determined to be valid by the Claims Administrator confirming that the claimant is a member

5  of the Settlement Class according to the requirements laid out in Section 14.4, *infra*.

6  ### III.   RECITALS

7  3.1     This class action was commenced on May 7, 2015.  The class action arose from

8  the alleged transmission of text messages allegedly sent on behalf of Defendants to Class

9  Members.

10  3.2     Generally, the Action alleges that transmission of the text messages violated

11  state and federal law.   At all times, Defendants have denied and continue to deny any

12  wrongdoing whatsoever and have denied and continue to deny that they committed any

13  wrongful act or violation of law alleged in the Action.   Defendants contend that they acted

14  properly in all regards in connection with the text messages in question.   Defendants also deny:

15  (a) each and every claim and contention alleged in the Action, (b) all charges of wrongdoing or

16  liability arising out of any acts or omissions alleged in the Action, (c) that the Plaintiffs or Class

17  Members are entitled to any form of damages or other relief based on the conduct alleged in the

18  Action, (d) and that the Action is suitable for class treatment.   Defendants maintain that they

19  have meritorious defenses to the allegations in the Action and were prepared to vigorously

20  defend themselves.

21  3.3     Discovery has been conducted in the Action, such that the parties hereto are in a

22  sufficient position to assess the merits and weaknesses of their respective claims and defenses.

23  In this regard, Defendants have produced hundreds of thousands of pages of documents, and

24  the Parties have conducted other discovery, including numerous depositions, to evaluate the

25  claims and defenses presented in this action.

26  3.4     Class Counsel and Defendants' Counsel participated in a day-long formal

SETTLEMENT AGREEMENT AND RELEASE - 9
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1   mediation on December 11, 2017, using an experienced class action mediator and conducted

2   numerous telephonic and in-person negotiations over several months regarding this Agreement.

3   On February 16, 2018, the Parties signed a Settlement Term Sheet, which is attached as Exhibit

4   5. Substantial time and effort has been expended by the parties and their counsel in litigating

5   this case and in negotiating the Agreement and the settlement contemplated herein.

6         3.5     Defendants have concluded that settlement is desirable in order to avoid all

7   pending and potential claims of the Plaintiffs and Class Members relating to the claims asserted

8   in the Action.

9         3.6     Plaintiffs recognize the costs and risks of prosecution of this Action, and believe

10  that it is in their interest and the interests of all Class Members, to resolve this Action and any

11  and all claims related to any text messages sent to the Class Members during the Class Period,

12  with the execution of this Settlement Agreement.

13        3.7     Plaintiffs declined to negotiate the amount of Attorneys' Fees and Costs Award

14  as part of the parties' negotiation of the terms of the class settlement.

15            **IV.    GENERAL PROVISIONS OF THE SETTLEMENT**

16        4.1     Class Counsel and the proposed Class Representatives, on behalf of Class

17  Members, enter into this Agreement to terminate and settle all claims that were made or could

18  have been made in the Action against the Released Parties in recognition of (a) the existence of

19  complex and contested issues of law and fact, (b) the risk, difficulty, and uncertainty of success

20  associated with endeavoring to litigate this Action, (c) the likelihood that future proceedings

21  will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement

22  by the Parties, (d) the magnitude of the benefits derived from the contemplated settlement in

23  light of both the maximum potential and the likely range of recovery to be obtained through

24  further litigation and the expense thereof and the risk associated therewith, and (e) the

25  determination by the Plaintiffs and Class Counsel that the settlement is fair, reasonable, and

26  adequate and in the best interest of, and will substantially benefit, the Class Members.

SETTLEMENT AGREEMENT AND RELEASE - 10
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

4.2     The Parties have agreed that the Settlement will be administered in such a manner that proper records and proof of all Settlement Class Members who claim or are paid a benefit are available to the Court for verification, the expense of which is included as part of the Claims Administration Costs, which will be paid by Defendants.  Defendants will be responsible for payment of all Claims Administration Costs (as more fully outlined in Section VII, *infra*), the Service Awards, compensation for all Valid Claims, Attorneys' Fees and Costs Award, and providing the Class Members with Merchandise Vouchers (as more fully outlined in Section VI and VIII, *infra*).  The notice and the administration of the settlement will be performed by the Claims Administrator.

4.3     Defendants enter into this Agreement notwithstanding their continued denial of liability for the claims asserted in the Action in order to terminate all controversies and put to rest all claims against Defendants and the Released Parties and to avoid further litigation without any admission on the part of Defendants or the Released Parties of any liability whatsoever for any damages of any type under any law in any way arising out of the claims or allegations set forth in the action.

4.4     Whether or not the Effective Date occurs, neither this Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement of the Settlement:

    a.     May be deemed, or shall be used, offered, or received against the Released Parties as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the appropriateness of class certification (other than for purposes of settlement) the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

    b.     Is, may be deemed, or shall be used, offered, or received against the

SETTLEMENT AGREEMENT AND RELEASE - 11
No. 3:15-cv-05307-RBL

Released Parties, as an admission, concession, or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c.     Is, may be deemed, or shall be used, offered, or received against the Released Parties, or each of any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Parties to the Agreement, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

d.     Is, may be deemed, or shall be construed against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than the amount that could have or would have been recovered after trial; and

e.     Is, may be deemed, or shall be construed as, or received in, evidence as an admission or concession against the Released Parties, or each of any of them, that any of Class Representatives' claims have merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

4.5     Notwithstanding the foregoing, the Settlement, this Agreement, and any acts performed or documents executed in furtherance of or pursuant to this Agreement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  In addition, if this Agreement is approved by the Court, any party or any of the Released Parties may file this Agreement and/or the Final Approval Order and/or Judgment and Order of Dismissal with Prejudice in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim

1    preclusion or issue preclusion or similar defense or counterclaim.

2         4.6    It is the intention and a condition of this Agreement, and the Parties agree, that

3    by the Effective Date, the Agreement will fully and completely settle the Released Claims.

4    Without limiting the foregoing, it is also the intention and a condition of this Agreement, and

5    the Parties hereto agree, that upon the Effective Date (a) the Released Parties will be finally

6    released from any and all claims by, through and on behalf of each Releasing Parties, (b) the

7    Action, insofar as affecting Defendants and the Released Parties, and all claims of whatever

8    nature related to the Action which the Settlement Class asserted or could have asserted against

9    Defendants or the Released Parties will be dismissed, on the merits, with prejudice, (c) each

10   and every Releasing Party and all other claims by, through or on behalf of a Releasing Party,

11   will be forever barred and enjoined from instituting or maintaining any action against

12   Defendants or the Released Parties with respect to the Released Claims, and (d) that as against

13   Defendants and the Released Parties, the relief provided through the Agreement shall be the

14   exclusive remedy for any and all of the Released Claims.  It is also the intention and a

15   condition of this Agreement, and the parties agree, that Defendants and the Released Parties are

16   not, and in the future will not, be subject to any liability or expense of any kind to any

17   Releasing Party or any person claiming by, through or under any Releasing Party, for any

18   Released Claim.

19        4.7    It is the intention and a condition of this Agreement that the Final Approval

20   Order and/or Judgment and Order of Dismissal be entered.  The Parties agree to take all

21   reasonable actions necessary to fulfill and satisfy this intention and condition.

22        4.8    It is the intention and a condition of this Agreement, and the Parties agree, that

23   Defendants and the Released Parties shall never again face litigation by or liability to any

24   Releasing Party with regard to any of the Released Claims.

25                          **V.    CLASS CERTIFICATION**

26        5.1    For purposes of this Settlement Agreement, the Parties hereby stipulate to the

SETTLEMENT AGREEMENT AND RELEASE - 13
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1    certification as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).

2        5.2    This stipulation is to clarify that the Parties hereby stipulate to the certification

3    as a class action for purposes of the Settlement Agreement only.

4        5.3    The class action certification confirmed by this stipulation as set forth above for

5    purposes of this Settlement Agreement is without prejudice to Defendants to contest the

6    certification of any class should the Settlement Agreement not be approved by the Court as set

7    forth herein.

8        5.4    Subject to Court approval, John Lennartson, Rita Andrews, Cassie Asleson, and

9    Susan Shay Nohr shall be confirmed or else appointed by the Court as the Class

10   Representatives of Class Members and Mark Griffin and Karin Swope of Keller Rohrback LLP

11   and June Hoidal and Behdad Sadeghi of Zimmerman Reed LLP shall be confirmed or else

12   appointed by the Court as Class Counsel.

13   ## VI.    SETTLEMENT AMOUNT

14       6.1    In consideration for dismissal of the Action with prejudice and the release of the

15   Released Claims, Defendants agree to provide the following:   (a) $10.00 in Merchandise

16   Vouchers which is automatically distributed to Class Members with a total value not to exceed

17   $11,318,410.00; (b) $10.00 Cash Award to Settlement Class Members who submit Valid

18   Claims with a total value not to exceed $11,318,410.00; (c) Service Awards not to exceed

19   $60,000.00; (d) Claims Administration Costs estimated to be $400,000.00.    Under no

20   circumstances shall any Defendant be required under this Agreement to incur or pay any

21   amount that the Defendant is not explicitly obligated to incur or pay under this Agreement.

22   Further, Defendants shall not be required to pay more than one Cash Award per cellular

23   telephone number.

24   ## VII.    CLAIMS ADMINISTRATION COSTS

25       7.1    In consideration of dismissal of the Action with prejudice and the Released

26   Claims, Defendants agree to pay for Claims Administration Costs estimated to be $400,000.00.

SETTLEMENT AGREEMENT AND RELEASE - 14
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1

## VIII.  DISBURSEMENTS

2    8.1    The Parties agree to the following disbursements:

3         a.  First, following the Preliminary Approval Order, the Defendants shall

4            distribute the Claims Administration Costs (equaling $400,000.00) to the

5            Claims  Administrator  in  the  method  specified  by  the  Claims

6            Administrator.

7         b.  Second, within thirty (30) days of the Effective Date, Defendants shall

8            provide  the  Cash  Award,  which  shall  be  $10.00  multiplied  by  the

9            number of Valid Claims, to the Claims Administrator, which will then

10           mail  checks  to  all  those  Settlement  Class  Members  who  submitted  a

11           Valid Claim.

12        c.  Third,  within  ten  (10)  days  of  the  Effective  Date,  Defendants  shall

13           provide  the  Service  Award,  totaling  $60,000.00 to  Class  Counsel  in  the

14           method  specified  by  Class  Counsel.   Class  Counsel  shall  then  distribute

15           the  Service  Awards  in  equal  amounts  totaling  $15,000.00  to  each  of  the

16           Class Representatives.

17    8.2    Any  payment  required  by  order  of  the  Court  to  be  made  to  Class  Counsel  and

18  Class  Representatives  shall  not  be  made  prior  to  the  Effective  Date.   To  the  extent  that

19  Settlement  Class  Members  do  not  submit  Valid  Claims,  the  Cash  Award  will  remain  the

20  property  of  Defendants.   The  Settlement  does  not  create  any  vested  property  interest  or

21  unclaimed  property  rights  for  Settlement  Class  Members  who  do  not  file  Valid  Claims  for  the

22  Cash  Award.   Any  funds  collected  from  the  Defendants,  but  not  distributed  because  checks

23  were  returned  as  undeliverable  or  not  cashed  after  ninety  (90)  days  shall  be  automatically

24  void  and  the  funds  shall  be  returned  to  the  Defendants  or  their  assigns  by  the  Claims

25  Administrator.

26

SETTLEMENT AGREEMENT AND RELEASE - 15
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

## IX.   MERCHANDISE VOUCHERS

9.1    Subject to the limitations set forth in this Agreement, Defendants will provide Merchandise Vouchers to Class Members, in the form of two $5.00 vouchers (totaling $10.00). The two $5.00 Merchandise Vouchers cannot be combined into a single transaction.   Two Merchandise Voucher Codes will be provided in the Class Notice, which can be used exclusively on Papa Murphy's website (www.papamurphys.com) for online orders.   All Class Notices that contain these unique Merchandise Voucher Codes will also provide a telephone number Class Members can call if they cannot use these online codes and instead wish to receive physical vouchers that can be redeemed at Papa Murphy's stores.

9.2    The Merchandise Vouchers shall not be transferable in any way and may be used only by the person to whom the Class Notice was provided by mail or email.

9.3    The Merchandise Vouchers may not be combined with any other offers or coupons.

9.4    The Merchandise Vouchers shall not expire for at least six (6) months.

## X.   CLAIMS ADMINISTRATOR

10.1    The Parties have agreed upon CPT Group, Inc. as the Claims Administrator that shall, as approved by the Court, conduct notice upon the Class Members, process claims, track opt-outs and objections, as well as report to the Parties and the Court on the claims administration process.   Additionally, the Claims Administrator shall screen all Claim Forms for fraud and will issue Cash Awards for Valid Claims.   Administration elements of this Settlement will involve mailing and emailing notice to the Class Members, claims review, and payment processing.

## XI.   NOTICE

11.1    The Parties agree to the content of the Class Notice and Long-Form Notice, substantially in the forms of Exhibits 2  and 3, copies of which are attached hereto.

11.2    The Class Notice and Long-Form Notice will include dates by which Class

SETTLEMENT AGREEMENT AND RELEASE - 16
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

Members must choose to make Claims, submit Requests for Exclusions, or file Objections to the Settlement, which will be sixty (60) days from the Notice Date.  The Class Notice and Long-Form Notice will also advise Class Members that Class Counsel will file their request for approval of the Attorneys' Fees and Costs Award no later than thirty (30) days after Class Notice has been sent, and that the request will also be posted to the Settlement Website, so that Class Members will have thirty (30) days to consider and file any Objections they may have to said request.  The Class Notice will also provide the Class Members with the Settlement Website address, where they can submit Claim Forms or download Claim Forms to be submitted via U.S. mail.  Class Members must use the Class Member Identifier to access the Claim Form.

11.3    Class Notice will be provided through the best notice practicable and designed to meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure.  The Claims Administrator shall send the Class Notice via email to up to 20% of the Class Members. The email addresses for those Class Members who will receive email notice will be obtained from Papa Murphy's records.  For the remaining Class Members, the Claims Administrator will use a reverse phone lookup procedure to send the Class Notice via 4 x 6 inch postcards with the notice on one side and a class member's mailing address on the other side.

11.4    No later than the Notice Date, the Claims Administrator shall establish the Settlement Website, which shall contain copies of the Settlement Agreement, the Long-Form Notice, and information concerning the claims process.  The Settlement Website will also provide a method through which Class Members can submit a Claim Form electronically, using their Class Member Identifier to the Claims Administrator, as well as Claim Forms that can be downloaded and submitted via U.S. mail.  When Class Representatives file additional motions affecting the interests of the Class Members (*e.g.*, Class Counsel's motion for an Attorneys' Fees and Costs Award and the motion for final approval), the Claims Administrator will also make copies of these motions and all attachments and declarations thereto available

1   on the Settlement Website.

2       11.5    The Settlement Website shall remain open and accessible no less than thirty (30)

3   days after the entry of the Final Approval Order.

4       11.6    No later than fourteen (14) days prior to the final approval hearing, the Claims

5   Administrator will provide to the Parties a declaration, attesting that Class Notice was

6   disseminated by the Claims Administrator in a manner consistent with the terms of this

7   Settlement Agreement.

8                   **XII.    RELEASED CLAIMS AND COVENANT NOT TO SUE**

9       12.1    This Agreement shall be the sole and exclusive remedy for any and all Released

10  Claims against the Released Parties, including all Defendants.  The Releasing Parties shall be

11  permanently barred from initiating, asserting, or prosecuting Released Claims.

