HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LENNARTSON, RITA ANDREWS, CASSIE ASLESON, SUSAN SHAY NOHR, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

PAPA MURPHY'S HOLDINGS, INC.; and PAPA MURPHY'S INTERNATIONAL, L.L.C.,

Defendants.

No. 3:15-cv-05307-RBL

**PRELIMINARY APPROVAL ORDER APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE PLAN, AND SETTING FAIRNESS HEARING**

WHEREAS, on April 23, 2018, Plaintiffs John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr (collectively "Named Plaintiffs") and Defendants Papa Murphy's Holdings, Inc. and Papa Murphy's International L.L.C. (collectively, "Papa Murphy's" or "Defendants"), entered into a Settlement Agreement, which is subject to approval by the Court under Fed. R. Civ. P. 23; and

WHEREAS, the Settlement Agreement and exhibits thereto set forth the terms and conditions for the proposed settlement and dismissal of the claims alleged in the Named Plaintiffs' First Amended Class Action Complaint with prejudice; and

WHEREAS, the Court having read and considered the Settlement Agreement and the accompanying documents, the records in this case, and the briefs and arguments of counsel;

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

IT IS HEREBY ORDERED THAT:

1. **Settlement Terms.** All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. **Jurisdiction.** The Court has jurisdiction over the Parties, the subject matter of the dispute, and all Settlement Class Members.

3. **Preliminary Class Findings.** The Court preliminarily finds, for the purposes of settlement only, that this action meets all prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, predominance, and superiority, and that the Named Plaintiffs are adequate representatives of the Settlement Class, defined below, and Class Counsel are adequate to represent the Settlement Class, defined below.

4. **Conditional Certification of Settlement Class.** Based on the findings set out in paragraph 3 above, the Court conditionally certifies the following class (the "Settlement Class"), for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3):

> All persons or entities in the United States and its Territories who received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013, and June 15, 2015.

5. **Appointment of Class Representatives.** The Court appoints, for settlement purposes only, John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr (the "Named Plaintiffs") as Class Representatives.

6. **Appointment of Class Counsel.** The Court appoints, for settlement purposes only, Mark Griffin and Karin Swope of Keller Rohrback L.L.P. and June Hoidal and Behdad Sadeghi of Zimmerman Reed LLP as Class Counsel for the Settlement Class.

7. **Conditional Nature of Certification of the Settlement Class.** This conditional certification of the Settlement Class is solely for purposes of effectuating the Settlement. If the Effective Date of the Settlement Agreement does not occur, the foregoing conditional certification of the Settlement Class and appointment of Class Representatives and Class Counsel for the Settlement Class shall be void and of no further effect, and the Parties shall be returned to

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the status each occupied before entry of this Order without prejudice to any legal argument, position, or privilege that any of the Parties might have asserted but for the Settlement Agreement.

8.     **Preliminary Findings Regarding Proposed Settlement.** The Court preliminarily finds that the proposed Settlement should be approved as: (a) fair, reasonable, and adequate; (b) the product of serious, informed, arm's-length, and non-collusive negotiations; (c) having no obvious deficiencies; (d) not improperly granting preferential treatment to Class Representatives or segments of the Settlement Class; (e) falling within the range of possible approval; and (f) warranting notice to Settlement Class Members of a formal Fairness Hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

9.     **Fairness Hearing.** A hearing is scheduled for **September 28, 2018** at **1:30pm** (the "Fairness Hearing") to determine, among other things:

A.     whether the Settlement Class should be certified, for settlement purposes, as a class action;

B.     whether the Class Representatives and Class Counsel have adequately represented the Settlement Class;

C.     whether the Settlement should be approved as fair, reasonable, and adequate;

D.     whether the Amended Complaint should be dismissed with prejudice pursuant to the terms of the Settlement;

E.     whether the Notice and the means of disseminating same pursuant to the Settlement Agreement: (i) are appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

