HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

9   JOHN LENNARTSON, RITA ANDREWS,
    CASSIE ASLESON, SUSAN SHAY NOHR,
10  on behalf of themselves and all others similarly
    situated,
11
                                    Plaintiffs,
12
         v.
13
    PAPA MURPHY'S HOLDINGS, INC.; and
14  PAPA MURPHY'S INTERNATIONAL,
    L.L.C.,
15
                                    Defendants.
16

No. 3:15-cv-05307-RBL

PLAINTIFFS' MOTION AND
MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND
PAYMENT OF SERVICE AWARDS TO
NAMED PLAINTIFFS

Noted for Consideration:
July 27, 2018

17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) i

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    CLASS COUNSEL'S EFFORTS AND THE RESULTS OBTAINED .......................... 2

      A.      Class Counsel Vigorously Prosecuted this Case Over Hard Fought
            Opposition.......................................................................................... 2

      B.      This Case Settled After Being Fully Litigated..................................... 2

      C.      The Mediator Oversaw Settlement Negotiations and Negotiated
            Attorneys' Fees to Which the Parties Agreed (Subject to Court
            Approval). ........................................................................................... 3

III.   THE CIRCUMSTANCES OF THE NEGOTIATED FEE AMOUNT
       SHOW THAT IT IS REASONABLE ............................................................... 4

IV.   THE AWARD IS REASONABLE...................................................................... 5

      A.      The Fee Award Is Reasonable Based on the Lodestar Method. ........... 6

            1.      Reasonable Hours ................................................................... 6

            2.      Reasonable Rate ..................................................................... 6

            3.      Class Counsel's Fee Request Is Reasonable............................ 7

      B.      The Requested Fees Are Reasonable Under the Percentage-of-the-
            Fund Method. .................................................................................... 11

V.     THE COURT SHOULD AWARD THE REQUESTED COSTS AND
       EXPENSES.................................................................................................. 12

VI.   THE COURT SHOULD MAKE THE REQUESTED SERVICE
       AWARDS. ................................................................................................... 12

VII.   CONCLUSION............................................................................................. 13

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) i

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ACA Intl. v. FCC*,
  885 F.3d 687 (D.C. Cir. 2018) ........................................................................4, 5

*Barjon v. Dalton*,
  132 F.3d 496 (9th Cir. 1997) ..............................................................................7

*Bendixen v. Sprint Commc'ns Co. L.P.*,
  No. 11-CV-05274-RBL, 2013 WL 2949569 (W.D. Wash. June 14, 2013) ...........................11

*In re Bluetooth Headset Prod. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ..................................................................6, 11, 12

*Blum v. Stenson*,
  465 U.S. 886 (1984).........................................................................................9, 12

*Chalmers v. City of Los Angeles*,
  796 F.2d 1205 (9th Cir. 1986) ............................................................................6, 7

*In re Equity Funding Corp. of Am. Sec. Litig.*,
  438 F. Supp. 1303 (C.D. Cal. 1977) .....................................................................10

*Evans v. Jeff D.*,
  475 U.S. 717 (1986).............................................................................................4

*In re Fine Paper Antitrust Litig.*,
  751 F.2d 562 (3d Cir. 1984)..................................................................................5

*Fox v. Vice*,
  563 U.S. 826 (2011)..............................................................................................6

*Guzik Tech. Enters., Inc. v. W. Digital Corp.*,
  No. 11-03786, 2014 WL 12465441 (N.D. Cal. Mar. 21, 2014) ...............................5

*Hartless v. Clorox Co.*,
  273 F.R.D. 630 (S.D. Cal. 2011), *aff'd in part*, 473 F. App'x 716 (9th Cir.
  2012) ..................................................................................................................11

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983)..............................................................................................4

*In re: Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007)................................................................12

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) ii

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*In re Infospace, Inc. Sec. Litig.*,
 330 F. Supp. 2d 1203 (W.D. Wash. 2004)...........................................................................10

*Kerr v. Screen Extras Guild, Inc.*,
 526 F.2d 67 (9th Cir. 1975) .................................................................................................7

*Kramer v. Autobytel Inc.*,
 No. 10-cv-02722-CW (N.D. Cal. Jan. 27, 2012) ................................................................10

