HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LENNARTSON, et al.,

               Plaintiffs,

     v.

PAPA MURPHY'S INTERNATIONAL
LLC,

               Defendant.

CASE NO. C15-5307 RBL

ORDER ON MOTION FOR
ATTORNEYS' FEES AND COSTS

THIS MATTER is before the Court on Plaintiff Lennartson's Motion for Attorneys' Fees

and Payment of Service Awards to Named Plaintiffs [Dkt. # 216]. The class seeks $2,050,000 in

fees (and costs)[1], which it claims is both far less than the lodestar amount (hours times rates) than

it spent on the case (more than $5,400,000), and far less than the class action "benchmark" of

25% of the "common fund" created by the settlement, which it claims is over $23,000,000. The

class also claims that the parties negotiated the fee, an additional factor supporting its

reasonableness.

Papa Murphy's disputes each point. It argues the parties agreed on a *maximum* fee, not

that the maximum was reasonable. It claims it defended the entire case for less (around $1.4

---

[1] The class seeks $1,744,735 in fees and in $305,265 costs.

million) than the requested lodestar fee. It argues and demonstrates that the fee sought is likely to exceed the benefits that will realistically go to the class, and that there is no "common fund" because the settlement is strictly on a "claims-made" basis. Papa Murphy's will not set aside any money for potential claims, place any funds in escrow, or pay out cash. In such cases, Papa Murphy's claims, the lodestar is the correct point from which to measure a reasonable fee, in light of the benefit to the class.

Papa Murphy's argues that even the reduced claimed fee is excessive. The class seeks fees for more than twenty billers, working more than 10,000 hours over three years, at rates from $225 to $995 per hour. But it never brought or prevailed on a liability motion. And Papa Murphy's claims it did more work (and more successful work) than did the class attorneys, for far less.

The initial step in determining a reasonable fee is to calculate the lodestar figure, by taking the number of hours reasonably expended on the litigation and multiplying it by the appropriate hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court should exclude overstaffed, redundant, or unnecessary time. *Id.* at 434. The Court must also consider the extent of Plaintiffs' success, as that is a "crucial factor" in determining an appropriate award. *Id.* at 440.

After determining the lodestar figure, the court should then determine whether to adjust the lodestar figure up or down, based on factors not subsumed in the lodestar figure. These factors[2] were adopted in this Circuit by *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70

---

[2] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation,

(9th Cir. 1975) *cert. denied*, 425 U.S. 951 (1976). The applicability of the sixth (whether the fee is fixed or contingent) and tenth (the "undesirability" of the case) *Kerr* factors is doubtful after *City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (fixed vs. contingent nature of fee should not be considered). Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900 (1984).

The court agrees that the $23,000,000 potential total value of the settlement is not a common fund, and the reasonableness of the fee should not be measured against that amount. The question is whether a roughly $1.8 million fee is reasonable in light of the effort it took to settle this case on the terms that the parties agreed upon.

Twenty billers is an eyebrow-raising number of attorneys, even if the settlement actually approached $23 million. More importantly, Papa Murphy's persuasively argues that, based on the redemption rate so far, the "benefit to the class" is quite unlikely to approach that amount: each class member got two $5 vouchers that are not worth anything unless and until they are redeemed at Papa Murphy's. Including the agreed-upon $400,000 administrative fee, the "class benefit" is likely to be less than $1,000,000.

//

//

//

---

and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

1    For each of these reasons, the Court agrees that a downward adjustment is appropriate.

2   The Court will award **$1,850,000** in fees and costs. The requested Named Plaintiff Service

3   Awards ($15,000 each) are not opposed, and are awarded as well.

4       IT IS SO ORDERED.

5       Dated this 6th day of September, 2018.

6

7       _____
        Ronald B. Leighton
8       United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24