HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LENNARTSON, RITA ANDREWS, CASSIE ASLESON, and SUSAN SHAY NOHR, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

PAPA MURPHY'S HOLDINGS, INC.; and PAPA MURPHY'S INTERNATIONAL, L.L.C.,

Defendants.

No. 3:15-cv-05307-RBL

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT**

Noted for Consideration:
**September 21, 2018**

Hearing Date:
**September 28, 2018 at 1:30 pm**

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND.......................................... 2

III. SUMMARY OF PROPOSED SETTLEMENT.................................................. 2

IV. THE COURT SHOULD GRANT FINAL APPROVAL. ................................... 3

    A. The Settlement Meets the Judicial Standards for Final Approval. ........................................................................................ 3

        1. The settlement is the result of arm's-length negotiation...................................................................... 4

        3. The amount offered in settlement supports approval.................... 5

        4. The extent of discovery and stage of the proceedings support approval. ....................................................... 6

        5. The experience and views of counsel support approval................................................................................ 6

    B. Certification of the Settlement Class Is Appropriate Under Rule 23. ................................................................................................ 10

    C. The Class Members Received the Best Notice Practicable. ................... 11

V. CONCLUSION................................................................................................ 12

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) i

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF AUTHORITIES

**Cases**

*Adams v. AllianceOne Receivables Mgmt., Inc.*,
   No. 08-00248 (S.D. Cal. July 30, 2012) ..................................................................12

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ..............................................................................3, 4

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ...................................................................................3

*Clark v. Payless Shoesource, Inc.*,
   09-cv-915-JCC (W.D. Wash. July 27, 2012) ...........................................................5

*Fraley v. Facebook, Inc.*,
   No. 11-cv-1726 (N.D. Cal. 2013) ..........................................................................12

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .........................................................................3, 4, 6

*Hooker v. Sirius XM Radio*,
   No. 4:13-cv-00003 (E.D. Va. Dec. 22, 2016) ..........................................................9

*In re Jiffy Lube Int'l, Inc. Text Spam Litig.*,
   No. 11-md-2261 (S.D. Cal. 2012) ........................................................................5, 9

*Lambert v. Buth-Na-Bodhaige, Inc.*,
   No. 14-00514, 2015 WL 8527079 (E.D. Cal. Sept. 26, 2015) ..................................9

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) .........................................................................5, 7

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
   688 F.2d 615 (9th Cir. 1982) ...................................................................................5

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) ...................................................................................3

*Pelletz v. Weyerhaeuser Co.*,
   255 F.R.D. 537 (W.D. Wash. 2009) .........................................................................7

*Rikos v. Proctor & Gamble Co.*,
   No. 1:11-cv-00226 (S.D. Ohio Apr. 9, 2018) ..........................................................9

*Roberts v. Electrolux Home Prod. Inc.*,
   No. CV13-2339, 2014 WL 4568632 (C.D. Cal. Sept. 11, 2014) .............................9

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) ii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Spillman v. RPM Pizza, LLC*,
 No. CIV.A. 10-349-BAJ, 2013 WL 2286076 (M.D. La. May 23, 2013) ................................12

*Torrisi v. Tucson Elec. Power Co.*,
 8 F.3d 1370 (9th Cir. 1993) ..............................................................................................3, 6

*Van Bronkhorst v. Safeco Corp.*,
 529 F.2d 943 (9th Cir. 1976) ................................................................................................3

**Statutes**

47 U.S.C. § 227(b)(1)(A)(iii) .........................................................................................................4

Federal Class Action Fairness Act, 28 U.S.C. § 1715 ...................................................................7

Telephone Consumer Protection Act ..................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23................................................................................................................1, 10, 12

Fed. R. Civ. P. 23(c)(2)(B) ...........................................................................................................11

Fed. R. Civ. P. 23(e) .......................................................................................................................1

Fed. R. Civ. P. 23(e)(2)...................................................................................................................3

Fed. R. Civ. P. 23(e)(5)...................................................................................................................9