12      12.2    Upon the Effective Date , each Releasing Party, without any other action, fully,

13  finally, and forever releases, relinquishes, and discharges the Released Parties from the

14  Released Claims.   Without limiting the breadth of this release, the Releasing Parties—

15  regardless of whether they received a Merchandise Voucher or Cash Award, or executed or

16  delivered a Claim Form—without any further action, shall be deemed to have fully, finally, and

17  forever released, relinquished, and discharged the Released Parties from the Released Claims

18  and, by operation of the Final Approval Order, all of the Released Claims shall be dismissed

19  with prejudice.

20      12.3    On the Effective Date of this Agreement, for  good and valuable consideration,

21  the receipt and sufficiency of which are hereby acknowledged, the Releasing Parties fully and

22  forever release, acquit, and discharge the Released Parties from any and all Released Claims.  It

23  is expressly intended and understood by the Parties that this Agreement is to be construed as a

24  complete settlement, accord, and satisfaction of the Released Claims.

25      12.4    The Releasing Parties acknowledge that they are releasing both known and

26  unknown and suspected and unsuspected claims and causes of action and are aware that they

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations in and subject matter of the Action or otherwise with respect to the Released Claims.   Nevertheless, it is the intention of the Releasing Parties to fully, finally, and forever settle and release all Released Claims, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or un-asserted, whether : (a) based on any federal, state, or municipal statute, law, ordinance, or regulation; (b) based on common law or public policy; or (c) sounding in tort or contract, whether oral or written, express or implied, law or equity, of the Settlement Class, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Released Parties through the Effective Date.

12.5   Upon the Effective Date, John Lennartson and Susan Shay Nohr further agree in consideration for the benefits provided through this Agreement to withdraw their pending motion for reconsideration of the October 14, 2016 order granting Papa Murphy's a limited waiver of relevant FCC rules, or agree to dismiss any appeal filed by them .

12.6   The Releasing Parties hereby expressly acknowledge certain principles of law applicable in some states that provide that a general release does not extend to claims that a creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her could have materially affected his or her settlement with the debtor, which statute or law is similar, comparable or equivalent to Section 1542 of the Civil Code of the State of California, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which is known by him, must have materially affected his settlement with the debtor.**

Notwithstanding the choice of law provision in this Agreement, to the extent that California or other law may be applicable, the Releasing Parties hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar, comparable or equivalent

1    federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be

2    applicable, are hereby knowingly and voluntarily waived and relinquished by the Releasing

3    Parties, and the Releasing Parties agree and acknowledge that this provision and the inclusion

4    of unknown and unsuspected claims in the release were separately bargained for and are

5    essential terms of this Agreement.

6        12.7    The Releasing Parties further agree that they shall not request or knowingly

7    permit any third party to bring any claim released herein on their behalf concerning the

8    Released Claims.

9        12.8    The Releasing Parties further covenant and agree that (a) they will not sue or

10    bring any action or cause of action, including by way of third-party claim, cross-claim, or

11    counterclaim, against any of the Released Parties in respect of any of the Released Claims; (b)

12    they will not initiate or participate in bringing or pursuing any class action against any of the

13    Released Parties in respect of any of the Released Claims; (c) if involuntarily included in any

14    such class action, they will opt-out of the lawsuit; and (d) they will not assist any third party in

15    initiating or pursuing a class action suit in respect of any of the Released Claims.

16        12.9    This release may be raised as a complete defense and bar to any action, claim, or

17    demand brought in contravention of this Agreement.  In the event any such action, claim, or

18    demand is brought or pursued in violation of the release after the party bringing or pursuing

19    such barred action, claim, or demand received notice that the action is in violation of the

20    release, the party bringing or pursuing such barred action, claim, or demand shall indemnify

21    and hold harmless the party against whom such action, claim, or demand is brought from and

22    against any and all judgments, costs, and expenses arising therefrom (including but not limited

23    to reasonable attorneys' fees and disbursements of counsel and other professionals and court

24    costs incurred in connection therewith), it being the intent that the substantially prevailing party

25    shall be entitled to indemnification from the substantially non-prevailing party involved in any

26    such action.  This duty to indemnify applies only to parties who individually bring or actively

participate in bringing a barred action, claim, or demand and does not apply to any party that is involuntarily included in a class action.

12.10   The release does not bar any Releasing Party or Released Party from bringing an action, claim, or demand to enforce the terms of this Agreement.  In the event of any action, claim, or demand brought to enforce the terms of the Agreement after the Effective Date, the prevailing party shall be entitled to any and all costs and expenses arising therefrom (including but not limited to reasonable attorneys' fees and disbursements of counsel and other professionals and court costs incurred in connection thereon).

12.11   On the Effective Date, all attorney liens, if applicable, will be dissolved.  Except for the obligation to make the payment of the Attorneys' Fees and Costs Award as awarded by the Court, the Released Parties shall be absolved and released from liability to Class Counsel in every way, including but not limited to liability for any of Class Counsel's attorneys' fees, other professional fees, expert fees, disbursements, court costs, interest, penalties, and expenses, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or un-asserted, whether: (a) based on any federal, state, or municipal statute, law, ordinance, or regulation; (b) based on common law or public policy; or (c) sounding in tort or contract, whether oral or written, express or implied, or any other causes of action Class Counsel, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Released Parties from the beginning of the world through the Effective Date.

12.12   Class Counsel acknowledges that, at this time, they are not aware of and do not represent any other individual or entity that may have claims against any of the Released Parties.

## XIII.   PRELIMINARY APPROVAL OF THE AGREEMENT

13.1   Class Counsel shall file a motion for (a) preliminary approval of the Settlement Agreement; (b) approval of the Class Notice and Long-Form Notice (as described in Section

XI, *supra*); and (c) scheduling of the Final Approval Hearing.  Class Counsel shall note such motion no later than thirty (30) days after this Settlement Agreement is signed by all Parties.  A copy of the [Proposed] Preliminary Approval Order agreed to by the Parties is attached hereto as Exhibit 4.

13.2    Upon the filing of Plaintiffs' motion for preliminary approval, counsel for Defendants will provide notice of the Settlement to the appropriate officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 with the costs of such notice to be paid by Defendants.

## XIV.   CLAIMS PROCEDURES, REQUESTS FOR EXCLUSION, OBJECTIONS

14.1    No person or entity may make a Claim to, or receive a Cash Award under this Agreement, unless the person is a Class Member and complies with these claims procedures.

14.2    Every Class Notice will provide information for how Class Members can submit a Valid Claim Form.  Claim Forms can be submitted electronically through the Settlement Website, using the Class Member Identifier.  The Settlement Website will also provide Claims Forms that can be printed, using the Class Member Identifier, filled out, and sent through U.S. mail to the Claims Administrator.

14.3    The Claims Administrator will determine, in good faith, the validity of the Claims using their records and other available information, including but not limited to verifying that the telephone number submitted by any potential Settlement Class Member is a cellular telephone number included in the Class List, as well as verification of the Class Member Identifier.

14.4    A submitted Claim Form must satisfy the following conditions to be valid: (a) the Claim Form must provide all the information requested and be signed and certified that the information is true and correct to the best of the claimant's knowledge (for electronic submissions, electronic attestations are acceptable); (b) if the person executing the Claim Form is acting in a representative capacity, the Claim Form must be accompanied by a statement or

other documentation affirming the authority of that person to act on behalf of, and to bind, the Settlement Class Member; (c) the completed Claim Form must be submitted by 11:59 pm Eastern Time by the Claims Deadline, meaning, if mailed, it must be received by the Claims Deadline; (d) the cellular telephone number provided must appear on the Class List; (e) the Settlement Class Member submitting the Claim Form must confirm that he or she was an authorized user of the cellular telephone number to which the text messages were sent at the time the text messages were received; (f) the Settlement Class member submitting the Claim must certify that he or she received unwanted text messages from Papa Murphy's on the identified telephone number between October 16, 2013 and June 15, 2015; and (g) the Class Member Identifier associated with the cellular telephone number must be listed on the Claim Form.

14.5    All Claim Forms shall be sent by mail or transmitted electronically through the Settlement Website to the Claims Administrator.  No later than thirty (30) days following the end of the Claims Period, the Claims Administrator will submit the Accounting, as described in Section XV, *infra*, to the Parties, setting forth the total number of Claims submitted, the total number and dollar value of all Valid Claims, the number of Claims rejected as invalid, and the number of Objections to the Settlement Agreement.  The Claims Administrator shall be the final arbiter of whether a Claim is valid.  Settlement Class Members who do not file Valid Claims do not have any vested interest in the Cash Award or unclaimed property rights.

14.6    Any Class Members shall have the right to be excluded or to "opt-out" from the Settlement.  On or before the Opt-Out Deadline established by the Court, each individual electing to submit a Request for Exclusion must deposit in the U.S. mail an opt-out notice addressed to the Claims Administrator, identifying his or her name, address, the cellular telephone number that received the text message from Defendants, a clear statement that he or she desires to be excluded from the Settlement Class, as referenced in the Class Notice and described in the Long-Form Notice.  The Request for Exclusion should be signed by the person

1  requesting exclusion and should be received by the Claims Administrator before 11:59 pm

2  Eastern Time on the Opt-Out Deadline.  Class Members who do not timely submit a Request

3  for Exclusion from the Settlement or who fail to properly opt-out of the Settlement will become

4  members of the Settlement Class and may receive certain benefits of the Settlement Class, and

5  shall be bound by any order(s) of the Court regarding the Settlement Class Members.

6        14.7   The parties agree that this Agreement and any Settlement between the Parties

7  shall become null and void, at the election of Defendants, in the event the Claims Administrator

8  receives Requests for Exclusion from fifteen hundred (1500) Class Members.  Defendants will

9  do nothing to encourage Class Members to opt out.

10        14.8   The Claims Administrator shall provide copies of any notices of Requests for

11  Exclusion to Class Counsel and Defendants' Counsel within a reasonable time of receipt of the

12  same by the Claims Administrator, but no later than fourteen (14) days prior to the Final

13  Approval Hearing (unless received by the Claims Administrator after such time, in which event

14  the Claims Administrator shall immediately forward copies of the same to Class Counsel and

15  Defendants' Counsel).

16        14.9   As described in the Long-From Notice, any Objections to the Settlement

17  Agreement must be in writing, and must: (a) attach documents establishing, or provide

18  information sufficient to allow the Parties to confirm that the objector is a Class Member; (b)

19  include a statement of such Class Member's specific Objection; (c) state the grounds for the

20  Objection; (d) identify any documents such objector desires the Court to consider; (e) provide

21  all information requested on the Claim Form; and (f) state whether he/she intends to appear at

22  the Final Approval Hearing either with or without counsel.  In addition, any Settlement Class

23  Member objecting to the Settlement shall provide a list of all other Objections submitted by the

24  objector, or the objector's counsel, to any class action settlements submitted in any Court in the

25  United States in the previous five years. If the Settlement Class Member or his/her or its

26  counsel has not objected to any other class action settlement in the United States in the previous

five years, he/she or it shall affirmatively so state in the Objection. Any Objection to be considered timely must be filed by the Objection Deadline contained on the Preliminary Approval Order.  All documents specified in this paragraph must be filed with the Court and served upon designated Class Counsel, Defendants' Counsel, and the Claims Administrator no later than sixty (60) days after the Notice Date.  The Parties will have the same right to seek discovery from any objecting Settlement Class Member (and their counsel) as they would if the objector was a party in the Action, including the right to take the objector's deposition.  Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond and must appear for deposition within 14 days, if a deposition is noticed.  Settlement Class Members who fail to timely file and serve written objections, or fail to respond to discovery or make themselves available for deposition, shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

14.10   No person shall be entitled to contest in any way the approval of the terms and conditions of this Agreement or the Final Approval Order except by filing and serving a written Objection in accordance with the provisions of this Agreement.  Any Class Member who fails to exclude himself or herself from the Settlement Class in accordance with this Agreement, or who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising objections to the settlement and from asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, in any litigation or arbitration involving the parties.

14.11   A Class Member may not assign their rights to make a claim for a Cash Award under the Agreement in this Action.

14.12   Once received by the Claims Administrator, the Claim Form shall be deemed submitted to the Claims Administrator in accordance with these provisions if it is (a) transmitted electronically through the Settlement Website to the Claims Administrator on or

1  before the Claims Deadline as explained herein, or (b) mailed by first class U.S. Mail and

2  received before the Claims Deadline.

3      14.13  By submitting a Claim Form, each Settlement Class Member submits

4  himself/herself to the jurisdiction of the Court for the purpose of asserting a Claim to

5  compensation under the Agreement in this Action, and each Claim Form will be subject to

6  examination and investigation by the Claims Administrator as to a Settlement Class Member's

7  entitlement to compensation under this Agreement.

8      14.14  Under no circumstances shall Defendants, the Released Parties, the Claims

9  Administrator, its authorized agents, or any person affiliated with Defendants or acting on

10  Defendants' behalf have any liability to a Settlement Class Member relating to the performance

11  of the duties of claims review and administration required under this Agreement and the Final

12  Approval Order, except as expressly provided in this Agreement. No person, including the Class

13  Representatives and members of the Settlement Class, shall be permitted to commence a cause

14  of action regarding such matters.  Any issue regarding the performance by Defendants and/or the

15  Claims Administrator of duties under this Agreement or the Final Approval Order may be raised

16  only by motion to the Court under its continuing jurisdiction over the Action.

17                          **XV.   ACCOUNTING**

18      15.1   The Claims Administrator shall maintain at all applicable times detailed

19  written accounts ("Accounting") that reflect, (a) the total number of Claims submitted; (b) the

20  total number and dollar value of all Valid Claims, (c) the number of Claims rejected as

21  invalid, (d) the Opt-Out List, (e) the total number of Objections to the Settlement Agreement,

22  and (f) the number of checks mailed to Settlement Class members who submitted Valid

23  Claims.

24      15.2   Any funds collected from the Defendants, but not distributed because checks

25  were returned as undeliverable or not cashed after ninety (90) days shall be returned to the

26  Defendants or their assigns by the Claims Administrator.

SETTLEMENT AGREEMENT AND RELEASE - 26
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

## XVI.   FINAL APPROVAL AND EFFECT OF THE AGREEMENT

16.1    If the Court enters the Preliminary Approval Order as described in Section XII, the Parties shall proceed with due diligence to conduct a Final Approval Hearing as ordered by the Court.  At the Final Approval Hearing, Class Counsel will request that the Court, *inter alia*, (a) consider any properly filed Objections to the proposed Settlement, (b) determine whether the Settlement set forth in the Agreement is fair, reasonable and adequate and entered in good faith and without collusion and should be finally approved, and (c) if Settlement is approved, and no appeal has been or may be filed, dismiss the Action on the merits, with prejudice in a Final Approval Order, substantially in the form of Exhibit 6, a copy of which is attached hereto.

16.2    This Agreement is subject to and conditioned upon the issuance by the Court and subsequent entry, following the Final Approval Hearing, of a Final Approval Order.  If the Court does not issue a Final Approval Order of the proposed settlement for any reason whatsoever, or fails to approve any material term, then the Parties shall proceed as detailed in Section XVIII, *infra*.  Nothing herein shall be construed to suggest that class certification is appropriate other than for purposes of settlement, and no party may cite this Agreement in support of class certification other than for purposes of settlement.