F.     whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved or adjusted;

G.     whether the proposed disbursement of Cash Awards and Merchandise Vouchers is

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

fair and reasonable and should be approved;

  H. whether the application for Service Awards for the Class Representatives should be approved;

  I. whether there are any timely and proper objections to the Settlement and/or to the application for attorneys' fees and expenses and/or request for Service Awards and how any such objections shall be resolved; and

  J. any other matters the Court may deem appropriate.

  10. **Appearance at Fairness Hearing.** Attendance at the Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the allocation of Cash Awards and Merchandise Vouchers, Class Counsel's request for attorneys' fees, and/or Class Representatives' Service Awards are required to state in their written objection their intention to appear at the hearing, as further described below.

  11. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, all Settlement Class Members are preliminarily enjoined from instituting or commencing any action against Defendants based on the Released Claims, and all proceedings in this action, except those related to approval of the Settlement, are stayed.

  12. The Court approves the appointment of CPT Group as the Claims Administrator to assist the Parties in the administration of this Settlement including, but not limited to, conducting notice upon the Settlement Class Members, processing claims, tracking opt-outs and objections, and reporting to the Parties and the Court on the claims administration process.

  13. **Class Notice.** The Parties have presented to the Court the proposed forms of the Class Notice and Long-Form Notice (collectively "Notice"), attached to the Settlement Agreement as Exhibits 2 and 3. With respect to such form of Notice, the Court finds that such Notice fairly and adequately: (a) describes the terms and effect of the Settlement; (b) notifies the Settlement Class that Class Counsel will seek an award of attorneys' fees and expenses, reimbursement of expenses, and Service Awards for the Class Representatives; (c) notifies the

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Notice may object to approval of the Settlement or opt-out of the Settlement. The Parties have proposed the following manner of disseminating the Notice to members of the Settlement Class, and the Court finds that such proposed manner of dissemination is the best notice practicable under the circumstances and directs that:

A. Within thirty (30) calendar days ("Notice Date") after the entry of this Order, the Claims Administrator, will cause the Class Notice, with blanks completed and such non-substantive modifications thereto as may be agreed upon by the Parties, to be emailed to up to 20% of the Settlement Class Members (for whom Defendants have email addresses), and a post card notice to be mailed, by first-class mail, postage prepaid, to each member of the remainder of the Settlement Class for whom the Claims Administrator can obtain a U.S. mailing address through a reverse phone lookup procedure, and any subsequent skip tracing.

Should additional time beyond the Notice Date be needed in good faith by the Claims Administrator to email or mail the Notice, the Parties will consent to an extension of the Notice Date for the additional amount of time needed in good faith to email and/or mail the Notice, and such extension will not require additional Court approval.

B. By no later than the Notice Date, the Claims Administrator shall establish the Settlement Website, which shall contain copies of the Settlement Agreement, the Long-Form Notice, and information concerning the claims process. The Settlement Website will also provide a method through which Settlement Class Members can submit a Claim Form electronically, using their Class Member Identifier, to the Claims Administrator, as well as Claim Forms that can be downloaded and submitted via U.S. mail. When Class Representatives file additional motions affecting the interests of the Settlement Class Members (*e.g.*, Class Counsel's motion for an Attorneys' Fees and Costs Award and the motion for final approval), the Claims Administrator will also make copies of these motions and all attachments and declarations thereto available on the Settlement Website.

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

C. No later than fourteen (14) days prior to the final approval hearing, the Claims Administrator will provide to the Parties a declaration, attesting that Class Notice was disseminated by the Claims Administrator in a manner consistent with the terms of the Settlement Agreement and this Order.

D. Counsel for Defendants shall provide notice to the appropriate officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 with the costs of such notice to be paid by Defendants.

14. Defendants' Counsel shall reasonably cooperate with Class Counsel and the Claims Administrator in obtaining the information necessary to accomplish Notice provided for in paragraph 13, and as provided in the Settlement Agreement.