*In re Life Time Fitness*,
 847 F.3d 619 .......................................................................................................................10

*In re: Life Time Fitness Inc. TCPA Litig.*,
 No. 14-md-2564, 2015 WL 7737335 (D. Minn. Dec. 1, 2015), *aff'd*, 847 F.3d
 619 (8th Cir. 2017)................................................................................................................7

*Meyer v. Am. Family Mut. Ins. Co.*,
 No. 14-5305, 2016 WL 5930286 (W.D. Wash. June 3, 2016) ............................................13

*In re Online DVD-Rental Antitrust Litig.*,
 779 F.3d 934 (9th Cir. 2015) ..............................................................................................11

*R.H. v. Premera Blue Cross*,
 No. 13-97, 2014 WL 3867617 (W.D. Wash. Aug. 6, 2014).................................................12

*Robles v. Lucky Brand Dungarees, Inc.*,
 No. 10-cv-04846 MMC HRL (N.D. Cal. May 10, 2013) ......................................................10

*Soular v. N. Tier Energy L.P.*,
 No. 15-cv-00556 (D. Minn. July 28, 2017) ...........................................................................7

*Spokeo, Inc. v. Robins*,
 136 S. Ct. 1540 (2016)...........................................................................................................9

*Staton v. Boeing Co.*,
 327 F.3d 938 (9th Cir. 2003) ..............................................................................................12

*United Steelworkers v. Phelps Dodge Corp.*,
 896 F.2d 403 (9th Cir. 1990) .................................................................................................9

*Vizcaino v. Microsoft Corp.*,
 290 F.3d 1043 (9th Cir. 2002) .............................................................................................10

*Williams v. MGM-Pathe Commc'ns Co.*,
 129 F.3d 1026 (9th Cir. 1997) .......................................................................................11, 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Wing v. Asarco Inc.*,
    114 F.3d 986 (9th Cir. 1997) ..............................................................................6, 11

**Statutes**

Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq.* ............................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 23(h) ..............................................................................................4, 6, 12

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) iv

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I.      INTRODUCTION

Plaintiffs John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr ("Named Plaintiffs") move the Court for an Order approving awards of attorneys' fees and costs to their attorneys, Keller Rohrback L.L.P. and Zimmerman Reed LLP ("Class Counsel"), and Service Awards to themselves as Class Representatives. The Named Plaintiffs and Defendants Papa Murphy's Holdings, Inc. and Papa Murphy's International, L.L.C. have entered into a comprehensive Settlement Agreement that provides substantial relief to the Settlement Class Members, including the total Settlement Amount of $23,096,820, which includes a voucher component of $11,318,410, a cash component of $11,318,410, claims administration costs of $400,000, and class representative Service Awards of $60,000. Indeed, as stated in the Settlement Agreement: "Altogether, Papa Murphy's agrees to the creation of a common fund, the total potential value of which equals $23,096,820, of which $11,878,410 in vouchers, claim administration costs, and plaintiff service awards is guaranteed to the class regardless of the claims process." ECF No. 212-1 at 69-70. After resolving these key Settlement provisions, the parties negotiated an agreement for payment of attorneys' fees and costs.[1] The parties agreed that, if approved by the Court, Defendants will pay up to $2,050,000 in attorneys' fees and costs to Class Counsel. Settlement §§ 8.1(c); 17.1. Since Class Counsel has incurred $305,264.99 in costs, the agreement effectively limits their fee request to $1,744,735.01 or what would be equivalent to 7.5% of the "common fund" identified in the Settlement. The Court should award this amount, which is less than one-third of the 25% benchmark for attorneys' fee awards established by the Ninth Circuit. Additionally, Class Counsel's fee request of $1,744,735.01 reflects just 32 percent of the actual total fees they incurred in this case ($5,445,674.71 in lodestar). The Court should approve the negotiated attorneys' fees, costs, and Service Awards as

---

[1] Joint Declaration of Mark Griffin and June Hoidal in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Service Awards to the Named Plaintiffs ("Joint Decl.") ¶ 80, submitted herewith. Capitalized terms not defined herein are defined in the Settlement Agreement. Griffin Decl. Ex. A, filed ISO Motion for Preliminary Approval (ECF No. 212-1 at 3-10).