*Manual for Complex Litigation* § 21.61 (4th ed. 2004) ................................................................3

*Newberg on Class Actions* § 13:45 (5th ed.) ................................................................................4

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) iii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 23(e), Plaintiffs and Class Representatives John Lennartson, Rita Andrews, Cassie Asleson, and Susan Shay Nohr ("Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully request that the Court grant final approval of the Settlement in this case. Specifically, Plaintiffs request that the Court: (1) determine that the notice provided to the Settlement Class was adequate; (2) determine that the Settlement Class meets the requirements of Rule 23 and should be finally certified as a class for purposes of effectuating the Settlement; (3) approve the class action Settlement reached with Defendants Papa Murphy's Holdings, Inc. and Papa Murphy's International, L.L.C. ("Defendants") as fair, reasonable, and adequate for the certified Settlement Class; and (4) enter the proposed Final Order Approving Class Action Settlement filed contemporaneously with this Motion.

On May 16, 2018, this Court entered an order conditionally certifying a Settlement Class, preliminarily approving the proposed Settlement, and approving the parties' proposed class notice and notice plan. ECF No. 215 (Preliminary Approval Order). The Settlement is a result of heavily disputed litigation and provides a value that reflects the vigor of both the prosecution and the defense of the case. The Settlement, which provides for a total potential benefit of $22,636,820, is fair, adequate, reasonable, compares well with other recent Telephone Consumer Protection Act ("TCPA") settlements, and is in the best interest of the Settlement Class. Each claimant stands to receive a benefit with a value of up to $20, exceeding per-class member awards approved in similar cases.

The deadline to object, opt out, and file claims has now passed. Only four individuals timely submitted objections to the Settlement, none of which were submitted properly so as to be valid. An additional untimely objection was also received—from a non-Class Member without standing to object.

The parties have complied with all of the notice and procedural requirements of Rule 23(e) and this Court's Preliminary Approval Order. A balancing of the relevant factors

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

demonstrates that the Settlement Agreement is fair, reasonable, and adequate. There is no evidence of any fraud, overreaching, or collusion between the settling parties. For these reasons, Plaintiffs respectfully request that the Court enter the proposed Final Order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The background of this dispute and the investigation and negotiations that led to and preceded the filing of this lawsuit and the Settlement Agreement are fully set forth in Plaintiffs' Motion for Preliminary Approval of the Settlement, *see* ECF No. 211 at 1–4, as well as Plaintiffs' Motion for an Award of Attorneys' Fees, *see* ECF No. 216 at 2–4, and are incorporated herein.

## III. SUMMARY OF PROPOSED SETTLEMENT

The specific terms of the proposed Settlement are contained in the Settlement Agreement. ECF No. 212-1 at Ex. 5. The Settlement Agreement provides for a Settlement Class, which includes "all persons or entities in the United States and its Territories who received one or more text message advertisements from or on behalf of Papa Murphy's between October 16, 2013 and June 15, 2015." *Id.* ¶ 2.15. This Court conditionally certified the Settlement Class for purposes of effectuating the Settlement Agreement on May 16, 2018. ECF No. 215 ¶ 4.

The Settlement Agreement requires Defendants to provide to the Class cash awards and merchandise vouchers with a potential value totaling $22,636,820. Two $5.00 vouchers (totaling $10.00) were automatically provided to all Class Members with the Notice, without the need to submit a claim; the collective value of these vouchers is $11,318,410 and is a guaranteed benefit the Class has already received. Each Class Member who submitted a valid claim form will receive a further $10.00 in cash. Plaintiffs and Settlement Class Members agree to release Defendants from all claims based upon the transmission of text messages during the period between October 16, 2013 and June 15, 2015. Defendants also agreed to pay class notice and administration costs as well as a service award to each named Class Representative and attorneys' fees and costs, as approved by the Court. *See* ECF No. 223 (order on motion for

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

attorneys' fees and costs).