16.3    The Court will retain jurisdiction over the Parties to the Agreement for the purpose of administering, supervising, construing and enforcing the Agreement, Preliminary Approval Order, and Final Approval Order, and supervising the administration and disbursements under the Agreement, without prejudice to the rights of any party to contest personal jurisdiction or for any other purpose.

## XVII.  ATTORNEYS' FEES AND COSTS

17.1    The Court shall determine whether, and in what amounts, reasonable and necessary attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel, based upon Class Counsel's motion for an Attorneys' Fees and Costs Award.  Class Counsel will not seek an  award of attorneys' fees and costs greater than $2,050,000.00.  This

amount ($2,050,000) does not include the Claims Administration Costs and Service Award approved by the Court.   Whatever amount awarded by the Court pursuant to Class Counsel's motion for an Attorneys' Fees and Costs Award shall be inclusive of any and all fees, costs, and expenses whatsoever related in any way or in any way connected to or arising out of this Action or any related matters, including, without limitation, any fees, costs, and expenses related in any way or connected to or arising out of the FCC matter referenced in Paragraph 12.5 *supra*. Defendants agree that Class Counsel is entitled to attorney' fees and costs as approved by the Court, subject to the requirements of this paragraph.  Defendants agree to pay Class Counsel up to $2,050,000.00 in attorneys' fees and costs.  Defendants have notified Plaintiffs that they intend to oppose Class Counsel's motion for an Attorneys' Fees and Costs Award and argue for an amount less than $2,050,000.00.     Subject to Court approval, any Attorneys' Fees and Costs Award of up to $2,050,000.00 shall be paid by the Defendants. Court approval of Class Counsel's Attorneys' Fees and Costs Award will not be a condition of the Settlement. If the Court denies, in whole or part, Class Counsel's Fees and Costs Award, the remainder of the terms of this Agreement shall remain in effect.

17.2    Defendants shall be required to pay the Attorneys' Fees and Costs Award to Class Counsel no later than 10 calendar days after the Effective Date.

17.3    Except as provided herein, each of the Parties shall bear their own fees and expenses in connection with the Action and the settlement of the Action.

17.4    Class Counsel have requested and Defendants have agreed that the Class Representatives shall receive a Service Award of $15,000.00 each for their services (together, totaling $60,000), which amount shall be paid by the Defendants, if approved by the Court.

## XVIII. EFFECT OF NON-APPROVAL

18.1    In the event the Court in this Action or any other Court (a) disapproves, sets aside, or modifies this Settlement Agreement in any manner; (b) declines for any reason to enter or give effect to a Preliminary Approval Order; (c) declines for any reason to enter or give

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

effect to Final Approval Order; or (d) holds that an order for final judgment, or any judgment entered pursuant thereto, should in any material part be overturned or modified in any material way, then the Parties shall use their best efforts for at least seven (7) calendar days, and for such longer time if all Parties agree, to effectively repair deficiencies in order to obtain Court approval. If the Parties are unable to reach an accord to effectively repair any deficiencies, any Party may, at their sole election, nullify and void this Agreement in its entirety, in which case the Action shall be deemed to revert to its status as of the date and time immediately prior to the execution of this Settlement Agreement.

18.2    Upon such an occurrence, the Parties jointly shall move that any and all orders entered pursuant to this Settlement Agreement be vacated and shall proceed with the Action as if this Settlement Agreement had never been executed; provided, however, that in the event that the Parties, within fifteen (15) days of any such action of any court, jointly elect to appeal from or otherwise seek review or reconsideration of such court action, this Settlement Agreement shall not be deemed null and void until such time as such court action becomes final after any proceedings arising directly or indirectly from the Parties' appeal(s) or other attempt(s) to have such court action reversed, withdrawn, or overturned.  Should this Settlement Agreement be deemed null and void, through the processes specified herein, the parties agree that all prior agreements regarding settlement preceding the Settlement Agreement are also null and void.

18.3    In the event the Settlement Agreement is determined null and void, the Parties shall not refer to the fact or terms of this Settlement Agreement to establish liability or otherwise support the Parties' substantive positions in the Action, and any and all funds paid, excluding the Merchandise Vouchers and any actual expenses incurred by the Claims Administrator, shall be returned to the Defendants forthwith.

## XIX.   MISCELLANEOUS PROVISIONS

19.1    **Waiver.** The waiver by any of the Parties of any breach of this agreement by any of the other Parties shall not be deemed as a waiver of any other prior or subsequent

1  breaches of this agreement.

2      19.2  **Entire Agreement.** This Agreement sets forth the entire agreement and

3  understanding of the Parties with respect to the matters set forth herein, and supersedes all prior

4  negotiations, agreements, arrangements and undertakings with respect to the matters set forth

5  herein. No representations, warranties, or inducements have been made to any Party concerning

6  this Agreement other than the representations, warranties, and covenants contained and

7  memorialized in such documents. This Agreement may be amended or modified only by a

8  written instrument signed by or on behalf of all Parties or their respective successors-in-

9  interest.

10     19.3  **Stay Pending Court Approval.**   Class Counsel and Defendants' Counsel

11  agree to stay all proceedings, other than those proceedings necessary to carry out or

12  enforce the terms and conditions of the Settlement, until the Effective Date of the

13  Settlement has occurred.  If, despite the Parties' best efforts, this Agreement should fail to

14  become effective, the Parties will return to their prior positions in the Action, as described

15  *supra* in Section XVI .  The Parties also agree to use their best efforts to seek the stay and

16  dismissal of, and to oppose entry of any interim or final relief in favor of any Class

17  Member in, any other proceedings against any of the Released Parties which challenges the

18  Settlement or otherwise asserts or involves, directly or indirectly, a Released Claim.

19     19.4  **Authority.** Each counsel or other person executing this Agreement or any

20  related settlement documents on behalf of any Party hereto hereby warrants and represents that

21  such person has the full authority to do so and has the authority to take appropriate action

22  required or permitted to be taken pursuant to the Agreement to effectuate its terms.

23     19.5  **Counterparts.** This Agreement may be executed in one or more counterparts,

24  and copies of signatures shall have the same effect and validity as originals. All executed

25  counterparts and each of them shall be deemed to be one and the same instrument provided that

26  counsel for the Parties to this Agreement all exchange original signed counterparts. A complete

SETTLEMENT AGREEMENT AND RELEASE - 30
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1   set of original executed counterparts shall be filed with the Court.

2   19.6   **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit

3   of, the successors and assigns of the Parties hereto and the Released Parties.

4   19.7   **No Assignment.** Plaintiffs and Class Counsel represent and warrant that none

5   of Plaintiffs' Claims referred to in this Action or this Agreement have been assigned,

6   encumbered, or in any manner transferred in whole or in part.

7   19.8   **No Third-Party Beneficiaries.** This Settlement Agreement creates no rights in,

8   grants no remedies to, and delegates no duty, obligation, or undertaking established herein, to

9   any third party as a beneficiary to this Agreement, excepting those Released Parties who are not

10  parties to this Agreement.

11  19.9   **Joint Drafting.** This Agreement is deemed to have been prepared by counsel for

12  all Parties, as a result of arms' length negotiations among the Parties. Whereas all Parties have

13  contributed substantially and materially to the preparation of this Agreement, it shall not be

14  construed more strictly against one party than another.

15  19.10  **Publicity.** No Party or counsel for any Party shall, during the Claims Period or

16  at any time before the Effective Date, make a public announcement, Internet posting, or press

17  release regarding this settlement, the subject matter of the Action, or this Agreement.

18  Notwithstanding the foregoing, the Parties and counsel are not restricted in any respect from

19  doing any of the following: (a) filing documents with the Court or otherwise participating in

20  any legal proceeding arising out of this Action; (b) filing documents or providing notices

21  required under the Class Action Fairness Act; (c) providing notice to investors or other

22  stakeholders of this Agreement; (d) filing documents or providing notices required by the

23  United States Securities & Exchange Commission; (e) providing notice to the Claims

24  Administrator and any other third parties whose work is necessary to effectuate this Settlement

25  Agreement; (f) for Papa Murphy's only, providing notice to its franchisees that will take part in

26  effectuating this Settlement Agreement; and (g) any publicity explicitly agreed to by the Parties

to this Settlement Agreement as part of the class settlement notification process  Nothing in this paragraph shall prohibit Class Counsel from referring to the Action and posting copies of publicly available pleadings from the Action on their websites.

19.11   **Choice of Law.** This Agreement shall be governed by and interpreted according to the substantive laws of the State of Washington without regard to its choice of law or conflict of laws principles.

19.12   **Severability.**  In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Agreement shall continue in full force and effect without said provision.

19.13   **Variance In Terms.**   Pursuant to Section 19.14 *infra*, the parties acknowledge that all Exhibits to this agreement are parts hereof. However, in the event there is a direct conflict between the terms of this Agreement and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the Exhibit(s). The parties acknowledge that there is no direct conflict between this Agreement and Paragraph 6 and the last paragraph in Paragraph 4 of the Settlement Term Sheet (attached as Exhibit 5).

19.14   **Exhibits to Agreement.**   All Exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

19.15   **Tax Consequences.**   No opinion concerning the tax consequences of this Agreement to any Settlement Class Member is given or will be given by Defendants, Defendants' Counsel, or Class Counsel, nor is any Party or his/her/its counsel providing any representation or guarantee respecting the tax consequences of the Settlement as to any Settlement Class Member.  The Long-Form Notice will direct Settlement Class Members to consult their own tax advisors regarding the tax consequences of the Settlement and any tax reporting obligations with respect thereto.  Each Settlement Class Member is responsible for his/her tax reporting and other obligations respecting the Settlement, if any.

19.16   **Agents**. As their agents for communications related to this Agreement, Class

1    Representatives appoint:

2        June Hoidal
         Zimmerman Reed LLP
3        1100 IDS Center, 80 South 8th Street
         Minneapolis, MN 55402
4
         And
5
         Mark Griffin
6        Keller Rohrback L.L.P.
         1201 Third Avenue, Suite 3200
7        Seattle, WA 98101

8    The Defendants appoint:

9        Anthony Todaro
         DLA Piper LLP (US)
10       701 Fifth Avenue, Suite 7000
         Seattle, Washington 98104
11

12
             The persons and addresses designated in this paragraph may be changed by any Party
13
     by written notice to the other Parties.
14

15   DATED: _4/21/2018_____        _____
                                     JOHN LENNARTSON
16

17
     DATED: _____       _____
18                                   RITA ANDREWS

19

20   DATED: _____       _____
                                     CASSIE ASLESON
21

22   DATED: _____       _____
                                     SUSAN SHAY NOHR
23

24
     DATED: _____       _____
25                                   PAPA MURPHY'S HOLDINGS, INC.

26

1    Representatives appoint:

2         June Hoidal
          Zimmerman Reed LLP
3         1100 IDS Center, 80 South 8th Street
          Minneapolis, MN 55402
4
          And
5
          Mark Griffin
6         Keller Rohrback L.L.P.
          1201 Third Avenue, Suite 3200
7         Seattle, WA 98101

8    The Defendants appoint:

9         Anthony Todaro
          DLA Piper LLP (US)
10        701 Fifth Avenue, Suite 7000
          Seattle, Washington 98104
11

12
          The persons and addresses designated in this paragraph may be changed by any Party
13
     by written notice to the other Parties.
14

15   DATED: _____
                                        JOHN LENNARTSON
16

17   DATED: 04/20/2018
18                                      RITA ANDREWS

19

20   DATED: _____
21                                      CASSIE ASLESON

22   DATED: _____
23                                      SUSAN SHAY NOHR

24
     DATED: _____
25                                      PAPA MURPHY'S HOLDINGS, INC.

26

     SETTLEMENT AGREEMENT AND RELEASE - 33          DLA Piper LLP (US)
     No. 3:15-cv-05307-RBL                          701 Fifth Avenue, Suite 7000
                                         Seattle, WA  98104-7044 | Tel: 206.839.4800

1      19.16  **Agents**. As their agents for communications related to this Agreement, Class

2  Representatives appoint:

3          June Hoidal
           Zimmerman Reed LLP
4          1100 IDS Center, 80 South 8th Street
           Minneapolis, MN 55402
5
           And
6
           Mark Griffin
7          Keller Rohrback L.L.P.
           1201 Third Avenue, Suite 3200
8          Seattle, WA 98101

9  The Defendants appoint:

10         Anthony Todaro
           DLA Piper LLP (US)
11         701 Fifth Avenue, Suite 7000
           Seattle, Washington 98104
12

13         The persons and addresses designated in this paragraph may be changed by any Party

14  by written notice to the other Parties.

15

16  DATED: _____   _____

17                                        JOHN LENNARTSON

18  DATED: _____
19                                        RITA ANDREWS

20
            4/18/2018
21  DATED: _____
22                                        CASSIE ASLESON

23  DATED: _____
24                                        SUSAN SHAY NOHR

25
26  DATED: _____
                                          PAPA MURPHY'S HOLDINGS, INC.

SETTLEMENT AGREEMENT AND RELEASE - 33          DLA Piper LLP (US)
No. 3:15-cv-05307-RBL                          701 Fifth Avenue, Suite 7000
                                        Seattle, WA  98104-7044 | Tel: 206.839.4800

19.16 **Agents**. As their agents for communications related to this Agreement, Class Representatives appoint:

> June Hoidal
> Zimmerman Reed LLP
> 1100 IDS Center, 80 South 8th Street
> Minneapolis, MN 55402

> And

> Mark Griffin
> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101

The Defendants appoint:

> Anthony Todaro
> DLA Piper LLP (US)
> 701 Fifth Avenue, Suite 7000
> Seattle, Washington 98104

The persons and addresses designated in this paragraph may be changed by any Party by written notice to the other Parties.

DATED: _____

JOHN LENNARTSON

DATED: _____

RITA ANDREWS

DATED: _____

CASSIE ASLESON

DATED: 4/18/18

SUSAN SHAY NOHR

DATED: _____

PAPA MURPHY'S HOLDINGS, INC.

SETTLEMENT AGREEMENT AND RELEASE - 33
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1  Representatives appoint:

2       June Hoidal
       Zimmerman Reed LLP
3       1100 IDS Center, 80 South 8th Street
       Minneapolis, MN 55402
4

5       And

6       Mark Griffin
       Keller Rohrback L.L.P.
7       1201 Third Avenue, Suite 3200
       Seattle, WA 98101

8  The Defendants appoint:

9       Anthony Todaro
       DLA Piper LLP (US)
10      701 Fifth Avenue, Suite 7000
       Seattle, Washington 98104
11

12

13       The persons and addresses designated in this paragraph may be changed by any Party

14  by written notice to the other Parties.

15  DATED: _____

16                              JOHN LENNARTSON

17

18  DATED: _____

19                              RITA ANDREWS

20  DATED: _____

21                              CASSIE ASLESON

22  DATED: _____

23                              SUSAN SHAY NOHR

24

25  DATED: _____

                              PAPA MURPHY'S HOLDINGS, INC.