15. Reasonable expenses incurred in implementing the provisions of paragraph 13 above pertaining to providing Notice of the Settlement (estimated at $400,000), shall be paid solely by Defendants, without further order of this Court.

16. **Objections to Settlement.** The Court will consider comments and/or objections to the Settlement, the allocation of Cash Awards and Merchandise Vouchers, or the award of attorneys' fees and reimbursement of expenses or Class Representatives' Service Awards, if the member of the Settlement Class, no later than the 60th day after the Notice Date ("Objection Deadline"), files with the Court, and serves upon Class Counsel, Defendants' Counsel, and the Claims Administrator the following:

(a) documents establishing or sufficient information to allow the Parties to confirm that the objector is a Settlement Class Member;

(b) a statement of such Settlement Class Member's specific Objection;

(c) the grounds for the Objection;

(d) identity of any documents such objector desires the Court to consider;

(e) all information requested on the Claim Form; and

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(f) a statement as to whether he/she intends to appear at the Final Approval Hearing either with or without counsel.

In addition, any Settlement Class Member objecting to the Settlement shall provide a list of all other Objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any Court in the United States in the previous five years. If the Settlement Class Member or his/her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she or it shall affirmatively so state in the Objection. Any Objection to be considered timely must be filed by the Objection Deadline.

17. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

18. **Exclusion from Settlement Class.** Any Settlement Class Member shall have the right to be excluded or to "opt-out" from the Settlement. On or before the date 60 days after the Notice Date, ("Opt-Out Deadline") each individual electing to submit a Request for Exclusion must deposit in the U.S. mail an opt-out notice addressed to the Claims Administrator, identifying his or her name, address, the cellular telephone number that received the text message from Defendants, a clear statement that he or she desires to be excluded from the Settlement Class, as referenced in the Class Notice and described in the Long-Form Notice. The Request for Exclusion should be signed by the person requesting exclusion and must be received by the Claims Administrator before 11:59 pm Eastern Time on the Opt-Out Deadline. Settlement Class Members who do not timely submit a Request for Exclusion from the Settlement or who fail to properly opt-out of the Settlement will become members of the Settlement Class and may receive certain benefits of the Settlement Class, and shall be bound by any order(s) of the Court regarding the Settlement Class Members.

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

19. The Claims Administrator shall provide copies of any notices of Requests for Exclusion to Class Counsel and Defendants' Counsel within a reasonable time of receipt of the same by the Claims Administrator, but no later than fourteen (14) days prior to the Final Approval Hearing (unless received by the Claims Administrator after such time, in which event the Claims Administrator shall immediately forward copies of the same to Class Counsel and Defendants' Counsel).

20. **Use of Order.** Under no circumstances shall this Order be construed, deemed, or used as an admission, concession, or declaration by or against any Defendants of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed, deemed, or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

21. **Separation of Determinations.** Neither Defendants nor their counsel shall have any responsibility whatsoever for the allocation of Cash Awards and Merchandise Vouchers or for any application for attorneys' fees or reimbursement of litigation expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. The Court reserves the right to approve the settlement and/or allocation of Cash Awards and Merchandise Vouchers with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Settlement regardless of whether it has approved the allocation of Cash Awards and Merchandise Vouchers or awarded attorneys' fees and/or litigation expenses.

22. **No Settlement Discovery.** No discovery by any person with regard to the Settlement or the Settlement Agreement shall be permitted as to any Party other than as may be directed by the Court upon a proper showing by the person seeking such discovery pursuant to a motion properly noticed and served.

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

23. If final approval of the Settlement is not obtained, this Order, including the above description of the Settlement Class and appointment of the Class Representatives and Class Counsel, shall be vacated and this action shall proceed as though the certification and appointments never occurred.

It is so ORDERED.

Dated this 16th day of May, 2018.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge

[PROPOSED] PRELIMINARY APPROVAL ORDER
(NO. 3:15-CV-05307-RBL) - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384