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

fair and reasonable. Such a ruling will compensate Class Counsel and the Named Plaintiffs for the significant time, effort, risk, and costs they expended over the last three years for the successful resolution of this action.

## II.    CLASS COUNSEL'S EFFORTS AND THE RESULTS OBTAINED

### A.    Class Counsel Vigorously Prosecuted this Case Over Hard Fought Opposition.

Class Counsel filed a class action complaint alleging violations of the Telephone Consumer Protection Act ("TCPA") on May 7, 2015. Joint Decl. ¶ 11. Class Counsel vigorously prosecuted this case, which included responding to three summary judgment motions and filing a Motion for Class Certification. *Id.* V.A, D, & E. Defendants and their vendors dragged their heels repeatedly on discovery, causing Class Counsel to oppose three motions for protective orders/stays, and file two motions to compel discovery. *Id.* V.A & C. Class Counsel defeated a motion for summary judgment, ECF No. 40, and filed a Motion to Amend the Complaint, over Defendants' objections, which the Court granted. ECF No. 92. Class Counsel opposed Defendants' petition for a waiver before the Federal Communications Commission ("FCC") and a motion for reconsideration of the FCC's ruling on that petition. Joint Decl. V.A.

### B.    This Case Settled After Being Fully Litigated.

This case settled one month before trial, after the completion of discovery, and filing of dispositive and class certification motions. The parties completed fact discovery by November 7, 2017. *Id.* ¶ 56. Defendants produced, and Class Counsel reviewed, over 1 million pages of documents, including over 1300 CSV files, which contained some 54 million rows of data. *Id.* ¶ 47. The parties took 10 depositions. *Id.* ¶¶ 52-53. Class Counsel engaged in extensive discovery disputes with Papa Murphy's third-party vendors. *Id.* ¶¶ 61-62. Class Counsel also issued fourteen subpoenas on third-parties, including franchisees of Defendants and telephone companies for Named Plaintiff's records, at Defendants' request. *Id.* ¶ 54. Class Counsel retained and worked with four experts, serving and/or filing nine expert declarations and reports. *Id.* ¶ 74. Class Counsel filed a motion for class certification on October 27, 2017, and responded

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE AWARDS (No. 3:15-cv-05307-RBL) 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

to a third motion for summary judgment on December 11, 2017. *Id.* ¶¶ 64 & 70. These motions were pending when the parties signed a first Term Sheet on December 22, 2017. *Id.* ¶ 80.

**C.     The Mediator Oversaw Settlement Negotiations and Negotiated Attorneys' Fees to Which the Parties Agreed (Subject to Court Approval).**

Plaintiffs requested that the parties mediate this case prior to the start of discovery, but Defendants declined an early mediation date. The parties did not mediate this case until December 11, 2017, 6 days prior to the mediation cut-off date of December 18, 2017. *Id.* ¶ 79. The parties participated in mediation before an experienced complex litigation attorney and mediator, Janissa Strabuk, and engaged in extensive arm's-length negotiations for the full day of December 11, 2017, and then continued to negotiate after the mediation. On December 22, 2017, the parties reached an agreement on class relief and executed a settlement term sheet. *Id.* ¶ 80. The parties continued to negotiate the attorneys' fee amount and engaged in extensive back and forth through the mediator from December 22, 2017 through February 6, 2018.

On that date, pursuant to Local Rule 39.1, the mediator called the Court to report that the parties had reached a settlement agreement, memorializing the call in an email stating that the parties agreed to "attorneys' fees and costs of $2,050,000, all inclusive." *Id.* ¶ 81, Ex. 1. Class Counsel is seeking a fee award of $1,744,735.01 and reimbursement of $305,264.99 in costs, which totals the agreed upon comprehensive amount of $2,050,000. On February 20, 2018, the parties signed a second Settlement Term Sheet, which contained all the terms of a complete settlement including the parties' agreement on attorneys' fees. ECF No. 212-1, at 69-72. On February 15, 2018, the Court terminated the pending motions for class certification, summary judgment, and compelling discovery, as moot because the "matter settled in mediation."