## IV. THE COURT SHOULD GRANT FINAL APPROVAL.

### A. The Settlement Meets the Judicial Standards for Final Approval.

Final approval of a proposed class action settlement may be granted where it is established that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). A settlement is fair, reasonable, adequate, and merits final approval when the "interests of the class are better served by the settlement than by further litigation." *Manual for Complex Litigation* § 21.61 (4th ed. 2004). Courts have broad discretion in determining whether to approve a proposed settlement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015) (appellate review is "extremely limited"). When examining the fairness of a settlement, courts must consider the settlement as a whole, rather than its individual component parts. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The law and public interest favor settlement, particularly so when a class action is involved. *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

The factors that courts consider when assessing the fairness of a settlement vary according to the particulars of each case, but aspects that courts often weigh include some or all of the following: whether the settlement is a result of arm's-length negotiations or collusion; the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–947 (9th Cir. 2011); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The list is not exclusive, and individual factors may carry differing—and occasionally even dispositive— weight and importance in varying contexts. *Torrisi*, 8 F.3d at 1376 ("Here one factor

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

predominates to make clear that the district court acted within its discretion."). These factors, as applied to the case at bar, support approval of the Settlement.

### 1. The settlement is the result of arm's-length negotiation.

When evaluating the fairness of a settlement, courts consider the existence of evidence, if any, suggesting that the settlement is the product of fraud or collusion. This is particularly important when the settlement agreement is negotiated prior to formal class certification. *In re Bluetooth*, 654 F.3d at 946–47. The Settlement here is the result of intensive, "arm's-length negotiation, untainted by collusion," and is therefore entitled to a presumption of fairness. *Newberg on Class Actions* § 13:45 (5th ed.). Plaintiffs and Defendants participated in a full day of mediation on December 11, 2017, with experienced complex litigation attorney and mediator Janissa Strabuk. Even then, the parties did not come to an agreement. It was only after continuous, extensive negotiations in the following months with the assistance of Ms. Strabuk that the parties were able to fully agree to the Settlement. *See* ECF No. 217 (Joint Decl.) ¶¶ 79–84. There is no evidence to suggest that the Settlement is the product of fraud or collusion. The Settlement is presumptively fair. The parties also engaged in lengthy discovery which enabled each to have a thorough understanding of the strengths and weaknesses of the other's case. Because there is "no evidence to suggest that the settlement was negotiated in haste or in the absence of information," the Settlement should not be disturbed. *Hanlon*, 150 F.3d at 1027.

### 2. The strength of Plaintiffs' case and risk and expense of continued litigation support approval.

Plaintiffs continue to believe they have a strong case, as evidenced by withstanding a

Plaintiffs continue to believe they have a strong case, as evidenced by withstanding a motion for summary judgment, and having briefed both a dispositive motion and class certification at the time the case settled. Nevertheless, Plaintiffs recognize that continued litigation would involve significant expense and carry the risk that their case could ultimately fail, either at trial or on a subsequent appeal. The parties continue to dispute matters central to the case, such as whether Defendants impermissibly used an "autodialer" to transmit the

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

messages at issue. The TCPA regulates the sending of texts only if, among other criteria, the texts were sent using an autodialer. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Whether the technology used by Defendants constitutes an autodialer is an area of changing law, and a continuing point of contention. Another continuing dispute is whether the Settlement Class Members gave express written consent to receive such messages. Finally, the parties dispute whether the waiver Defendants obtained from the FCC may be applied to this case to limit liability.

The past and ongoing costs of this dispute were weighed when considering the risk of loss after several years of litigation, particularly when bearing in mind the costs of trial. A further complicating factor is the ever-changing landscape of TCPA caselaw, which brings great uncertainty of the type that the Settlement is designed to avoid. *See, e.g.*, Allison Grande, *DC Circ. Delivers Relief, But Not Clarity, With TCPA Ruling*, Law360 (March 16, 2018) (analyzing "unanswered" issues regarding TCPA compliance). Finally, there is the important consideration that continued litigation would only delay payment to the Settlement Class.