26

SETTLEMENT AGREEMENT AND RELEASE - 33
No. 3:15-cv-05307-RBL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1   DATED: _____        _____
                                          PAPA MURPHY'S INTERNATIONAL L.L.C.
2

3   4812-1713-0338, v. 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

# EXHIBIT 1

# CLAIM FORM

# Lennartson, et al. v. Papa Murphy's Holdings, Inc., et al., No. 3:15-cv-05307-RBL (W.D. Washington) (the "Action")

**IMPORTANT LEGAL MATERIALS**

| CLAIM FORM |
| :---: |

## GENERAL INSTRUCTIONS

**Settlement Class Members who seek a Cash Award from the Settlement must complete and submit this Claim Form.** Completed Claim Forms must be mailed to the Settlement Administrator at CPT Group, Inc. _____ or can be submitted online via the Settlement Website, www._____.com. **Claim Forms must be RECEIVED or SUBMITTED ONLINE NO LATER THAN _____ \_\_\_, 2018 at 11:59 pm, eastern standard time.**

Before you complete and submit this Claim Form by mail or online, you should read and be familiar with the Long-Form Notice available at www._____.com. Defined terms (with initial capitals) used in these General Instructions have the same meaning as set forth in the Settlement Agreement. By submitting this Claim Form, you acknowledge that you have read and understand the Class Notice, and you agree to the Release(s) included as a material term of the Settlement Agreement.  By filing a Valid Claim, you are  eligible for a $10.00 Cash Award.

If you fail to submit a timely Claim Form, your Claim may be rejected and you may be precluded from any Cash Award. If you are a member of the Settlement Class and you do not timely and validly seek exclusion from the Settlement Class, you will be bound by any judgment entered by the Court approving the Settlement regardless of whether you submit a Claim Form. You can file one Valid Claim per cellular telephone number. To receive the most current information and regular updates, please submit your Claim Form on the Settlement Website at www._____.com.

**First Name, MI, Last Name:**

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

**Mailing Street Address:**

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

**Mailing Street Address 2:**

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

**City:**

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

**State:**              **Zip Code:**

▯▯          ▯▯▯▯▯-▯▯▯▯

**Cellular Telephone Number:**
**(Provide the number associated with the phone that received unwanted text messages from Papa Murphy's)**

▯▯▯-▯▯▯-▯▯▯▯

**E-mail Address:**

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

**Class Member Identifier:**

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

**Certification that this Claim Form is True and Correct**

**I hereby certify that:**

1. I received unwanted text messages from Papa Murphy's between October 16, 2013 and June 15, 2015 on the wireless telephone number I listed on this Claim Form and I was the authorized user of that wireless number at the time I received the unwanted text messages;
2. The information provided in this Claim Form is accurate and complete to the best of my knowledge, information, and belief; and
3. I understand that by submitting this Claim Form, I am deemed to have given a complete Release of all settled Claims.

Signature: _____

Date: _____

# EXHIBIT 2

**If you received a text message advertisement from Papa Murphy's,
a class action Settlement may affect your rights.**

A proposed class action Settlement has been reached concerning text message advertisements sent from Papa Murphy's.  The case is known as *Lennartson, et al. v. Papa Murphy's Holdings, Inc., et al,* Case Number 3:15-CV-05307 in the United States District Court for the Western District of Washington.  Defined terms (with initial capitals) used herein have the same meaning as set forth in the Settlement Agreement.

**What is this about & who is a Class Member?**
Plaintiffs allege the text messages were sent on behalf of Defendants to Class Members without proper consent, thereby violating state and federal law.  Defendants contend that text messages were only sent to Text Club members who requested to receive promotional text messages and therefore deny any wrongdoing.  You may be an eligible Class Member if you received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013 and June 15, 2015.

**What are the benefits?**
First, below are codes for two $5.00 Merchandise Vouchers, which can be used for a $5.00 discount on all online orders through Papa Murphy's website (www.papamurphys.com).  These Merchanise Vouchers canot be combined or used with other offers. Second, any Settlement Class Member who submits a Valid Claim will receive a $10.00 Cash Award, upon Final Approval of the Settlement by the Court and resolution of any appeals.

**What are my rights?**
You have a right to make a Claim, submit a Request for Exclusion from the Settlement, file an Objection to the Settlement, or do nothing.  To receive a Cash Award, you must submit a Claim Form, using the Class Member Identifier, either online or by mail to the Claims Administrator, by _____, 2018 at 11:59 p.m. Eastern Standard Time.  You may submit a Request for Exclusion, which must be received by _____, 2018, to preserve your right to pursue a separate lawsuit against the Defendants about the Released Claims.  You may file an Objection in writing, on or before _____, 2018, that complies with the requirements in the Long-Form Notice available at www._____.com. If you do nothing, you will receive the two Merchandise Vouchers, but no Cash Award, and you will have no right to sue later for the Claims released by the Settlement.

The Court will hold a Final Approval Hearing in the courtroom of the Honorable Robert B. Leighton _____, in Courtroom _____, _____ _____, on _____, 2018 at _____ a.m., to decide whether to approve the Settlement and Plaintiffs' counsels' application for an Attorneys' Fees and Cost Award and  for Service Awards.  You may attend this hearing, but you don't have to do so.

Cash Awards will be paid to Settlement Class Members only if the Court approves the Settlement and all appeals are resolved.  If the Settlement does not become effective, the litigation will continue.

**For more information, please visit www._____.com, contact the Claims Administrator CPT Group, Inc., at (xxx) xxx-xxxx, or contact Class Counsel at KELLER ROHRBACK LLP at _____ or ZIMMERMAN REED LLP at _____.**

**CLASS MEMBER IDENTIFICATION #
MERCHANDISE VOUCHER CODE #1
MERCHANDISE VOUCHER CODE #2**

If you cannot use these online codes and instead wish to receive physical vouchers that can be

used at Papa Murphy's stores, call this number _____.

# EXHIBIT 3

<span style="text-align:center">UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON</span>

# If you are a person residing in the United States and its territories, and received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013 and June 15, 2015, you may be eligible to receive a payment from a class action settlement, and your rights will be affected by the settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The proposed Settlement resolves class action claims brought against Papa Murphy's Holdings, Inc. and Papa Murphy's International, L.L.C. (collectively referred to as "Papa Murphy's" or "Defendants") relating to Papa Murphy's text message program.

- The proposed Settlement Class is comprised of all persons or entities residing in the United States and its territories who received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013 and June 15, 2015.

- The proposed settlement benefits members of the Settlement Class who make valid claims by submitting a Claim Form through the Settlement Website, www._____. Class member benefits consist of a cash payment, and an award of vouchers (good for purchases at www.papamurphy's.com).

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | THE ONLY WAY TO GET A CASH AWARD. You must submit your claim online at _____ or by mail to _____ by **Month ___, 2018**. |
| **DO NOTHING** | Get no cash. Give up any rights you might have to sue Papa Murphy's about the claims resolved by the Settlement. |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT** | Get no cash. Keep rights to sue Papa Murphy's on your own regarding text messages received from Papa Murphy's during the relevant time period. This is the only option that allows you to ever be part of any other lawsuit about the legal claims relating to Papa Murphy's text messaging program during the relevant time period. |
| **COMMENT OR OBJECT TO THE SETTLEMENT** | Tell the Court why you like or dislike the settlement. You must remain a member of the lawsuit (you cannot ask to be excluded) to object to the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

**QUESTIONS? CALL _____ OR VISIT _____**

- The Court presiding over this case has preliminarily approved the Settlement but still has to decide whether to finally approve the Settlement. Payments will be made only if the Court finally approves the Settlement and after appeals, if any, are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ..................................................................................................**PAGE 3**
    1. Why was I notified about this settlement?
    2. What is this lawsuit about?
    3. Why is this action a class action?
    4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** .......................................................................................**PAGE 4**
    5. How do I know if I am part of the Settlement?
    6. What are the exceptions to being included in the Settlement?
    7. What if I am still not sure if I am included in the Settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE** ...............................................**PAGE 4**
    8. What does the Settlement provide?
    9. Who can send in a claim?
    10. How do I file a claim?
    11. When do I learn whether I will receive a payment?
    12. What am I giving up by staying in the Class?
    13. What happens if I do nothing at all?

**YOUR RIGHTS AND OPTIONS** .......................................................................................**PAGE 6**
    14. How do I exclude myself from the Settlement?
    15. If I do not exclude myself, can I sue Papa Murphy's for the same thing later?
    16. If I exclude myself, can I receive a payment from this Settlement?

**THE LAWYERS REPRESENTING YOU** ...........................................................................**PAGE 7**
    17. Do I have lawyers in this case?
    18. How will the lawyers be paid?

**SUPPORTING OR OBJECTING TO THE SETTLEMENT** ...............................................**PAGE 8**
    19. How do I tell the Court that I like or dislike the Settlement?
    20. What is the difference between objecting to the Settlement and excluding myself from the Class?

**THE COURT'S FINAL APPROVAL HEARING** .................................................................**PAGE 8**
    21. When and where will the Court decide whether to approve the Settlement?
    22. Do I have to come to the hearing?
    23. May I speak at the hearing?

**OBTAINING MORE INFORMATION** ................................................................................**PAGE 9**
    24. Are there more details about the Settlement?

**QUESTIONS? CALL _____ OR VISIT _____**

# BASIC INFORMATION

## 1. Why was I notified about this settlement?

According to Papa Murphy's records, you received one or more text messages from or on behalf of Papa Murphy's between October 16, 2013 and June 15, 2015 (this is the "Class Period").

If this description applies to you, you have a right to know about your options with respect to a proposed settlement of the claims relating to the text messages sent in this class action lawsuit (the "Settlement") before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections or appeals are resolved, the Settlement Administrator will make payments on valid claims.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

## 2. What is this lawsuit about?

A putative class action was filed on May 7, 2015 against Papa Murphy's, alleging that Papa Murphy's sent text message advertisements to recipients without their prior express written consent, and without disclosing they were doing so using an autodialer. The suit was filed in the United States District Court for the Western District of Washington, and was assigned Case Number 15-cv-05307. The Plaintiffs allege violations of the Telephone Consumer Protection Act, the Washington Consumer Protection Act, and the Washington Commercial Electronic Mail Act.

Papa Murphy's denies all such allegations, and contends that it did not commit any wrongful act or violation of any law.  Papa Murphy's contends it acted properly in all regards and that all people who received text messages did so only because they affirmatively requested in writing to receive such messages.  On December 11, 2017, Papa Murphy's and the Plaintiffs participated in a mediation before mediator Janissa Strabuck of Tousley Brains Stephens PLLC, and, after continued negotiations, entered into a settlement agreement settling all claims.

## 3. Why is this action a class action?

In a class action, one or more people called class representatives sue on behalf of people who have similar claims. All of these people who have similar claims are referred to collectively as a "Class" or individually as "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement. U.S. District Court Judge Ronald Leighton of the Western District of Washington is in charge of this class action. The case is known as *Lennartson v. Papa Murphy's Holdings, Inc.*, Case No. 15-725RBL.

**QUESTIONS? CALL _____ OR VISIT _____**

## 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the time, cost, and risks of further litigation and trial. As explained above, Plaintiffs and their attorneys think the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT

## 5. How do I know if I am part of the Settlement?

The Settlement includes all persons residing in the United States and the territories who received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013 and June 15, 2015.

## 6. What are the exceptions to being included in the Settlement?

Even if you fit the definition under Question 5 above, you are not a Class Member if you are: (i) Papa Murphy's; (ii) all present or former officers or directors of Papa Murphy's; (iii) Papa Murphy's counsel; (iv) Class Counsel; (v) Judge Leighton; (vi) Judge Leighton's family and staff; and (vii) any putative Class Members who exclude themselves by filing a Request for Exclusion in accordance with the requirements set forth in Section ___ of this Notice.

## 7. What if I am still not sure if I am included in the Settlement?

If you are still not sure whether you are included in the Class, you can ask for free help. For more information, you can contact Class Counsel, at (800) 623-1900, you can contact the Settlement Administrator at [insert 1-800 number], or you can fill out and return the claim form described in question ___ to see if you qualify.

# THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

## 8. What does the Settlement provide?

**Cash:** Defendants will pay each Class Member who submit a Valid Claim $10.00 in cash.

**Vouchers:** Papa Murphy's will also provide to the Settlement Class two $5.00 vouchers which cannot be combined in a single transaction, to all Settlement Class members following preliminary approval of the Settlement Agreement by the Court. These electronic vouchers will not be transferable and will be valid for use at the Papa Murphy's website until 6 months after the date of issue. If a Class Member cannot use these online codes, and instead wishes to receive physical

**QUESTIONS? CALL _____ OR VISIT _____**

vouchers that can be redeemed at Papa Murphy's stores, they can call this phone number: _____.

## 9. Who can send in a claim?

All persons residing in the United States and its Territories who received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013 and June 15, 2015.

## 10. How do I file a claim?

To submit a claim, do the following:

Electronically complete, sign, and date a Claim Form online at this website www._____ by **Month ____, 2018**. The claim form includes a sworn statement that you received unwanted text messages from Papa Murphy's on the identified cellular number(s).

If instead of submitting an electronic claim form you wish to submit your claim via U.S. Mail, you may download a hard copy claim form at this website  www. _____.

Cash payments will only be paid after the Court approves the settlement and all appeals, if any, are resolved.

If you fail to submit the Claim Form by the required deadline, you will not get paid. Sending in a Claim Form late will be the same as doing nothing (see paragraph ____).

## 11. When do I learn whether I will receive a payment?

If the Settlement Administrator determines your claim is to be paid, your Cash payment will be mailed to you after the settlement becomes final. The Court will hold a hearing on _____, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals, if any are filed, can be resolved, and resolving them can take time, perhaps several years. In addition, the Settlement Administrator must process all of the Claim forms. Please be patient.

## 12. What am I giving up by staying in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the claims being released in this Settlement. It also means that all of the Court's orders will apply to you and legally bind you.

## 13. What happens if I do nothing at all?

**QUESTIONS? CALL _____ OR VISIT _____**

If you do nothing, you will receive no cash payment from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same claims being released in this Settlement.

# YOUR RIGHTS AND OPTIONS

## 14. How do I exclude myself from the Settlement?

Settlement Class members who wish to exclude themselves (opt out) from the Settlement Class must submit a written "Request for Exclusion." On or before the Opt-Out Deadline established by the Court, each individual electing to submit a Request for Exclusion must deposit in the U.S. mail an opt-out notice addressed to the Claims Administrator, identifying his or her name, address, the cellular telephone number that received the text message from Defendants, a clear statement that "I want to opt out of the text messaging settlement class certified in the Lennartson v. Papa Murphy's litigation." The Request for Exclusion should be signed by the person requesting exclusion and should be received by the Claims Administrator before 11:59 pm Eastern Time on the Opt-Out Deadline as describe blow.

Requests for Exclusion may be submitted via First Class U.S. Mail paid by the Settlement Class member and sent to the Settlement Administrator to the following:

[Settlement administrator to add address.]

Requests for Exclusion must be submitted no later than sixty (60) days after the Notice Date [ ]. Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

You cannot exclude yourself over the phone or by e-mail. If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit and you will be able to pursue the claims that are being released in this Settlement at your own expense.

## 15. If I do not exclude myself, can I sue Papa Murphy's for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Papa Murphy's for the claims being released by this Settlement. If you have a pending lawsuit relating to the claims being released in this case against Papa Murphy's, speak to your lawyer in that case immediately and give him/her this packet. Remember, the exclusion deadline is sixty (60) days after the Notice Date [ ].

## 16. If I exclude myself, can I receive a payment from this Settlement?

**QUESTIONS? CALL _____ OR VISIT _____**

No. If you exclude yourself, you will not receive any money from the Settlement. But, you may sue, continue to sue, or be part of a different lawsuit asserting the claims being released in this Settlement against Papa Murphy's.

# THE LAWYERS REPRESENTING YOU

## 17. Do I have lawyers in this case?

The Court has decided that the law firms of Keller Rohrback, L.L.P. and Zimmerman Reed LLP are qualified to represent you and all Class Members. These law firms are called "Class Counsel." You will not be individually charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 18. How will the lawyers be paid?