The outcome of this case was by no means certain, given the rapidly changing and unsettled landscape of TCPA law, particularly the FCC's interpretation of "express written consent" and "autodialer." Class Counsel adapted to the changing case law, and prevailed on Defendants' First Motion for Summary Judgement. ECF No. 40. In the background of this litigation was an appeal pending before the D.C. Circuit, which challenged the FCC's

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) 3

interpretation of the term "autodialer" under the TCPA. That case, *ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), was decided on March 16, 2018 (after the parties signed the Settlement Term Sheet), holding that the FCC's interpretation of "autodialer"—the definition upon which Plaintiffs relied in part—was arbitrary and capricious.  This case was scheduled to go to trial on March 19, 2018. ECF No. 104. During the parties' negotiation of the long form settlement agreement, Defendants notified Class Counsel, for the first time, that they intended to oppose Class Counsel's motion for fees and costs, despite their signing the Settlement Term Sheet which stated that Class Counsel would seek fees and costs of no more than $2,050,000 and Defendants agreed to pay the amount of the fees and costs awarded by the Court. *Id.* ¶ 81.

## III.   THE CIRCUMSTANCES OF THE NEGOTIATED FEE AMOUNT SHOW THAT IT IS REASONABLE.

The parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees. *Evans v. Jeff D.*, 475 U.S. 717, 734–35, 738 n.30 (1986). The United States Supreme Court has stated that settlements of requests for attorneys' fees should be encouraged and respected:

> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Indeed, Fed. R. Civ. P. 23(h) authorizes the Court to award "reasonable attorney's fees and nontaxable costs . . . by the parties' agreement."

Here, the amount of fees and costs requested by Plaintiffs in this motion is presumptively reasonable because it was negotiated between the parties. Joint Decl. ¶ 79-81. There can be no dispute that: the fees were negotiated ***after*** agreement was reached on all the key terms of the Settlement; a well-respected and neutral mediator oversaw the negotiations; and the amount to which the parties ultimately agreed upon, $2,050,000 inclusive of fees and costs, was memorialized in a signed Term Sheet (with the expressed understanding that such amount was subject to Court approval). "In cases where settlements of fee requests are made with the

1  defendants after prior approval of damage claim settlements, the court can, in most instances,

2  assume that the defendants closely scrutinized the [plaintiffs'] fee requests, and agreed to pay no

3  more than was reasonable." *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 582 (3d Cir. 1984).

4  Given that the agreement regarding fees and costs has been closely scrutinized by all sides—

5  Plaintiffs, Defendants, and the mediator—that agreement should be respected and awarded.

6          After engaging in an almost two-month arm's-length negotiation about Class Counsel's

7  fees and costs, and agreeing to an amount, Defendants notified Class Counsel one month later

8  that they may oppose the motion for fees.[2] Joint Decl. ¶ 83. The fact that Defendants may oppose

9  the fee award that they previously negotiated and signed in the Settlement Term Sheet, ECF No.

10 212-1 at 70, should be given little weight. If they did not agree to the amount, why did they

11 spend two months negotiating it, and then sign a term sheet agreeing to pay it, causing the

12 mediator to call and notify the Court that the case had been settled? Where, as here, a party

13 seems to have "buyer's remorse," courts have upheld the settlement over one party's objections.

14 *See Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 11-03786, 2014 WL 12465441, at *1

15 (N.D. Cal. Mar. 21, 2014) ("Sometimes buyer's remorse causes one party or the other to try to

16 'unsettle' the case, or 'resettle' it on different terms."). Regardless of Defendants' possible

17 current opposition, it remains undisputed that Defendants agreed to pay no more than $2,050,000

18 in fees and costs when they signed the Term Sheet to settle the case. This negotiated amount is

19 composed of only $1,744,735.01 in fees because Plaintiffs agreed that it would include the costs

20 ($305,264.99) incurred during the litigation. Joint Decl. ¶ 117. As the negotiated amount, the

21 Court may presume the amount is reasonable, notwithstanding Defendants' newfound objection.

22                          **IV.   THE AWARD IS REASONABLE.**

23         The Ninth Circuit has held:

24         While attorneys' fees and costs may be awarded in a certified class action where
25         so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have

26 ───────────────

[2] Defendants notified Class Counsel, for the first time, that they intended to oppose Class Counsel's motion for fees and costs five days after issuance of the *ACA* decision.