### 3. The amount offered in settlement supports approval.

The Settlement Agreement in this case provides for a potential value of $20 per claimant, or $22,636,820 in total. Half of that was distributed to the Settlement Class automatically (i.e., without the need to submit a claim) in the form of vouchers sent with the class notice. This recovery is within the range that courts have traditionally found to be fair and adequate. *See, e.g.*, *Clark v. Payless Shoesource, Inc.*, 09-cv-915-JCC, Dkt.[1] 72 at 3 (W.D. Wash. July 27, 2012) (approving TCPA settlement where class members received $10 merchandise certificate); *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, No. 11-md-2261, Dkt. 76-2 at 4 & 97 at 3 (S.D. Cal. 2012) (approving TCPA settlement of a $17.29 merchandise certificate or $12.97 in cash for each class member). It is "well-settled law that a settlement may be acceptable even though it amounts to only a fraction" of the maximum potential recovery. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004). Courts are to judge proposed settlements on their

---

[1] "Dkt." herein refers to docket entries in the referenced cases, not docket entries in the case at bar.

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

own merits, not "against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). When considering the fairness of a settlement amount, courts take into account the ability of a defendant to withstand judgment. *Torrisi*, 8 F.3d at 1376 (finding defendant's financial condition on its own enough to make clear that settlement was fair). "The reality of the situation [is] that the settlement [has] to be negotiated based upon assets which could be called upon to fund it." *Id.* at 1376. Here, Defendants' financial condition favors finding the settlement amount approvable.[2] The limited potential upside for Plaintiffs of litigating the case to trial—and the remaining possibility that Defendants would defeat liability and leave Plaintiffs with no recovery—supports a finding that the settlement amount is fair.

### 4. The extent of discovery and stage of the proceedings support approval.

This case is procedurally advanced, with the parties having completed fact discovery, and settling one month prior to trial commencing. Defendants produced 167,768 documents containing 1,101,765 pages in discovery. ECF No. 217 (Joint Decl.) at 10. Class Counsel defended four depositions of Plaintiffs, while taking four depositions of Defendants. *Id.* at 11. Plaintiffs also conducted third-party discovery, serving 14 subpoenas, engaging in numerous meet and confers and negotiations, and filing motions to compel production and inspection. *Id.* at 12–14. Third-parties produced 21,876 documents, *id.* at 10, which Class Counsel reviewed and analyzed. Plaintiffs also spent significant time preparing four expert reports along with briefing class certification and summary judgment motions. At the time this case settled, a summary judgment and class certification motion were fully briefed and pending. This factor weighs in favor of approving the settlement.

### 5. The experience and views of counsel support approval.

When assessing the fairness of a proposed settlement, a court must consider the views

---

[2] *See, e.g.*, Will Harmon, *Is Papa Murphy's Holdings Inc (FRSH) A Financially Sound Company?*, Simply Wall Street (Sept. 5, 2017), https://simplywall.st/news/is-papa-murphys-holdings-inc-frsh-a-financially-sound-company/ (noting that Papa Murphy's is "a highly leveraged company.").

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and experience of counsel. *Hanlon*, 150 F.3d at 1026. Here, Class Counsel have extensive experience handling class action lawsuits, with particular expertise in TCPA cases. *See* ECF Nos. 212-3 & 212-4 (Class Counsel resumes). Where counsel are qualified and highly experienced, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). After a full investigation into Plaintiffs' claims, and the risks and merits of this case, Class Counsel determined that the settlement is fair, reasonable, and adequate.

**6. The lack of objection from a governmental participant supports approval.**

As required by the federal Class Action Fairness Act, 28 U.S.C. § 1715, the Claims Administrator has notified the U.S. Attorney General and attorneys general in all fifty states, the District of Columbia, and the United States Territories of the Settlement. Cunningham Decl. ¶ 7.[3] No governmental entity has objected to the settlement or sought to intervene.