Class Counsel has prosecuted this case on a contingency basis. They have not received any fees or reimbursement for any of the expenses associated with this case. Class Counsel will apply to the Court by motion for an award to Class Counsel for attorneys' fees and reasonable expenses of $2,050,000.00. Class Counsel will also seek Service Awards, totaling $60,000.00 for the Named Plaintiffs in this action for their contributions to prosecuting this lawsuit.

# SUPPORTING OR OBJECTING TO THE SETTLEMENT

## 19. How do I tell the Court that I like or dislike the Settlement?

If you are a Class Member, you can tell the Court that you like the settlement and it should be approved, or that you object to the settlement if you do not like a part of it. The Court will consider all comments from Class Members.

To object, you must send a letter to the Court stating your objections. To be effective, the letter must also:

- Provide documents establishing, or provide information sufficient to allow the parties to confirm, that the objector is a Class Member;
- Include a statement of such Class Member's specific Objection;
- State the grounds for the Objection;
- Identify any documents such objector desires the Court to consider;
- Provide all information requested on the Claim Form;
- Contain a list of all other objections submitted by the Settlement Class Member, or their counsel, to any class action settlements submitted in the previous five years, or if the Settlement Class Member or their counsel has not objected to any other class action settlement in the previous five years, they shall affirmatively so state;
- State whether the objecting Settlement Class member intends to appear at the Final Approval (Final Fairness) Hearing, either in person or through counsel;

**QUESTIONS? CALL _____ OR VISIT _____**

7

- Be filed with the Western District of Washington Clerk of the Court no later than sixty (60) days after the Notice Date; and

- Be served on Class Counsel and counsel for Defendants so as to be received no later than sixty (60) days after the Notice Date

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>U.S. DISTRICT COURT<br>Western District of Washington<br>1717 Pacific Avenue<br>Tacoma, WA  98402 | KELLER ROHRBACK<br>Mark A. Griffin<br>Karin B. Swope<br>1201 Third Avenue<br>Suite 3200<br>Seattle, WA 98101<br><br>ZIMMERMAN REED<br>June Hoidal<br>Behdad Sadeghi<br>80 South 8th Street<br>Suite 1100<br>Minneapolis, MN 55402 | DLA PIPER (US) LLP<br>Anthony Todaro<br>Jeff DeGroot<br>701 Fifth Avenue, Suite 6900<br>Seattle, Washington 98014 |

## 20. What is the difference between objecting to the Settlement and excluding myself from the Class?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing at _____, on _____, at the United States District Courthouse, 1717 Pacific Avenue, Courtroom _____,  Tacoma, WA  98402. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Leighton may listen to people who have requested in writing sixty (60) days after the Notice Date to speak at the Fairness Hearing. The Court may also decide how much to pay Class Counsel or whether to approve incentive awards. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make its decision.

**QUESTIONS? CALL _____ OR VISIT _____**

## 22. Do I have to come to the hearing?

No. Class Counsel will answer any questions Judge Leighton may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection letter is received on time, the Court will consider it. You may also pay your own lawyer to attend, but this is not necessary.

## 23. May I speak at the hearing?

If you file an objection letter, you may ask the Court for permission to speak at the hearing concerning the proposed settlement or the application for attorneys' fees and expenses by the Plaintiffs' counsel. To do so, you must state your intent to appear at the hearing as described under Question 18 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

# OBTAINING MORE INFORMATION

## 24. Are there more details about the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can obtain a copy of the Agreement or more information about the Settlement on this website www._____.com or contacting the Settlement Administrator by phone at _____.

## DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

**QUESTIONS? CALL _____ OR VISIT _____**

# EXHIBIT 4

HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

JOHN LENNARTSON, RITA ANDREWS,
CASSIE ASLESON, SUSAN SHAY NOHR,
on behalf of themselves and all others similarly
situated,

Plaintiffs,

v.

PAPA MURPHY'S HOLDINGS, INC.; and
PAPA MURPHY'S INTERNATIONAL,
L.L.C.,

Defendants.

No. 3:15-cv-05307-RBL

**[PROPOSED] PRELIMINARY
APPROVAL ORDER APPROVING
SETTLEMENT, CERTIFYING
SETTLEMENT CLASS, APPROVING
NOTICE PLAN, AND SETTING
FAIRNESS HEARING**

WHEREAS, on _____ Plaintiffs John Lennartson, Rita Andrews,

Cassie Asleson, and Susan Shay Nohr (collectively "Named Plaintiffs") and Defendants Papa

Murphy's Holdings, Inc. and Papa Murphy's International L.L.C. (collectively, "Papa Murphy's"

or "Defendants"), entered into a Settlement Agreement, which is subject to approval by the Court

under Fed. R. Civ. P. 23; and

WHEREAS, the Settlement Agreement and exhibits thereto set forth the terms and

conditions for the proposed settlement and dismissal of the claims alleged in the Named

Plaintiffs' First Amended Class Action Complaint with prejudice; and

WHEREAS, the Court having read and considered the Settlement Agreement and the

accompanying documents, the records in this case, and the briefs and arguments of counsel;

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

IT IS HEREBY ORDERED THAT:

1.     **Settlement Terms.** All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2.     **Jurisdiction.** The Court has jurisdiction over the Parties, the subject matter of the dispute, and all Settlement Class Members.

3.     **Preliminary Class Findings.** The Court preliminarily finds, for the purposes of settlement only, that this action meets all prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, predominance, and superiority, and that the Named Plaintiffs are adequate representatives of the Settlement Class, defined below, and Class Counsel are adequate to represent the Settlement Class, defined below.

4.     **Conditional Certification of Settlement Class.** Based on the findings set out in paragraph 3 above, the Court conditionally certifies the following class (the "Settlement Class"), for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3):

> All persons or entities in the United States and its Territories who received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013, and June 15, 2015.

5.     **Appointment of Class Representatives.** The Court appoints, for settlement purposes only, John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr (the "Named Plaintiffs") as Class Representatives.

6.     **Appointment of Class Counsel.** The Court appoints, for settlement purposes only, Mark Griffin and Karin Swope of Keller Rohrback L.L.P. and June Hoidal and Behdad Sadeghi of Zimmerman Reed LLP as Class Counsel for the Settlement Class.

7.     **Conditional Nature of Certification of the Settlement Class.** This conditional certification of the Settlement Class is solely for purposes of effectuating the Settlement. If the Effective Date of the Settlement Agreement does not occur, the foregoing conditional certification of the Settlement Class and appointment of Class Representatives and Class Counsel for the Settlement Class shall be void and of no further effect, and the Parties shall be returned to

the status each occupied before entry of this Order without prejudice to any legal argument, position, or privilege that any of the Parties might have asserted but for the Settlement Agreement.

8.      **Preliminary Findings Regarding Proposed Settlement.** The Court preliminarily finds that the proposed Settlement should be approved as: (a) fair, reasonable, and adequate; (b) the product of serious, informed, arm's-length, and non-collusive negotiations; (c) having no obvious deficiencies; (d) not improperly granting preferential treatment to Class Representatives or segments of the Settlement Class; (e) falling within the range of possible approval; and (f) warranting notice to Settlement Class Members of a formal Fairness Hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

9.      **Fairness Hearing.** A hearing is scheduled for _____, 2018 (the "Fairness Hearing") to determine, among other things:

A.      whether the Settlement Class should be certified, for settlement purposes, as a class action;

B.      whether the Class Representatives and Class Counsel have adequately represented the Settlement Class;

C.      whether the Settlement should be approved as fair, reasonable, and adequate;

D.      whether the Amended Complaint should be dismissed with prejudice pursuant to the terms of the Settlement;

E.      whether the Notice and the means of disseminating same pursuant to the Settlement Agreement: (i) are appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

F.      whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved or adjusted;

G.      whether the proposed disbursement of Cash Awards and Merchandise Vouchers is

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   fair and reasonable and should be approved;

2          H.      whether the application for Service Awards for the Class Representatives should

3   be approved;

4          I.      whether there are any timely and proper objections to the Settlement and/or to the

5   application for attorneys' fees and expenses and/or request for Service Awards and how any such

6   objections shall be resolved; and

7          J.      any other matters the Court may deem appropriate.

8          10.    **Appearance at Fairness Hearing.** Attendance at the Fairness Hearing is not

9   necessary; however, persons wishing to be heard orally in opposition to the approval of the

10  Settlement, the allocation of Cash Awards and Merchandise Vouchers, Class Counsel's request

11  for attorneys' fees, and/or Class Representatives' Service Awards are required to state in their

12  written objection their intention to appear at the hearing, as further described below.

13         11.    Pending the final determination of the fairness, reasonableness, and adequacy of

14  the proposed Settlement, all Settlement Class Members are preliminarily enjoined from

15  instituting or commencing any action against Defendants based on the Released Claims, and all

16  proceedings in this action, except those related to approval of the Settlement, are stayed.

17         12.    The Court approves the appointment of CPT Group as the Claims Administrator

18  to assist the Parties in the administration of this Settlement including, but not limited to,

19  conducting notice upon the Settlement Class Members, processing claims, tracking opt-outs and

20  objections, and reporting to the Parties and the Court on the claims administration process.

21         13.    **Class Notice.** The Parties have presented to the Court the proposed forms of the

22  Class Notice and Long-Form Notice (collectively "Notice"), attached to the Settlement

23  Agreement as Exhibits ___.  With respect to such form of Notice, the Court finds that such

24  Notice fairly and adequately: (a) describes the terms and effect of the Settlement; (b) notifies the

25  Settlement Class that Class Counsel will seek an award of attorneys' fees and expenses,

26  reimbursement of expenses, and Service Awards for the Class Representatives; (c) notifies the

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the

2  recipients of the Notice may object to approval of the Settlement or opt-out of the Settlement.

3  The Parties have proposed the following manner of disseminating the Notice to members of the

4  Settlement Class, and the Court finds that such proposed manner of dissemination is the best

5  notice practicable under the circumstances and directs that:

6        A.      Within thirty (30) calendar days ("Notice Date") after the entry of this Order, the

7  Claims Administrator, will cause the Class Notice, with blanks completed and such non-

8  substantive modifications thereto as may be agreed upon by the Parties, to be emailed to up to

9  20% of the Settlement Class Members (for whom Defendants have email addresses), and a post

10  card notice to be mailed, by first-class mail, postage prepaid, to each member of the remainder of

11  the Settlement Class for whom the Claims Administrator can obtain a U.S. mailing address

12  through a reverse phone lookup procedure, and any subsequent skip tracing.

13        Should additional time beyond the Notice Date be needed in good faith by the Claims

14  Administrator to email or mail the Notice, the Parties will consent to an extension of the Notice

15  Date for the additional amount of time needed in good faith to email and/or mail the Notice, and

16  such extension will not require additional Court approval.

17        B.      By no later than the Notice Date, the Claims Administrator shall establish the

18  Settlement Website, which shall contain copies of the Settlement Agreement, the Long-Form

19  Notice, and information concerning the claims process. The Settlement Website will also provide

20  a method through which Settlement Class Members can submit a Claim Form electronically,

21  using their Class Member Identifier, to the Claims Administrator, as well as Claim Forms that

22  can be downloaded and submitted via U.S. mail. When Class Representatives file additional

23  motions affecting the interests of the Settlement Class Members (*e.g.*, Class Counsel's motion

24  for an Attorneys' Fees and Costs Award and the motion for final approval), the Claims

25  Administrator will also make copies of these motions and all attachments and declarations

26  thereto available on the Settlement Website.

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 5

C.      No later than fourteen (14) days prior to the final approval hearing, the Claims Administrator will provide to the Parties a declaration, attesting that Class Notice was disseminated by the Claims Administrator in a manner consistent with the terms of the Settlement Agreement and this Order.

D.      Counsel for Defendants shall provide notice to the appropriate officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 with the costs of such notice to be paid by Defendants.

14.     Defendants' Counsel shall reasonably cooperate with Class Counsel and the Claims Administrator in obtaining the information necessary to accomplish Notice provided for in paragraph 13, and as provided in the Settlement Agreement.

15.     Reasonable expenses incurred in implementing the provisions of paragraph 13 above pertaining to providing Notice of the Settlement (estimated at $400,000), shall be paid solely by Defendants, without further order of this Court.

16.     **Objections to Settlement.**  The Court will consider comments and/or objections to the Settlement, the allocation of Cash Awards and Merchandise Vouchers, or the award of attorneys' fees and reimbursement of expenses or Class Representatives' Service Awards, if the member of the Settlement Class, no later than the 60th day after the Notice Date ("Objection Deadline"), files with the Court, and serves upon Class Counsel, Defendants' Counsel, and the Claims Administrator the following:

(a) documents establishing or sufficient information to allow the Parties to confirm that the objector is a Settlement Class Member;

(b) a statement of such Settlement Class Member's specific Objection;

(c) the grounds for the Objection;

(d) identity of any documents such objector desires the Court to consider;

(e) all information requested on the Claim Form; and

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(f) a statement as to whether he/she intends to appear at the Final Approval Hearing either with or without counsel.

In addition, any Settlement Class Member objecting to the Settlement shall provide a list of all other Objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any Court in the United States in the previous five years. If the Settlement Class Member or his/her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she or it shall affirmatively so state in the Objection. Any Objection to be considered timely must be filed by the Objection Deadline.

17.    Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

18.    **Exclusion from Settlement Class.** Any Settlement Class Member shall have the right to be excluded or to "opt-out" from the Settlement. On or before the date 60 days after the Notice Date, ("Opt-Out Deadline") each individual electing to submit a Request for Exclusion must deposit in the U.S. mail an opt-out notice addressed to the Claims Administrator, identifying his or her name, address, the cellular telephone number that received the text message from Defendants, a clear statement that he or she desires to be excluded from the Settlement Class, as referenced in the Class Notice and described in the Long-Form Notice. The Request for Exclusion should be signed by the person requesting exclusion and must be received by the Claims Administrator before 11:59 pm Eastern Time on the Opt-Out Deadline. Settlement Class Members who do not timely submit a Request for Exclusion from the Settlement or who fail to properly opt-out of the Settlement will become members of the Settlement Class and may receive certain benefits of the Settlement Class, and shall be bound by any order(s) of the Court regarding the Settlement Class Members.

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

19.     The Claims Administrator shall provide copies of any notices of Requests for Exclusion to Class Counsel and Defendants' Counsel within a reasonable time of receipt of the same by the Claims Administrator, but no later than fourteen (14) days prior to the Final Approval Hearing (unless received by the Claims Administrator after such time, in which event the Claims Administrator shall immediately forward copies of the same to Class Counsel and Defendants' Counsel).

20.     **Use of Order.** Under no circumstances shall this Order be construed, deemed, or used as an admission, concession, or declaration by or against any Defendants of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed, deemed, or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

21.     **Separation of Determinations.** Neither Defendants nor their counsel shall have any responsibility whatsoever for the allocation of Cash Awards and Merchandise Vouchers or for any application for attorneys' fees or reimbursement of litigation expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  The Court reserves the right to approve the settlement and/or allocation of Cash Awards and Merchandise Vouchers with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Settlement regardless of whether it has approved the allocation of Cash Awards and Merchandise Vouchers or awarded attorneys' fees and/or litigation expenses.

22.     **No Settlement Discovery.** No discovery by any person with regard to the Settlement or the Settlement Agreement shall be permitted as to any Party other than as may be directed by the Court upon a proper showing by the person seeking such discovery pursuant to a motion properly noticed and served.