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE AWARDS (No. 3:15-cv-05307-RBL) 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount.

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The Court needs to determine whether the requested award is justified under the Ninth Circuit standard. Courts have discretion to use one of two methods to determine whether a request is reasonable: (1) lodestar plus a risk multiplier or (2) percentage of the fund. *Id.* at 941–42; *see also Wing v. Asarco Inc.*, 114 F.3d 986, 988–90 (9th Cir. 1997). Under either method, here, the requested fees and costs are reasonable.

**A.     The Fee Award Is Reasonable Based on the Lodestar Method.**

In deciding an award of attorneys' fees, the United States Supreme Court has said that courts need not "achieve auditing perfection" or "become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Because the "essential goal in shifting fees...is to do rough justice," the court may "use estimates" or "take into account [its] overall sense of a suit" to determine reasonable attorneys' fees. *Id.*

**1.     Reasonable Hours**

Class Counsel has the burden of submitting detailed time records justifying the hours claims. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Class Counsel worked a total of 10,496.95 hours on this case over its three-year duration. Joint Decl. ¶ 88. Class Counsel has submitted detailed time records, separating out time by timekeeper, and under categories provided by the ABA Uniform Task-Based Management System. *Id.* Ex. 2A-C, 3A-C. A Joint Declaration of June Hoidal and Mark Griffin, filed herewith, provides a detailed narrative of the hours spent on the litigation, and the time allotted to each task.

**2.     Reasonable Rate**

Class Counsel's rates range from $225 to $995 and are reasonable. A reasonable rate is typically based upon the prevailing market rate in the community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.2d at 1210–11. The relevant community is generally the forum in which the district sits. *Barjon v. Dalton*, 132 F.3d

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE AWARDS (No. 3:15-cv-05307-RBL) 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

496, 500–01 (9th Cir. 1997). Courts in the Western District of Washington have regularly approved rates of Keller Rohrback attorneys. Joint Decl. ¶ 108, and Zimmerman Reed's rates are similar to Keller Rohrback rates. See Joint Decl., Exs. 2B, 3B. District courts have also awarded fees to Zimmerman Reed based on the firm's then-current rates in TCPA cases. *See Soular v. N. Tier Energy L.P.*, No. 15-cv-00556 (D. Minn. July 28, 2017); *In re: Life Time Fitness Inc. TCPA Litig.*, No. 14-md-2564, 2015 WL 7737335 (D. Minn. Dec. 1, 2015), *aff'd*, 847 F.3d 619 (8th Cir. 2017). Additionally, Class Counsel's rates are on a par with, or even below, other plaintiffs' firms performing similar work. Joint Decl. ¶ 110. Class Counsel's rates are also comparable to those of the defense firms, DLA Piper and Cooley, which defended this class action. *Id.* ¶ 111. The rates are reasonable.

### 3.       Class Counsel's Fee Request Is Reasonable.

After examining the time and labor required, the Court may apply a multiplier to the lodestar in accordance with certain factors, including:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Here, the $1,744,735.01 that Class Counsel request in attorneys' fees represents only 32% of their $5,445,674.71 in lodestar, resulting in a **fractional** multiplier of about a third. As such, the Court need not analyze the above factors. Nevertheless, the above factors confirm that Class Counsel's fee request, which is a significant discount on their lodestar in the case, is reasonable.