**7. The Class Members' reaction to the proposed settlement supports approval.**

The reaction of the Class Members is a factor for consideration when determining whether to approve a class action settlement. *See, e.g.*, *DIRECTV*, 221 F.R.D. at 528. The settlement treats all Class Members equally and fairly. Each Class Member had an opportunity to make a claim through a simple and efficient claims process. Out of 1,131,841 Settlement Class members, only four Settlement Class member attempted to opt out, and only five attempted to object. *See* Cunningham Decl. ¶¶ 9, 18, 19. In contrast, 7,711 Settlement Class members submitted a claim for a cash payment. Additionally, each class notice included $10 in vouchers to be used for Papa Murphy's products—this benefit was distributed automatically without the need to submit a claim and constitutes a cash equivalent. This positive reaction from the Settlement Class weighs in favor of settlement approval. The objections, all of which are procedurally and substantively deficient and one of which is from a non-Class Member (*id.* ¶

---

[3] "Cunningham Decl." refers to the Declaration of Tim Cunningham, of CPT Group, Claims Administrator in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, filed contemporaneously herewith.

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

19), are considered in turn. *See id.*, Ex. G (copies of objection requests).

**Erik Guttormsen** is an attorney who emailed a message to the Claims Administrator from which it is unclear whether he is attempting to object or opt out. Mr. Guttormsen argues that Class Members are receiving too much compensation for what he says is minimal harm caused by Defendants. He also argues that those receiving texts from Defendants likely asked to receive them. He asks for Papa Murphy's to keep his class relief. Emailing the Claims Administrator is not a valid method of objecting. *See* ECF No. 212-1 at Ex. 3 thereto (Long Form Notice) at 7–8 (requiring objections to be sent to the Court, filed with the Clerk, and served on Class Counsel). To the extent this objection is considered, it misstates the nature and basis of the harms in this case and supports the fact that the Settlement provides benefits to the Class. The objection should be overruled.

**Steve John Ford** emailed the Claims Administrator to explain—not that the Settlement is unfair or unreasonable—but that he asked to receive messages from Defendants, has not heard of Defendants sending messages to those who did not ask to receive them, and thinks Defendants provide instructions on how to stop receiving messages. Emailing the Claims Administrator is not a valid method of objecting. Further, Mr. Ford's personal experience with Defendants' text program is not the legal basis for whether express written consent was offered by Defendants. The objection misstates the nature and basis of the harms in this case and should be overruled.

**Jennifer Manzella** emailed the Claims Administrator to argue that she asked to receive the messages from Defendants and to offer a suggestion for how other Class Members can avoid the text messages—not that the Settlement is unfair or unreasonable. Emailing the Claims Administrator is not a valid method of objecting. Ms. Manzella's own interactions with Defendants' text message program are not the legal basis for determining whether express written consent was offered by Defendants. The objection misstates the nature and basis of the harms in this case and should be overruled.

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Nathan Street** emailed Plaintiffs' Counsel, describing various ways Defendants have harmed him and stating that $10 is not enough. Emailing counsel is not a valid method of objecting. As to whether $10 is sufficient, the total value provided to Mr. Street from the Settlement is $20, not $10, as he also automatically received $10 in vouchers. The Settlement amount is also in line with other TCPA settlements. *See, e.g.*, *In re Jiffy Lube*, Dkt. 76-2 at 4 & 97 at 3 (approving TCPA settlement of a $17.29 merchandise certificate or $12.97 in cash for each class member); *see also Lambert v. Buth-Na-Bodhaige, Inc.*, No. 14-00514, 2015 WL 8527079 (E.D. Cal. Sept. 26, 2015) (approving a TCPA settlement of a $25 gift card for each class member). The objection should be overruled.