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

23. If final approval of the Settlement is not obtained, this Order, including the above description of the Settlement Class and appointment of the Class Representatives and Class Counsel, shall be vacated and this action shall proceed as though the certification and appointments never occurred.

24. **Schedule of Future Events.** The following are the deadlines by which certain events must occur:

| Date | Event |
|---|---|
| | **Deadline for Defendants to serve Class Action Fairness Act notice** required by 28 U.S.C. § 1715 [upon the filing of Plaintiffs' motion for preliminary approval] |
| | **Entry of Preliminary Approval of Class Action Settlement** |
| | **Notice Date** [no later than 30 calendar days after the Court's entry of the Preliminary Approval Order] |
| | **Opt-Out Deadline** [60th day after the Notice Date] |
| | **Objection Deadline** [60th day after the Notice Date] |
| | **Claims Deadline** [60 days after the Notice Date] |
| | **Deadline to File Motion for Attorneys' Fees and Costs Award, and Service Awards** [30 days after the Notice Date] |
| | **Deadline to File Motion for Final Approval** [30 days prior to the Final Approval Hearing Date] |
| | **Final Approval Hearing on _____ at _____.** [To be Set by the Court, no earlier than 120 days after the entry of the Preliminary Approval Order] |

It is so ORDERED.

Dated this _____ day of _____, 2018.


_____
Ronald B. Leighton
United States District Judge

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 9

**KELLER ROHRBACK L.L.P.**

1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# EXHIBIT 5

RULE 408 COMMUNICATION: SUBJECT TO MEDIATION CONFIDENTIALITY
AGREEMENT

***John Lennartson et al. v. Papa Murphy's Holdings Inc. et al.***
**Case No. 3:15-cv-05307**

**Settlement Term Sheet**

**February 16, 2018**

Set forth below are the terms of the settlement in principle (the "Settlement Term Sheet") reached by plaintiffs John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr, individually and on behalf of the Settlement Class that plaintiffs represent as defined below (collectively, "Plaintiffs"), and Papa Murphy's Holdings, Inc. and Papa Murphy's International, L.L.C. (collectively, "Papa Murphy's"). This Settlement Term Sheet contemplates reaching a final settlement agreement (the "Settlement Agreement"), obtaining court approval of the Settlement Agreement, providing notice to the putative class members, and obtaining final judgments and an order of dismissal with prejudice in *John Lennartson et al. v. Papa Murphy's Holdings Inc. et al.*, Case No. 3:15-cv-05307 (the "Putative Class Action").

Nothing in this Settlement Term Sheet or the Settlement Agreement shall be construed as an admission by Papa Murphy's that the Putative Class Action is amenable to class certification for trial purposes or any purposes other than for implementation of the terms of this Settlement Term Sheet and the Settlement Agreement. Furthermore, nothing in this Settlement Term Sheet or the Settlement Agreement shall prevent Papa Murphy's from opposing class certification or seeking decertification if final approval of the Settlement Agreement and dismissal with prejudice of the Putative Class Action is not obtained, or not upheld on appeal, for any reason.

1. Settlement Class Definition. The parties will stipulate to the certification of a Settlement Class, which will be in substantial form and substance as follows:

> All persons or entities in the United States and its Territories who received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013, and June 15, 2015.

1

RULE 408 COMMUNICATION: SUBJECT TO MEDIATION CONFIDENTIALITY
AGREEMENT

2. <u>Class Representatives</u>.  The parties stipulate to the appointment of John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr as Class Representatives.

3. <u>Class Counsel</u>.  The parties stipulate to the appointment of Keller Rohrback LLP and Zimmerman Reed LLP as class counsel.

4. <u>Settlement Benefit to Class</u>.  In exchange for the terms and conditions to be fully set forth in the Settlement Agreement, including without limitation a release as defined in paragraph 5, Papa Murphy's will make the following payments to the class:  Papa Murphy's will automatically provide two $5.00 vouchers (totaling $10.00), which cannot be combined in a single transaction, to all Settlement Class members following preliminary approval of the Settlement Agreement by the Court.[1]  The collective value of these vouchers is $11,318,410.00 and is a benefit provided to the Settlement Class regardless of whether they submit claim forms.[2]

Additionally, every class member who returns a valid claim form will receive $10.00 in cash.  The aggregate value of these payments, if each of the potential class members submits a valid claim form, is $11,318,410.00.  To submit a qualifying claim, class members must complete and sign claim forms that will include (1) name; (2) current address; (3) cellular phone number(s) texted; and (4) certification that claimant received unwanted text messages from Papa Murphy's on the identified cellular number(s).

Papa Murphy's also agrees to pay all claims administration costs to CPT Group  (estimated not to exceed $400,000 – bid with scope of work attached as Exhibit A)[3] and $15,000.00 in service awards to each named class representative (totaling $60,000.00).  Altogether, Papa Murphy's agrees to the creation of a common fund, the total potential value of which equals $23,096,820.00,

---

[1] These vouchers will be provided in the form of two unique codes, which can be used exclusively on Papa Murphy's website (www.papamurphys.com) for online orders.  All notices that contain these unique codes will also provide a telephone number Settlement Class members can call if they cannot use these online codes and instead wish to receive physical vouchers that can be redeemed at Papa Murphy's stores.  Papa Murphy's will manage and assume the cost of staffing a telephone line and mailing physical vouchers to those Settlement Class members who request them.

[2] If there is not final approval of the settlement, Papa Murphy's bears the risk of issuing these vouchers.

[3] The parties agree that notice will be provided by email to up to 20% of the Settlement Class members and that the claims administrator will use a reverse phone lookup procedure to try to obtain U.S. mail addresses for the remaining class members with a postcard notice mailed to those whose addresses can be obtained through the reverse phone lookup and any subsequent skip tracing.

RULE 408 COMMUNICATION: SUBJECT TO MEDIATION CONFIDENTIALITY
AGREEMENT

of which $11,778,410.00 in vouchers, claims administration costs, and plaintiff service awards is guaranteed to go to the class regardless of any claims process. For purposes of clarity, the term "common fund" is used to denote potential settlement value to the class, but the cash element of the settlement is strictly on a claims-made basis, and Papa Murphy's will not be required to set aside monies for potential claims, place funds in escrow, or pay out cash funds not claimed by the Settlement Class. Valid cash claims, agreed upon attorneys' fees and costs, and the class representative service awards will be paid no earlier than 30 days after receipt of final approval of the class settlement from the Court.

5. <u>Release</u>. Plaintiffs and all putative class members (who do not timely opt out) shall release Papa Murphy's, along with each of its respective officers, partners, directors, members, servants, agents, shareholders, representatives, franchisees, and assigns (collectively, the "Released Parties"), from any and all claims, debts, demands, rights, causes of action, damages, costs, expenses, and compensation of any nature whatsoever that have been raised or could have been raised by plaintiffs or the putative class members in *John Lennartson et al. v. Papa Murphy's Holdings, Inc. et al.*, Case No. 3:15-cv-05307 based upon the transmission of text messages during the Class Period, (i.e. October 16, 2013 to June 15, 2015) to Settlement Class members, including claims under the Telephone Consumer Protection Act, Washington's Commercial Electronic Mail Act, and Washington's Consumer Protection Act.

6. <u>Attorneys' Fees and Costs</u>. Papa Murphy's agrees that class counsel is entitled to attorneys' fees and costs as approved by the Court, subject to the requirements of this paragraph. Plaintiffs have declined to negotiate the amount of fees and costs as part of the parties' negotiation of the terms of the class settlement. Papa Murphy's agrees to pay class counsel up to $2,050,000.00 in attorneys' fees and costs. This amount is intended to be inclusive of all of Plaintiffs' attorneys' fees and costs. Class counsel shall not seek an amount of attorneys' fees and costs in excess of $2,050,000.00 from the Court.

3

RULE 408 COMMUNICATION: SUBJECT TO MEDIATION CONFIDENTIALITY
AGREEMENT

7. <u>Good faith</u>.  The parties will work together in good faith to prepare and finalize a formal settlement agreement within 30 days of the execution of this agreement and Plaintiffs expect to file a motion for preliminary approval of the settlement within 60 days of the same.

8. <u>Disputes</u>.  If any dispute arises out of this agreement before execution of a final long-form agreement, then those disputes will be resolved by the mediator.

**DLA PIPER LLP**

By:_____
Stellman Keehnel
Anthony Todaro
Jeffrey DeGroot

**Attorneys for Defendants**

**ZIMMERMAN REED LLP**

By:_____
J. Gordon Rudd, Jr.
June P. Hoidal
Behdad C. Sadeghi


**KELLER ROHRBACK L.L.P.**


By: _____
Mark A. Griffin
Karin B. Swope

**Attorneys for Plaintiffs**

4

RULE 408 COMMUNICATION: SUBJECT TO MEDIATION CONFIDENTIALITY
AGREEMENT

7. <u>Good faith</u>. The parties will work together in good faith to prepare and finalize a formal
settlement agreement within 30 days of the execution of this agreement and Plaintiffs expect to
file a motion for preliminary approval of the settlement within 60 days of the same.

8. <u>Disputes</u>. If any dispute arises out of this agreement before execution of a final long-
form agreement, then those disputes will be resolved by the mediator.

**DLA PIPER LLP**

By:_____
    Stellman Keehnel
    Anthony Todaro
    Jeffrey DeGroot

**Attorneys for Defendants**

**ZIMMERMAN REED LLP**

By:_____
    J. Gordon Rudd, Jr.
    June P. Hoidal
    Behdad C. Sadeghi

**KELLER ROHRBACK L.L.P.**

By:_____
    Mark A. Griffin
    Karin B. Swope

**Attorneys for Plaintiffs**

4

# EXHIBIT A

CONFIDENTIAL



February 1, 2018

# SETTLEMENT ADMINISTRATION ESTIMATE

## LENNARTSON v. PAPA MURPHY'S INTERNATIONAL

## PREPARED FOR: ANTHONY TODARO

We sincerely appreciate the opportunity to present you with our proposal- Thank you for considering CPT Group, Inc. as your administrator on this matter.



**Irvine, CA Office**
**National Headquarter**
50 Corporate Park
Irvine, CA  92606
Phone: (800) 542-0900
Fax: (949) 419-3446
www.cptgroup.com

February 1, 2018

Anthony Todaro, Esq.
DLA Piper
701 Fifth Avenue, Suite 7000
Seattle, WA 98104

Re: Lennartson v Papa Murphy's International Settlement Administration

Dear Mr. Todaro,

Thank you for providing CPT Group, Inc. with the opportunity to provide your firm with a proposal for the third party administration needs on the Lennartson v Papa Murphy's Settlement. Attached you will find our response to the RFP and our partial curriculum vitae which outlines our experience with managing Class Action Settlements.

Seasoned and ready to handle every aspect of your administrative needs, CPT Group, Inc. has been a national leader in class action settlement administration for over 33 years. Our Senior Management Team, has over 145 years of collective experience in the legal industry. Appointed by the courts to assume full responsibility of claims management, noticing, disbursement and other time-critical mailings, clients have trusted CPT Group, Inc. to bring experience, expertise and proven excellence to settlement administration since 1984. Regardless of size and complexity, we offer a range of class action administration services for developing, managing and executing all stages of integrated settlement plans – from first contact through to final closure. And with our dedicated staff of attorneys and legal experts, we will always handle your case professionally and with ease, on time and within your budget.

If retained, we will immediately employ a dedicated case manager and case manager assistant that will oversee the administration of the Papa Murphy's Settlement in its entirety.  We will provide responsive and up to date reporting to Counsel on a regular basis.

Please feel free to contact us if you have any questions or if you need any additional information. References are available upon request.

We look forward to the opportunity.


Sincerely,


Darin Zabriskie
Vice President Consultant, Business Development
**CPT Group | Class Action Administrators**
Mobile: (206) 491-3252
Email: Darin@cptgroup.com



50 Corporate Park, Irvine CA 92606 • (800) 542-0900 • info@cptgroup.com

## CURRICULUM VITAE

### COMPANY PROFILE

CPT Group, Inc., founded in 1984, is a leading provider of notice and settlement class action administration services and has been appointed as the third-party administrator by all major courts in the State of California and numerous United States District Courts. Located in Irvine, CA, CPT's client base includes over 10,000 attorneys, both local and nationwide, that have entrusted CPT to bring their experience, expertise and proven excellence to their settlements for administration. CPT offers a wide range of class action administrative services for developing, managing and executing all stages of integrated settlement plans. This includes pre-certification and discovery mailings, class-certification mailings, claims processing and administration, data management, data reporting, settlement fund administration, legal noticing campaigns, website design and web hosting. Experienced CPT staff currently handles the following types of class action cases: Wage and Hour, FLSA, Employment/ADA, Consumer/Product, Insurance, Securities, Finance, Antitrust, and ERISA.

Once designated by the parties and approved by the court as the third-party administrator, CPT assumes full responsibility in overseeing management of the class database, notification to the class members, claims processing, and disbursement of settlement payments. The operations, IT and production facilities are all located at the corporate headquarters in Irvine. The integrity of CPT's work is strengthened by the staff's ability to work in close proximity and keep the work handled in-house. The IT data center is accessible 24/7/365 to authorized CPT personnel. CPT uses internal IT expertise, and follows internal business as well as IT policies and procedures to support its daily administration and service operations.

CPT prides itself on being the industry's premier class action administrator, offering comprehensive and cost-effective class action administration services, utilizing leverages that decades of personal insight and firsthand knowledge from multiple disciplines and legal arenas have provided. CPT is SOC 1 compliant, administrates hundreds of cases per year, and has disbursed over a billion dollars in settlement funds. With a structured service platform and practice-area expertise, CPT can effectuate the services it provides accurately and expeditiously.

### AREAS OF EXPERTISE

- **Project Management –** To ensure a smooth claims administration process, CPT Group acts as a neutral third party and provides comprehensive case administration from start to finish. Following the timeline set forth in the Settlement Agreement and Court Order, our team of Case Managers ensures that all actions required by the Claims Administrator are met.

- **Claims Administration –** CPT Group executes an extensive Quality Assurance process throughout the duration of the claims period. Any and all responses received from Class Members are processed according to our strict internal procedures and in accordance with Settlement Agreement. Once claims processing is completed, Counsel is provided with all required reporting, including, where applicable, a list of approved claimants and the settlement calculations for each.

- **Call Center –** CPT Group maintains a Call Center to provide support for Class Members between the hours of 9:00 AM and 5:30 PM, Monday through Friday, except for major holidays. The Call Center is specially trained to field questions pertaining to the important features of each case. Our Call Center representatives are all bilingual in English and Spanish, and upon special request, CPT can provide support in other languages.

- **Data Management/Reporting** – CPT Group will standardize and analyze the class data provided by Counsel to compile the master mailing list. CPT Group prepares weekly status reports for each case that summarize the status of returns and responses such as mail pieces and claim form submissions. These live reports can also be accessed by verified Counsel for each case 24-hours a day on our secured website. CPT Group, Inc. is SOC 1 (SSAE 16) compliant, which ensures that necessary measures are taken to guarantee that all class member data is handled and stored in a safe and secure manner.

- **Noticing Expertise** – CPT Group will format the court-approved Notices, Claim Forms, and Exclusion Forms whether the method of notification be standard mail or electronic distribution. CPT Group maintains an on-site printing and mail house, which ensures the utmost quality control. Regardless of class size, CPT strives to execute the class notification process using cost-effective and accurate methods.