### a.       The Benefits to the Settlement Class Support the Award.

The Settlement provides substantial benefits to the Settlement Class. First, the Settlement creates a common fund of $23,096,820.00. "Altogether, Papa Murphy's agrees to the creation of

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE AWARDS (No. 3:15-cv-05307-RBL) 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  a common fund, the total potential value of which equals $23,096,820.00, of which

2  $11,778,410.00 in vouchers, claim administration costs, and plaintiff service awards is

3  guaranteed to the class regardless of the claims process." ECF No. 212-1 (Settlement

4  Agreement) at 69-70. In addition to these payments, Defendants agreed to make available

5  $11,318,410 from which every class member who returns a valid claim form will receive $10.00

6  in cash. *Id.* Defendants also agreed to pay all claims administration costs ($400,000). This is also

7  a benefit to the Settlement Class, as the claim administration costs do not come out of the

8  common fund made available to the Settlement Class.  In addition to these benefits, this litigation

9  resulted in Defendants shutting down their previous non-compliant text program. See ECF 198 at

10  8. The results obtained by Class Counsel in this case support the award requested.

11         **b.**     **Time and Labor Required Support the Award.**

12        The hours Class Counsel expended were reasonably spent, especially given the high-

13  stakes, high-risk nature of this litigation and the excellent results obtained. Joint Decl. ¶ 92, Exs.

14  2A-C, 3A-C. In total, Class Counsel expended 10,496.95 hours litigating and settling this case.[3]

15  This includes time spent on the following: (1) investigating the facts and drafting a complaint

16  and an amended complaint; (2) researching and drafting three oppositions to summary judgment

17  motions; (3) reviewing a million pages of documents; (4) opposing Defendants' three motions to

18  stay the case; (5) researching and filing an opposition and a petition for reconsideration with the

19  FCC; (6) taking and defending ten depositions; (7) engaging in multiple meet and confers with

20  Defendants and third-parties and filing two motions to compel against Defendants and third-

21  parties; (8) researching and drafting a motion for class certification, with three expert

22  declarations; (9) consulting with experts, and serving three expert reports on Defendants; (10)

23  conducting witness interviews; (12) negotiating a comprehensive Settlement Agreement after

24  arm's-length negotiations; (11) moving for preliminary approval of the Settlement; (13) drafting

25

26  ---

[3] The number of hours worked was made necessary, in part, by Defendants' litigation tactics. They declined an early attempt to mediate before commencement of full-blown discovery, filed three summary judgment motions and three motions to stay, and resisted providing discovery throughout the case. *See* Joint Decl. V.A, C, & E.

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) 8

the Class Notice materials; and (14) responding to inquiries of class members concerning the Class Notices, the Settlement, and this litigation. *See id.* V.A-G. And Class Counsel's work is not yet done, as they still need to complete the final approval process, respond to any potential objections, and handle any possible appeal. *Id.* ¶ 89. The hourly rates Class Counsel charged to perform this work are "prevailing market rates" for similar services by lawyers of "reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, 895 n.11 (1984). The reasonableness of these rates is evidenced by other cases approving similar rates. *United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Class Counsel recently submitted fee petitions in other consumer protection cases in which they reported hourly rates at amounts comparable to those sought herein, and the court approved the fee award. Joint Decl. ¶ 109; *see* Part IV.A.2 *supra*.

### c. The Novelty and Difficulty of the Questions Involved and the Use of Requisite Legal Skill Support the Award.

This was not a formulaic TCPA case; indeed, Class Counsel was at the forefront of litigating cutting edge legal issues in a rapidly developing and unsettled area of consumer protection law. This Court witnessed this in deciding the parties' motions on standing in light of the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), the definition of "autodialer," and the constitutional relationship between an FCC waiver order and federal court jurisdiction. Joint Decl. ¶ 23, 26, 27, 30, 31 (novel issues). This action demanded a high degree of legal skill, both to settle the matter and to be prepared to litigate the issues through trial.

### d. The Preclusion of Other Employment Supports the Award.

Although Class Counsel offered to mediate at an early stage, the case was prosecuted for three years, through discovery, class certification, and three summary judgment motions. *Id.* V.A-F. After the parties engaged in a one-day mediation, Class Counsel devoted time to contentious Settlement negotiations which took four months. *Id.* V.G. Over the course of the last three-plus years, this litigation precluded Class Counsel from engaging in other profitable work.