Finally, **Patrick Sweeney**, an attorney, is a serial objector. *See* https://www.serialobjector.com/persons/115. Significantly, Mr. Sweeney is **not a Class Member.** Cunningham Decl. ¶ 19. Thus, he lacks standing to object. *See* Fed. R. Civ. P. 23(e)(5) ("Any *class member* may object" (emphasis added)). This is in line with Mr. Sweeney's history of objections. *See, e.g.*, *Hooker v. Sirius XM Radio*, No. 4:13-cv-00003, Dkt. 209 at 6 (E.D. Va. Dec. 22, 2016) (striking Mr. Sweeney's objection because he did not follow filing requirements and was not a class member); *Rikos v. Proctor & Gamble Co.*, No. 1:11CV00226, Dkt. 177-1 at 5–7 (S.D. Ohio Apr. 9, 2018) (detailing ten instances when Mr. Sweeney's standing to object was questioned). The objection should be struck. Courts in this Circuit who have considered Mr. Sweeney's objections have found they "are not made for the purpose of benefitting the Class [and] are meritless in all respects," and that his status as a serial objector "raises additional issues as to the legitimacy of the objection." *Roberts v. Electrolux Home Prod. Inc.*, No. CV13-2339, 2014 WL 4568632, at *12 (C.D. Cal. Sept. 11, 2014).

Substantively, Mr. Sweeney's objections are recycled, boilerplate protestations which have been routinely overruled by other courts. *See, e.g.*, *Hooker*, Dkt. 189 and 209. **First**, Mr. Sweeney suggests withholding a portion of Class Counsel's attorneys' fees until the entire distribution process is complete. As Mr. Sweeney admits, this is not the usual procedure, nor

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

should it be. The parties have agreed upon a reliable Claims Administrator, and Mr. Sweeney has provided no evidence that the Administrator is incapable of distributing the benefits. Under the Settlement, the Court already retains jurisdiction over the parties for the purpose of supervising disbursements. ECF No. 212-1 ¶ 16.3. **Second**, Mr. Sweeney alleges there is no timeframe for the administration of the monetary benefit. This is false and exemplifies the boilerplate protestations for which Mr. Sweeney is known. Paragraphs 8.1(b) and 15.2 of the Settlement Agreement (ECF No. 212-1) provide a clear timeframe. For his **third** reason for objecting (that attorneys' fees should be withheld), Mr. Sweeney simply rehashes his first argument. It is no more persuasive the second time. Mr. Sweeney's **fourth** argument is that attorneys' fees should depend upon the relief actually paid to the Class Members. As discussed in Plaintiffs' brief for attorneys' fees, this is contrary to binding precedent. ECF No. 216 at 11. Similarly, Mr. Sweeney's **final** argument is that Plaintiffs' fees should be considered against the number of case docket entries. He offers no support for this suggestion, which contravenes precedent.

Even assuming Mr. Sweeney has standing, which he does not since he is not a Class Member, his objection is untimely and procedurally deficient. He mailed his objection postmarked August 15 to the Court, which the Clerk filed on the case docket on August 20. ECF No. 222. However, objections were required to be *filed* with the Court by August 14. ECF No. 212-1, Ex. 3 thereto (Long Form Notice) at 7–8. Mr. Sweeney also emailed the same to counsel on August 14; objections were to be *served* on counsel by that date. *Id.* Given the objection is untimely and procedurally deficient, Mr. Sweeney has waived any objection that he may have. ECF No. 215 (Preliminary Approval) Order ¶¶ 17–20. The objection should be overruled.

**B.     Certification of the Settlement Class Is Appropriate Under Rule 23.**

Plaintiffs fully set forth in their Motion for Preliminary Approval of Settlement (ECF No. 211) their argument that the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and should be certified as a class for purposes of effectuating the Settlement. Plaintiffs respectfully request that the Court finally certify the Settlement Class based

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 10

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

upon the arguments set forth in that motion, which are incorporated herein.

**C.      The Class Members Received the Best Notice Practicable.**

Rule 23 requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). This Court has already found that: (a) the form of the notice is satisfactory, and (b) the notice program in this case is the best notice practicable under the circumstances. ECF No. 215 (Preliminary Approval Order) at 4–5.

The class notices were drafted by Defendants' counsel and revised by Plaintiffs' counsel. The Long Form Notice (Cunningham Decl., Ex. E) provides information regarding the scope of the Class; the terms and effect of the Settlement; the benefits available to Class Members and the mechanism by which they will be conveyed; the date, time, and place of the Final Approval Hearing; and the procedures and deadlines for opting out of or objecting to the Settlement.