- **Settlement Fund Administration** – CPT Group's staff of accounting professionals oversees the disbursement process for each case in strict detail and in accordance with the terms of the Settlement Agreement. Utilizing a Qualified Settlement Fund (QSF) for each case, CPT maintains its settlement account through a federally insured bank where access to each Settlement Account is restricted to authorized personnel. Bank accounts for each case are reconciled monthly and are available to each client upon request. On behalf of the QSF, CPT Group pays and reports all applicable State and Federal tax withholdings and liability, and issues and reports W-2 wages and 1099 income, as required, for each case.

## SERVICES

| | | |
|---|---|---|
| • Settlement Notification | • Claims Processing | • Settlement Fund Administration |
| • Pre-Certification Notification | • Class Certification Notification | • Electronic Notification |
| • Data Analysis | • Secure Data Management | • Secure Data Reporting |
| • Bilingual Call Center | • In-House Print & Mail House | • NCOA & Skip Tracing |
| • Publication & Media Campaigns | • Website Hosting | • Website Design |

## REFERENCES

For your reference, please find attached the following Exhibits:

1. CPT's Information Security Statement followed by Independent Service Auditor's Report Provided by SSAE 16 Professionals, LLP. Which explains that the Auditing Standards Boards (ASB) of the American Institute of Certified Public Accountants (AICPA) has certified CPT Group's effectiveness in meeting security standards and protocols regarding our clients' confidential information.

2. Partial list of the Defendants with whom CPT has worked, including a partial list of Defense and Plaintiff's Counsels.

3. CPT Group, Inc.'s company brochure.

4. CPT Group, Inc.'s client testimonials.





**INFORMATION SECURITY STATEMENT**

CPT Group, Inc., ("CPT") maintains and enforces strict guidelines for the protection of confidential class member information, and employs security measures to prevent cyber theft of data and information, as well as safeguards for controlling these risks. CPT has achieved SOC 1, SSAE 16 certification and continues to maintain these controls as well improve upon and upgrade our systems.

These measures include but are not limited to the following:

1) CPT maintains a comprehensive, written Information Security Program that complies with all applicable laws and regulations and that is designed to (a) ensure the security, privacy and confidentiality of Class Member Information, (b) protect against any reasonably anticipated threats or hazards to the security or integrity of Class Member Information, and (c) protect against unauthorized access to, use, deletion, or modification of Class Member Information.

2) CPT uses Class Member Information only for the purposes for which its Clients provide it, as described in any Agreements and/or Court Orders governing the provision of CPT's services on any particular engagement.

3) CPT has designated one or more specifically named employees to be responsible for the administration of its Information Security Program.

4) CPT maintains a process for identifying, assessing, and mitigating the risks to Class Member Information in each relevant area of CPT's operations and evaluating the effectiveness of the safeguards for controlling these risks.

5) CPT regularly monitors, tests, and updates its Information Security Program.

6) CPT restricts access to Class Member Information only to those employees, agents, or subcontractors who have a need to know the information to perform their jobs (each an "Authorized Person" as defined below).

7) CPT performs regular audits of its Information Security Program.  These audits will include a review of the controls set forth in this Agreement as well as the following controls:  vulnerability scans, secure software development life cycle, patch management, intrusion detection and prevention, and services provided vendors used to perform services for our clients.  CPT agrees to make reasonable changes to its information security program to ensure it is capable of maintaining safeguards that are appropriate for the Class Member Information at issue.

8) CPT performs background checks of its employees that will have access to Sensitive Personal Information, including a review of their references, employment eligibility, education, and criminal background to ensure they do not pose a risk to the security of Class Member Information. Nothing in this agreement shall compel CPT to disclose the results of such background information of its employees.

9) CPT conducts a monthly third-party vulnerability scan of its networks and remediate any risk ranked by the third party as a medium or higher within 6 months.

10) CPT implements the following safeguards for systems that process, store or transmit Class Member Information:

- Identity and Access Management;

- Complex passwords that must be changed on a regular basis;

- Encryption of Class Member Information if it is transmitted over public or wireless networks (e.g., via email, ftp, Internet, etc.);

- Two-factor or complex password authentication for remote access to CPT's networks;

- Upon hire and annually thereafter, training of all employees with access to Class Member Information, (including any agents, and subcontractors with access to Class Member Information) about their obligations to implement the CPT's Information Security Program;

- Disciplinary measures for employees who violate CPT's Information Security Program;

- Preventing terminated employees from accessing Class Member Information;

- Appropriately configured and updated firewall, antivirus, and spyware software;

- Prompt application of vendor-recommended security patches and updates to systems and other applications to avoid any adverse impact to CPT's systems or Class Member Information; and

- Separation of Duties

- Infrastructure and Physical Security

- Business Continuity Planning

- Disaster Recovery Planning

**Definitions**

1) **"Authorized Persons"** means CPT's employees, contractors, agents, outsourcers, and auditors, who have a need to know or otherwise have access to Class Member Information to enable CPT to perform its obligations under this Agreement, and who are bound in writing by confidentiality obligations sufficient to protect Class Member Information in accordance with the terms and conditions of this Agreement.

2) **"Class Member Information"** means class member name, address, other contact information, and class member claim filing information necessary for CPT to perform services required by applicable Agreements or Court Orders in the context the administration of a settlement or other class action litigation.

3) **"Sensitive Personal Information"** means Class Member Information that includes private and confidential personal information of the type that commonly falls within the scope of security breach notification and other consumer identity theft prevention regulations or statutes, including, but not limited to, Social Security number, driver's license number or state-issued identification card number, financial account number, and credit or debit card account number.



**DATA TRANSFER AND PROTECTION PROTOCOL**

CPT Group, Inc., ("CPT") maintains strict guidelines for the transfer, protection and security of our class member data. CPT has obtained SOC 1, SSAE 16 certification and continues to maintain these controls as well as improve upon and upgrade our systems.

In addition to compliance with our Information Security Program, the following steps are taken to ensure the protection of class data:

<u>INITIAL DATA</u>

1. Link provided to secure FTP (sharefile) for transfer of data files. (Link expires one week from issue.)
2. All files uploaded should be password protected and password should be provided to CPT telephonically.
3. Once data is uploaded and retrieved, files are deleted. (Files set to auto delete after 7 days as failsafe.)
4. If data is received via email, original email saved to our secure network, and data file is removed from the email before storing in mailbox.
5. "Deleted items" are permanently deleted often.
6. We do not forward sensitive data to other staff.

*\*\*\*CPT will be deploying encryption software in near future to encrypt currently stored data files in user mailboxes.*

<u>DATA QUESTIONS</u>

1. If data questions file contains SSN's, the file is either password protected or the secure FTP is used. Password are provided to counsel telephonically.
2. If counsel sends an email with SSN's in the body of email, data needed is extracted and email is deleted.

<u>SENDING CLAIM FORMS, DISPUTES OR REQUESTS TO BE ADDED</u>

1. If sending any of these items to the parties contains unredacted or unencrypted SSN's, files must be password protected in the same manner as described above or sharefile should be utilized.

<u>PRE-DISBURSEMENT</u>

1. We send redacted and non-redacted versions with *no* SSN's.
2. We use last 4 digits only of SSN when confirming Lead Plaintiff info.

<u>PROVIDING QSF/BANK ACCOUNT WIRE INSTRUCTIONS</u>

1. Wire instructions are printed in PDF, password protected, provided via secure FTP to defense counsel.
2. Defense counsel given password telephonically (we do not ask them to call us).
3. We request that defendant call prior to wiring funds to confirm all information.

<u>WIRE INFORMATION</u>

1. We do not send passwords via email internally or externally
2. For receipt of Class Counsel wire instructions, we request they provide it telephonically, or using the secure FTP. If they prefer to send it to us via email, they should send as attachment and password protect.
3. If send unsecure to us, we drag email to the case folder and delete email from mailbox.
4. When we need to confirm existing wire info on file, we send to counsel with bank name and account name reference using last four digits of account number only.



**Contact Name:** Darin Zabriskie
Henry Arjad
**Corporate Headquarters**
50 Corporate Park, Irvine CA 92606
Darin@cptgroup.com
**Direct Number:** (206) 491-3252
**Corporate Office:** (800) 542-0900
**Fax Number:** (949) 428-1023

www.cptgroup.com

## Case Name: Lennartson v Papa Murphy's International

| | |
|---|---|
| Date: **February 1, 2018** | * Class Members: **1,100,000** |
| Requesting Attorney: **Anthony Todaro** | ** Filing Rate: **4%** |
| Plaintiff or Defense: **Defense** | Claims Filed: **44,000** |
| Firm Name: **DLA Piper** | Postage Total: **$190,949.85** |
| Telephone: **(206) 839-4830** | Grand Total: **$437,351.99** |
| Email: anthony.todaro@dlapiper.com | <u>CAPPED FEE:</u> **$400,000.00** |

* This number is an estimate provided by counsel. If the actual number is different, our cost estimate will change accordingly.

** For ease of comparison, in the event competing estimates use an alternate filing rate to calculate estimated cost, please advise us so that we may modify the estimate accordingly.

## *Case Setup*

Upon Intake of the Class Data, CPT will Format and Scrub all Records to a Useable Format in order to Reduce Duplicate Records and to Increase the Success Rate of Deliverability of the Class Notice. Class Members will be Assigned a Unique Mailing ID which will be used throughout the Duration of the Settlement. Prior to the Mailing, CPT will Send all State Attorney Generals and the US Attorney General Pertinent Documents as Required under CAFA Notification. CPT will Maintain an Interactive Website throughout the Duration of the Settlement and up to 2 Years after Final Approval.

| Administrative Tasks: | Unit Price | Pieces/Hours | Cost Estimate |
|---|---|---|---|
| Project Manager | $95.00 | 15 | $1,425.00 |
| System Programming/Data Base Setup | $150.00 | 15 | $2,250.00 |
| Toll Free Number Establish/Setup* | $150.00 | 2 | $300.00 |
| Interactive Website** | $2,500.00 | 1 | $2,500.00 |
| CAFA Notification *(50 States + US Atty General)* | $75.00 | 51 | $3,825.00 |
| | | Total | $10,300.00 |

* Up to 120 days after disbursement

**Interactive Website with dedicated URL (e.g. www.casename.com) that includes case related document, online claims submission and claims lookup

## *Notification*

Email Summary Notice to 220,000 Class Members (Est. 20%) / Reverse Phone Look Up for 880,000 Class Members (Est. 80%) / Success Hit Rate from Reverse Phone Look Up is Estimated at 60% (528,000 Addresses) / Thus, 567,600 Class Members (Which Includes Undeliverable Emails with Back-Up Physical Addresses Identified) will Receive a 4"x6" Single-Sided Summary Notice Postcard Directing Class Members to a Dedicated Website for Additional Information

| Administrative Tasks: | Unit Price | Pieces/Hours | Cost Estimate |
|---|---|---|---|
| Project Manager-Claim/Notice Format | $95.00 | 2 | $190.00 |
| Email Notification Setup/Establish/Monitor | $750.00 | 1 | $750.00 |
| Email Notification Reports | $1,200.00 | 1 | $1,200.00 |
| Email Notification to Class Members | $0.01 | 220,000 | $2,200.00 |
| Reverse Phone Number Lookup | $0.15 | 880,000 | $132,000.00 |
| NCOA (National Change of Address) | $1,500.00 | 1 | $1,500.00 |
| Mailing of 4x6 Summary Postcard | $0.03 | 567,600 | $19,298.40 |
| Estimated Postcard Postage* | $0.29 | 567,600 | $164,604.00 |
| | | Total | $321,742.40 |

*USPS Postage rates are subject to change during any time interval over the year. The final rate will be determined at the time of mailing

## Returned Mail

CPT will Conduct a Skip Trace through LexisNexis in order to Obtain an Updated Address for all Undeliverable Mail. Based on Statistical Data, CPT Estimates 10% of the Postcards will be Returned Undeliverable. After Conducting an Address Search, 60% of those will be Remailed to Current Addresses.

| Administrative Tasks: | Unit Price | Pieces/Hours | Cost Estimate |
|---|---|---|---|
| Update Undeliverable (10%) | $0.02 | 45,408 | $908.16 |
| Skip Traces (60%) | $0.60 | 27,245 | $16,347.00 |
| Remail Packs (100%) | $0.08 | 27,245 | $2,288.58 |
| Estimated Postage | $0.29 | 27,245 | $7,901.05 |
| Clerical Staff | $60.00 | 38 | $2,280.00 |
| | | **Total** | **$29,724.79** |

## Claims Administration

CPT will Process Claims, Opt-Outs, Deficiencies & Other Requests (via Mail, Email & Telephonically) from Class Members. Class Members with Invalid Claims will Receive via Mail a Deficiency Notice to Rectify those Outstanding Issues. CPT Assumes that 5% of the Class will File their Claim through the United States Postal System and the Remaining 95% will Submit their Claim Form Electronically via the Case Website. CPT will Maintain a Dedicated Toll-Free Phone Number with IVR Capabilities and Live Bi-Lingual (English/Spanish) Class Member Support Representatives During our Normal Business Hours (Monday-Friday 9:00am - 5:30pm, PST).

| Administrative Tasks: | Unit Price | Pieces/Hours | Cost Estimate |
|---|---|---|---|
| Programming of Claims Data Base | $150.00 | 4 | $600.00 |
| Claims Processing via Website | $0.20 | 41,800 | $8,360.00 |
| Claims Processing via Hardcopy | $0.70 | 2,200 | $1,540.00 |
| Clerical Staff | $50.00 | 74 | $3,700.00 |
| Opt-Outs/Deficiency/Dispute Letters | $5.00 | 220 | $1,100.00 |
| Project Manager | $95.00 | 25 | $2,375.00 |
| Live Call Center Support & IVR Phone Tree (1%) | $1.25 | 11,000 | $13,750.00 |
| | | **Total** | **$31,425.00** |

## Distribution

CPT will Establish an EIN for the Settlement Fund and Manage the Qualified Settlement Fund (QSF) for up to 2 Years After Disbursement. We will Handle all Calculations Pertaining to the Disbursement of the Settlement. Upon Approval, CPT will Mail an 8" x 10" MICR Printed Check to all Valid Class Members or an Approval Merchant Voucher. CPT uses a Positive Pay System and Conducts Monthly Account Reconciliations for the QSF.

| Administrative Tasks: | Unit Price | Pieces/Hours | Cost Estimate |
|---|---|---|---|
| Programming Database-Calculate Totals | $150.00 | 3 | $450.00 |
| Project Supervisor Review of Distribution | $150.00 | 9 | $1,350.00 |
| Project Manager-Correspond w/Attorney | $95.00 | 5 | $475.00 |
| Obtain EIN, Setup QSF/Bank Account | $150.00 | 3 | $450.00 |
| Programming/Setup & Printing of Checks | $150.00 | 35 | $5,250.00 |
| Print Mail Checks & Voucher | $0.30 | 44,000 | $13,200.00 |
| Postage | $0.415 | 44,000 | $18,260.00 |
| | | **Total** | **$39,435.00** |

## *Post-Distribution*

We will Process all Requests for Check Reissues on a Continuous Basis. Any Checks Returned Undeliverable will have a Skip Trace Deployed On It to Locate a Current Address for the Class Member and Remailed Accordingly. CPT Prepares all Annual Tax Reporting on Behalf of the QSF. At the Conclusion of the Settlement, a Final Report and Declaration will be Supplied to all Parties.