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE AWARDS (No. 3:15-cv-05307-RBL) 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

e.      **The Customary Fee Supports the Award.**

Plaintiffs are requesting a fraction of the customary fee. This supports approval of the Motion. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002) (approving multiplier of 3.65 and citing a survey indicating that most multipliers range from 1.0–4.0).

f.      **The Contingent Nature of this Case Supports the Award.**

From the outset, Class Counsel litigated this matter on a contingent basis and placed at risk their own time and money to do so. Absent this Settlement, the Settlement Class and Class Counsel risked obtaining no recovery at all. The contingent nature of this case therefore favors the award of fees. *See In re Infospace, Inc. Sec. Litig.*, 330 F. Supp. 2d 1203, 1216 (W.D. Wash. 2004) (awarding 3.5 multiplier to account for "counsel's risk of nonpayment").

g.      **Class Counsel's Experience and Reputation Support the Award.**

Class Counsel has significant experience with class action litigation and specifically TCPA claims and has developed a well-regarded reputation for such work. Joint Decl. ¶ 86 (firm resumes). Defense counsel are also highly respected and experienced.[4] Given this formidable opposition, a high level of experience and skill were required for success.[5]

h.      **Awards in Similar Cases Support the Award.**

The fee award in this case (equivalent of 7.5% of the common fund) falls within the range of, even below, other fees awarded in similar TCPA cases. *See, e.g.*, *In re Life Time Fitness*, 847 F.3d 619 (upholding an award of fees equal to 28% of the settlement fund); *Robles v. Lucky Brand Dungarees, Inc.*, No. 10-cv-04846 MMC HRL (N.D. Cal. May 10, 2013) (awarding fees equal to 24% of the settlement fund); *Kramer v. Autobytel Inc.*, No. 10-cv-02722-CW (N.D. Cal. Jan. 27, 2012) (awarding fees equal to 25% of the settlement fund).

---

[4] *See, e.g.*, DLA Piper has more than 100 class action litigators throughout the US who regularly defend many of the world's leading corporations against putative class actions. https://www.dlapiper.com/en/us/services/litigation-arbitration-and-investigations/class-actions/.

[5] *See In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) (Class counsel "have been up against established and skillful defense lawyers, and should be compensated accordingly.").

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE AWARDS (No. 3:15-cv-05307-RBL) 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**B.      The Requested Fees Are Reasonable Under the Percentage-of-the-Fund Method.**

Courts in the Ninth Circuit may choose to cross-check a fee request by evaluating it in relation to settlement benefits to the class. *See Wing*, 114 F.3d at 990. The calculation of the percentage of attorneys' fees must be based on the total amount made available to, rather than the amount actually claimed by, the Class Members. *See Hartless v. Clorox Co.*, 273 F.R.D. 630, 634 n.3 (S.D. Cal. 2011), *aff'd in part*, 473 F. App'x 716 (9th Cir. 2012) ("Under Ninth Circuit law, it is an abuse of discretion to base the percentage recovery on the amount of claimed funds rather than the entire settlement fund."); *see also Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997). The Ninth Circuit benchmark for a reasonable fee award is 25% of the money that is made available to the class. *In re Bluetooth*, 654 F.3d at 942; *see also Williams; Bendixen v. Sprint Commc'ns Co. L.P.*, No. 11-CV-05274-RBL, 2013 WL 2949569, at *2 (W.D. Wash. June 14, 2013) (J. Leighton). Here, Papa Murphy's agreed to the creation of "a common fund, the total potential value of which equals $23,096,820." ECF No. 212-1 at 69. The benefit to the Settlement Class includes the monetary value of $11,318,410 in vouchers[6] and $11,318,410 in cash. Plaintiffs' request of a total $1,744,735.01 in attorneys' fees (a total of $2,050,000 with costs) represent an equivalent of just 7.5% of the common fund, which is far below the Ninth Circuit's benchmark of 25%. *In re Bluetooth*, 654 F.3d at 942. Even if the Court were to consider only the cash portion of the Settlement for purposes of determining the reasonableness of the fee award, Class Counsel's request represents just 14.8% of the benefit made available to the Class.[7]

Despite the fact that Defendants *agreed* to pay the amount of "up to" $2,050,000 in fees and costs, they also should have known that Plaintiffs would seek fees based on the amount of the common fund. Thus, Defendants had "some responsibility to negotiate at the outset for a

---

[6] The value of any vouchers is part of the benefit made available to the class. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949–50 (9th Cir. 2015) ($12 Walmart gift cards).