The Claims Administrator sent the Email Notice (*id.*, Ex. D) via email to those Class Members for which Defendants have email addresses, about 18.8% of the Class. *See id.* ¶ 11. Defendants provided the Claims Administrator with phone numbers for the remaining members of the Class, allowing the Claims Administrator to obtain U.S. Mail addresses by using a reverse phone lookup procedure and subsequent skip tracing; the Notice Postcard was mailed to those addresses. *Id.* ¶¶ 9, 11, 14, 15. Both the Email Notice and Notice Postcard directed persons to a settlement website which included information concerning the settlement and claims process, including the Long Form Notice. *Id.* ¶ 3.

Approximately 212,742 members of the Settlement Class were sent individual notice via email and another 705,954 were sent individual notice via postcard. *Id.* ¶ 11. Together, 918,696 out of 1,131,842 individuals on the class list were sent individual notice, or 81.17%. Accounting for undeliverable notices, 888,246 individual notices were sent, or 78.47% of the Class. This is well within the acceptable range. *Id.* ¶ 5. The settlement website also served as a safeguard to provide notice to any Class Member to whom individual notice could not be directed.

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 11

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

To date, the Claims Administrator received a total of 7,711 claims (of which 128 are late and 367 are deficient). *See* Cunningham Decl. ¶ 16. The total claim rate is 0.87%, based on the number of valid claims (*id.* ¶ 17) and the number of deliverable notices sent (*id.* ¶ 5). This is within the range that has been approved for class action settlements in general and TCPA settlements in particular. *See, e.g.*, *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 08-00248, Dkt. 116 at 9–10 (S.D. Cal. July 30, 2012) (claims rate in TCPA class action of 1% approved); *Fraley v. Facebook, Inc.*, No 11-1726, Dkt. 336 at 15 & 352 at 1 (N.D. Cal. 2013) (approving consumer class action settlement wherein approximately 0.41% of class submitted claims); *Spillman v. RPM Pizza, LLC*, No. CIV.A. 10-349-BAJ, 2013 WL 2286076, at *2–3 (M.D. La. May 23, 2013) (approving TCPA settlement with .06% claims rate).

The notice program approved by this Court and implemented by the Claims Administrator has successfully provided notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all parties entitled to such notice, and therefore satisfies the requirements of Fed. R. Civ. P. 23 and due process.

## V. CONCLUSION

The Settlement is fair, reasonable, and adequate, providing substantial benefits to the Class. The Settlement is preferable to the risk of continued litigation. For the foregoing reasons, Plaintiffs respectfully request the Court to enter the proposed Final Order Approving Class Action Settlement in its entirety.

DATED this 6th day of September, 2018.

KELLER ROHRBACK LLP

*/s/ Mark A. Griffin*
Mark A. Griffin, WSBA #16296
Karin B. Swope, WSBA #24015
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
mgriffin@kellerrohrback.com
kswope@kellerrohrback.com

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | |
|---|---|
| 1 | ZIMMERMAN REED LLP |
| 2 | June P. Hoidal (*Pro Hac Vice*) |
|   | Behdad C. Sadeghi (*Pro Hac Vice*) |
| 3 | 1100 IDS Center |
|   | 80 South 8th Street |
| 4 | Minneapolis, MN 55402 |
|   | Tel: (612) 341-0400 |
| 5 | Fax: (612) 341-0844 |
|   | June.Hoidal@zimmreed.com |
| 6 | Behdad.Sadeghi@zimmreed.com |
| 7 | *Attorneys for Plaintiffs* |
ZIMMERMAN REED LLP
June P. Hoidal (*Pro Hac Vice*)
Behdad C. Sadeghi (*Pro Hac Vice*)
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
June.Hoidal@zimmreed.com
Behdad.Sadeghi@zimmreed.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF FINAL APPROVAL OF SETTLEMENT
(15-cv-05307-RBL) 13

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Mark A. Griffin</u><br>
Mark A. Griffin

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT (15-cv-05307-RBL) 14

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384