| Administrative Tasks: | Unit Price | Pieces/Hours | Cost Estimate |
|---|---|---|---|
| Re-Issue Checks as Required | $3.00 | 440 | $1,320.00 |
| Project Supervisor -Account Recons | $150.00 | 6 | $900.00 |
| Skip Trace | $0.75 | 440 | $330.00 |
| Remail Undeliverable Checks | $1.00 | 440 | $440.00 |
| Postage | $0.42 | 440 | $184.80 |
| Project Supervisor-Reconcile Uncashed Chk | $150.00 | 1 | $150.00 |
| Programming- Final Reports | $150.00 | 2 | $300.00 |
| Project Manager - Acnt Files Sent to Atty | $150.00 | 2 | $300.00 |
| Project Supervisor - Final Declaration | $150.00 | 2 | $300.00 |
| QSF Annual Tax Reporting | $500.00 | 1 | $500.00 |
| | | **Total** | **$4,724.80** |

*CPT will file Federal and California taxes in accordance to current state and federal regulations. Additional charges will apply if the Settlement/Order/parties require(s) multiple state tax filings

| | **Grand Total:** | **$437,351.99** |
|---|---|---|

### Terms and Conditions

The "flat fee" amount for cost of administration is based on the specifications and information (e.g. class member size, claims to be filed) provided by Counsel/Client at the time this Agreement is prepared. The flat fee amount is subject to change, as and when Counsel/Client request additional work and/or provide changes, such as an increase in class member size, or changes in administrative duties/scope, which changes shall be set forth in writing by Counsel/Client. No provisions have been made for any services not specified in this Agreement. Prices and rates are subject to review and modification, pending review of the operative settlement agreement and further consultation with Counsel/Client. Counsel/Client shall, in addition to the flat fee, pay any applicable sales tax. **\*PRICING GOOD FOR 90 DAYS\***

**Database & Mailing Requirements**: The Agreement assumes that data provided to CPT Group, Inc. ("CPT") will be in ready-to-use condition, and that all data is provided in a single, comprehensive spreadsheet. CPT will not be liable for any errors or omissions arising due to additional work required for preparation of the original database, including, but not limited to data entry of claim information from claim forms. A minimum of five (5) business days is required for processing prior to the anticipated mailing date. Additional time will be required for mailings in excess of 5,000 pieces. CPT will keep counsel apprised of the estimated mailing date. All claims data, reports and computer compiled information relating to the matter covered by this Agreement shall be retained by CPT for its exclusive use. During the provision of the Services the parties may wish to communicate electronically with each other at a business e-mail address. However, the electronic transmission of information cannot be guaranteed to be secure or error free and such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Accordingly, each part agrees to use commercially reasonable procedures to check for the then most commonly known viruses and to check the integrity of data before sending information to the other electronically, but each party recognizes that such procedures cannot be a guarantee that transmissions will be virus free. It remains the responsibility of the party receiving an electronic communication from the other to carry out a virus check on any attachments before launching any documents whether received on disk or otherwise.

**Other:** CPT's general policy is to not accept claims via facsimile. However, in the event that facsimile filing of claims must be accepted, CPT will not be held responsible for any issues and/or errors arising out of said filing. Furthermore, CPT will require disclaimer language regarding facsimile transmissions. CPT will not be responsible for any acts or omissions caused by the U.S.P.S. CPT will not make payments to any claimants without verified, valid Social Security Numbers. CPT will retain all other class member and putative class member correspondence (including without limitation, claim forms and opt out forms) for one year after final distribution of funds or benefits, unless directed otherwise in writing by the client.

**Payment Terms:** All postage charges and 50% of the final administration charges are due at the commencement of the case and will be billed immediately upon receipt of the data and/or notice documents. Publication costs are due ten (10) business days prior to the deadline of the ad placement. Prices are subject to change without notice. CPT bills are due upon receipt, unless otherwise negotiated and agreed to with CPT by Counsel/Client. In the event settlement terms provide that CPT is to be paid out of the settlement fund, CPT will request that Counsel/Client endeavor to make alternate payment arrangements for CPT charges that are due at the commencement of the case. The entire remaining balance is due and payable at the time the settlement account is funded by defendant, or no later than the time of disbursement. Amounts not paid within thirty (30) days are subject to a service charge of 1.5% per month or the highest rate permitted by law.

**Accept Case Services:** Receipt of any data or documents from Counsel/Client by CPT shall constitute constructive acceptance of this Agreement. Any deviation from this Agreement, including its terms and conditions, must be addressed by the parties in writing prior to or at the commencement of the case administration.

**Applicable Law; Personal Jurisdiction; Venue:** This Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by, the laws of the State of California. All parties to this Agreement agree to submit to personal jurisdiction in the County of Orange, State of California. Any dispute that arises under or relates to this Agreement (whether contract, tort or both) shall be resolved in the applicable federal or state court in the County of Orange, State of California.

**Attorneys' Fees:** In the event either party commences litigation (including arbitration) to enforce or interpret this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and all litigation-related costs (including expert witnesses' fees) incurred in addition to all other items of recovery permitted by law.

**Integration and Modification:** This Agreement contains the entire and only Agreement between the parties with respect to services requested, and there are no other promises, representations, or warranties, either expressed or implied. The provisions of this Agreement shall not be changed or modified except for an instrument in writing signed by the parties hereto.

**Termination:** This Agreement may be terminated by either party on thirty (30) days prior written notice if either party continues to materially fail to perform or comply with this Agreement or any of its provisions, after receiving written notice of such non-compliance. Such termination shall be effective thirty calendar (30) days after receipt of notice of termination to the defaulting party if the default(s) have not been cured within such thirty (30) day period, unless the default is of a nature which is permanent and not capable of cure, in which event, termination shall be effective upon receipt of said notice. The rights and remedies of the parties provided herein shall not be exclusive and are in addition to any and all other rights and remedies provided by law or this Agreement. Upon termination, CPT will do a final accounting with respect to amounts due it or Counsel/Client, as applicable.

**Document Retention:** Unless otherwise directed in writing by Counsel/Client, CPT will destroy all undeliverable mail upon Final Approval of the settlement. CPT will image all claim forms and correspondence. CPT will maintain the original documents at minimum one year after Final Approval at which point all original documents are subject to being destroyed, unless otherwise directed in writing by the Counsel/Client. CPT will retain all bank and tax documentation in compliance with state and federal requirements.

**Severability:** The invalidity, in whole or in part, of any provision of this Agreement shall not affect the validity or enforceability of any other of its provisions.

**Notices:** Any notice or other communication required or permitted to be given under this Agreement shall be in writing and shall be sufficiently given if personally served or sent by registered or certified mail (or similar process), return receipt requested, postage prepaid, and addressed to the other party as follows, until one party has notified in writing the other party of any new address:

| | |
|---|---|
| **If to CPT:** | Mr. Henry Arjad, President |
| | CPT Group, Inc. |
| | 50 Corporate Park |
| | Irvine, California 92606 |
| | |
| **If to Counsel/Client:** | At the address set forth at the end of this Agreement |

**Waiver:** Any term or provision of this Agreement may be waived in writing at any time by the party entitled to the benefit thereof. No waiver of any of the provisions of this Agreement will be deemed or will constitute a waiver of any other provision, whether or not similar, nor will any waiver constitute a continuing waiver.

**Excuse from Performance** If any party fails to perform its obligations because of strikes, lockouts, labor disputes, electrical outs, embargoes, acts of God, inability to obtain labor or materials or reasonable substitutes for labor or materials, governmental restrictions, governmental regulations, governmental controls, judicial orders, enemy or hostile governmental action, civil commotion, fire or other casualty, or other causes beyond the reasonable control of the party obligated to perform, then that party's performance shall be excused.

This Agreement, including these Terms and Conditions, are hereby accepted by the parties:

CPT Group, Inc.

# EXHIBIT 6

HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9   JOHN LENNARTSON, RITA ANDREWS,
    CASSIE ASLESON, SUSAN SHAY NOHR,
10  on behalf of themselves and all others similarly          No. 3:15-cv-05307-RBL
    situated,
11
                              Plaintiffs,          **[PROPOSED] FINAL ORDER
12                                                 APPROVING CLASS ACTION
         v.                                        SETTLEMENT**
13
    PAPA MURPHY'S HOLDINGS, INC.; and
14  PAPA MURPHY'S INTERNATIONAL,
    L.L.C.,
15
                              Defendants.
16

17        This matter came before the Court on _____, 2018, on Plaintiffs' Motion for

18  Final Approval of Class Action Settlement and Class Counsel's Motion for Award of Attorneys'

19  Fees and Costs and Service Awards. (ECF Nos. ___ and ___.) Based on the  parties' briefing,

20  including Papa Murphy's Opposition to Class Counsel's Motion for Award of Attorneys' Fees

21  and Costs, and records, and proceedings herein, IT IS HEREBY ORDERED:

22        1.      The Motion for Final Approval of Settlement (ECF No. ___) is GRANTED.

23        2.      Class Counsel's Motion for Award of Attorneys' Fees and Costs and Service

24  Awards (ECF No. ___) is _____, and the Court awards $_____ for Attorneys'

25  Fees and Costs and $_____ for Service Awards.

26

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

3.     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently in this Order. The terms of this Court's Order Preliminarily Approving Class Action Settlement are also incorporated by reference in this Order.

4.     This putative class action against Defendants commenced on May 7, 2015. Plaintiffs allege, on behalf of themselves and a similarly situated class, that Defendants sent Plaintiffs and Class Members text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, Washington Commercial Electronic Mail Act, and Washington Consumer Protection Act.

5.     The following Settlement Class was conditionally certified for settlement purposes in this Court's Order Preliminarily Approving Class Action Settlement:

> All persons or entities in the United States and its Territories who received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013, and June 15, 2015.

6.     The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members, including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Class, and dismiss this action with prejudice.

7.     The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Settlement Agreement, and only for such purposes, the prerequisites for certifying this Action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been met, in that: (a) the members of the Settlement Class are so numerous that joinder of all individual Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which questions predominate over individual questions; (c) the claims of the Class Representatives are typical of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately represented the interests of the

[PROPOSED] FINAL APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 2
WEST\281118860.1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Settlement Class and will continue to do so; and (e) a class action is superior to other available

2    methods for the fair and efficient adjudication of the issues relating to the Settlement.

3    8.      A total of ___ Settlement Class Members submitted timely and proper Requests

4    for Exclusion. (*See* Decl. of _____.) The Court hereby orders that each of those

5    individuals is excluded from the Settlement Class. Those individuals will not be bound by the

6    Agreement, and neither will they be entitled to the Cash Award. Those individuals will not be

7    bound by this Order and final judgment or the releases herein.

8    9.      No Settlement Class Member submitted an Objection to the terms of the

9    Settlement.

10   10.     The Class Representatives appointed in this Court's Order Preliminarily

11   Approving Class Action Settlement (John Lennartson, Rita Andrews, Cassie Asleson, and Susan

12   Shay Nohr) have fairly and adequately represented the Settlement Class throughout the

13   proceedings and are hereby finally confirmed and appointed as Class Representatives.

14   11.     Having considered the factors set forth in Federal Rule of Civil Procedure

15   23(g)(1), the Court finds that Class Counsel (Mark Griffin and Karin Swope of Keller Rohrback

16   L.L.P. and June Hoidal and Behdad Sadeghi of Zimmerman Reed LLP) have fairly and

17   adequately represented the Settlement Class throughout the proceedings and for purposes of

18   entering into and implementing the Settlement, and thus hereby reiterates the appointment of

19   Class Counsel as Class Counsel to represent the Settlement Class.

20   12.     Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the Class Notice

21   provided to the Settlement Class constitutes the best and most practicable notice under the

22   circumstances. The Notice Program was designed to provide notice in the manner most likely to

23   be received and read by Settlement Class Members. The Settlement Class received valid, due,

24   and sufficient notice that complied fully with Federal Rule of Civil Procedure 23 and the

25   constitutional requirements of due process.

26

[PROPOSED] FINAL APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 3
WEST\281118860.1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

13.     The Court hereby finds and concludes that the notice provided by the Claims Administrator to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

14.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a hearing and based upon all submissions of the Parties and interested persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Agreement are the product of lengthy, arm's-length negotiations. Approval of the Settlement will result in substantial savings of time, money, and effort to the Court and the Parties, and will further the interests of justice. The Court hereby finally approves the Agreement, the exhibits, and the Settlement contemplated thereby, and directs its consummation pursuant to its terms and conditions.

15.     The Class Representatives initiated and prosecuted the Action, acted to protect the Settlement Class, and assisted Class Counsel. The efforts of Class Representatives have produced a Settlement Agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement Class. The Class Representatives are entitled to service awards in the amount of $_____ to each Class Representative, and shall be paid by Defendants no later than ten (10) calendar days after the Effective Date.

16.     Having considered Class Counsel's Motion for Award of Attorneys' Fees and Costs and Service Awards, Papa Murphy's opposition thereto, and Class Counsel's reply, the Court finds as follows: _____

17.     All Settlement Class Members who have not been excluded above are bound by this Order, the accompanying Final Judgment, and by the terms and provisions of the Settlement Agreement incorporated herein.

18.     The Court hereby dismisses the Action, as defined in the Agreement, with prejudice, without costs to any party, except as awarded above.

[PROPOSED] FINAL APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 4
WEST\281118860.1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

19.     The Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.

20.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from initiating, asserting, or prosecuting Released Claims or any claims released under this Agreement against the Released Parties as set forth in Section 12of the Settlement Agreement. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

21.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, this Order and the final judgment, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission of liability, fault or wrongdoing, or in any way referred to for any other reason, by any Class Representative, Settlement Class Member, Defendants, or Released Party in the Action or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the provisions of the Agreement, this Order, and the final judgment. Without affecting the finality of the judgment, the Court, under the Court's contempt power, retains exclusive jurisdiction over this Action and thus all Defendants, Plaintiffs, and Settlement Class Members in this Action regarding the Settlement including without limitation the Settlement Agreement and this Order. Defendants, Plaintiffs, and Settlement Class Members in this Action are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, or the Settlement Agreement, including but not limited to the applicability of the Released Claims, the Settlement Agreement, or this Order.

[PROPOSED] FINAL APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 5
WEST\281118860.1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

22.    No opinions concerning the tax consequences of the Settlement to Settlement Class Members have been given, and no representations or warranties regarding such tax consequences are made in the Agreement. The Parties and their respective counsel shall not be liable to any party or person for any tax consequences that result from the implementation of this Settlement. Settlement Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations with respect to it.

23.    The Court reserves jurisdiction over the interpretations, administration, implementation, effectuation, and enforcement of this Order, the final judgment, the Agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this Order or the final judgment shall preclude any action to enforce the terms of the Agreement; nor shall anything in this Order or the final judgment preclude Plaintiffs or Settlement Class Members from participating in the claims process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

24.    The Parties and their counsel are hereby directed to implement the Settlement Agreement according to its terms and provisions.

25.    As of the date of this Order, a total of _____ Settlement Class Members submitted valid claims. The Court hereby orders that these claims, and any other claims subsequently determined to be timely and valid by the Claims Administrator pursuant to the terms set forth in the Settlement Agreement, be treated as Valid Claims for purposes of distributing Cash Awards.

26.    By incorporating the Agreement's terms herein, the Court determines that this Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

27.    The Court will separately enter a final judgment in accordance with Federal Rule of Civil Procedure 58.

It is so ORDERED.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   Dated this ـــــ day of ـــــــــــــــــــــ, 2018.

2

3

4                                                  _____
                                                   Ronald B. Leighton
5                                                  United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384