[7] The fee request of $1,744,735.01 represents 14.8% of $11,778,410 ($11,318,410 of cash made available to the class + $60,000 in Service Awards to Named Plaintiffs + $400,000 in administration costs).

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

smaller" fee amount if that is what they wanted to pay. *Williams*, 129 F.3d at 1027.[8]

## V.    THE COURT SHOULD AWARD THE REQUESTED COSTS AND EXPENSES.

This Court may award reasonable costs and expenses authorized by the parties' agreement. Fed. R. Civ. P. 23(h). Trial courts may determine what is reasonable based on an objective standard of reasonableness, *i.e.*, the prevailing market value of services rendered. *Blum*, 465 U.S. at 895. Here, Class Counsel incurred common and routinely reimbursable litigation costs in the amount of $305,264.99. Joint Decl. ¶¶ 115-124 Exs. 4, 5. Class Counsel agreed to an amount of $2,050,000 inclusive of costs. This request is reasonable and should be approved. *In re: Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007) (finding costs such as those here necessary in class litigation).

## VI.    THE COURT SHOULD MAKE THE REQUESTED SERVICE AWARDS.

Class Counsel respectfully requests that the Court approve an award of $15,000 for each of the Named Plaintiffs. These stipends do not reduce the benefits to the Settlement Class. *See* Settlement Agreement § VIII. It is well-recognized that named plaintiffs are eligible for service award payments to compensate them for their time, effort, and inconvenience. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Here, the Named Plaintiffs made substantial contributions to the litigation, including: collecting and producing documents; maintaining regular contact with Class Counsel; reviewing and approving the Complaint; traveling, preparing, and sitting for depositions; and involving themselves in the settlement of this litigation. Joint Decl. ¶125. These actions provided great benefit to the members of the Settlement Class, and thus the requested awards to Named Plaintiffs are appropriate.[9]

---

[8] While there was no clear sailing provision in the Settlement Agreement, it is because such provisions are "disfavored" in the Ninth Circuit and are seen as evidence of "collusion." *In re Bluetooth*, 654 F.3d at 949. The fact that there is no such provision in the Settlement Agreement should indicate an absence of collusion not that the requested award of fees and costs is anything but reasonable.

[9] *See, e.g.*, *R.H. v. Premera Blue Cross*, No. 13-97, 2014 WL 3867617, at *3 (W.D. Wash. Aug. 6, 2014) (incentive award of $25,000 each to four plaintiffs was reasonable) (approved on final approval July 10, 2015, ECF No. 95); *Meyer v. Am. Family Mut. Ins. Co.*, No. 14-5305, 2016 WL 5930286, at *2 (W.D. Wash. June 3, 2016) (J. Leighton) ($7,500 to each class representative was approved).

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE AWARDS (No. 3:15-cv-05307-RBL) 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

VII.   CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that the Court grant Plaintiffs' motion for an award of attorneys' fees, reimbursement of costs, and Service Awards for the Named Plaintiffs. A proposed order granting the relief sought herein and proposing Findings of Fact and Conclusions of Law is attached to this motion.

DATED this 12th day of July, 2018.

KELLER ROHRBACK L.L.P.


By *s/Mark A. Griffin*
   Mark A. Griffin, WSBA #16296
   Karin B. Swope, WSBA #24015
   1201 Third Avenue, Suite 3200
   Seattle, WA  98101
   Tel: (206) 623-1900
   Fax: (206) 623-3384
   mgriffin@kellerrohrback.com
   kswope@kellerrohrback.com

   ZIMMERMAN REED, LLP
   June P. Hoidal (*Pro Hac Vice*)
   1100 IDS Center
   80 South 8th Street
   Minneapolis, MN  55402
   Tel: (612) 341-0400
   Fax: (612) 341-0844
   June.Hoidal@zimmreed.com


   *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) 13

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/Mark A. Griffin*
Mark A. Griffin, WSBA #16296

PLAINTIFFS' MOTION AND MEMORANDUM FOR AWARD OF
ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE
AWARDS (No. 3:15-cv-05307-RBL) 14

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384